UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| PERKINS COIE LLP,<br><br>   *Plaintiff*,<br><br>v.<br><br>U.S. DEPARTMENT OF JUSTICE, *et al.*,<br><br>   *Defendants*. | Case No. 1:25-cv-00716 (BAH)<br><br>Judge Beryl A. Howell<br><br>**EXPEDITED CONSIDERATION REQUESTED** |

## MOTION TO CLARIFY TEMPORARY RESTRAINING ORDER

Plaintiff Perkins Coie LLP, by undersigned counsel, moves the Court for an order clarifying this Court's March 12, 2025 Temporary Restraining Order, ECF No. 21 ("Order"), and granting such other relief as necessary, to ensure that all agencies subject to Executive Order 14230 are promptly directed to rescind all pending requests for disclosure of a relationship with Perkins Coie LLP. In support of this motion, plaintiff respectfully states as follows:

1. On March 12, 2025, this Court held a hearing on plaintiff's Motion for a Temporary Restraining Order, ECF No. 2. *See* Mar. 12, 2025 Hearing Transcript ("Tr.").

2. At the hearing, plaintiff's counsel stated that some federal agencies, acting pursuant to Executive Order 14230, had already "reached out to contractors to require them to report by March 20th" whether they have a relationship with Perkins Coie. *Id.* 105:2-4. Plaintiff's counsel requested that all such requests be rescinded, stating, "We just want to make sure that the order goes to all of the agencies, and any actions that have been taken pursuant to those sections of the executive order – they're told to rescind them." *Id.* 105:4-7.

3. Counsel for the government initially took issue with notifying agencies that had not been specifically named as defendants, but after the Court responded that "one of the defendants

is the United States [of] America," *id.* 106:15–107:8, counsel stated that "we have no objection" to language requiring defendants "to immediately instruct all agencies of the federal government to immediately communicate to every recipient of a request for such disclosure [of a relationship with Perkins Coie LLP that] the request is immediately rescinded until further order of the Court," *id.* 109:4-10.

    4.    Later that day, the Court granted plaintiff's Motion for a Temporary Restraining Order and issued the Order.  ECF No. 21.  As relevant to this Motion:

    a.    The Order directed all defendants, including defendant the United States of America, "immediately to (1) communicate to every recipient of a request for disclosure of any relationship with Perkins Coie LLP or any person associated with the firm, made pursuant to Section 3(a) of Executive Order 14230, that such request is rescinded until further order of the Court; and (2) cease making such requests for disclosure, pursuant to Section 3(a) of Executive Order 14230, until further order of the Court." *Id.* at 2 (second paragraph).

    b.    The Order also ordered that "defendants must, in good faith, take such other steps as are necessary to prevent the implementation or enforcement of Sections 1, 3, and 5 of Executive Order 14230 during the effective period of this Order." *Id.* (third paragraph).

    c.    The Order also ordered that "defendants U.S. Department of Justice; Pamela Bondi, in her official capacity as U.S. Attorney General; the Office of Management and Budget; and Russell Vought, in his official capacity as Director of the Office of Management and Budget, must additionally immediately issue guidance to all other

agencies subject to Executive Order 14230 to suspend and rescind any implementation or enforcement of Sections 1, 3, and 5 of the Executive Order." *Id.* (fourth paragraph).

        d.      The Order also ordered that "defendants shall file a status report by Friday, March 14, 2025, describing the steps taken to ensure compliance with this Order and certifying compliance with its requirements." *Id.* at 3 (first paragraph).

5.      On Friday, March 14, 2025, defendants filed a status report describing the steps taken to ensure compliance with the Order. ECF No. 27. It was unclear from the status report whether notification and guidance had been provided to "all other agencies" subject to Executive Order 14230, and what the content of that guidance was. *Id.* at 2, ¶ 3.

6.      On Monday, March 17, 2025, defendants contacted the government to request clarification of whether notification and guidance had been provided to "all other agencies" subject to Executive Order 14230, and what the content of that guidance was.

7.      Earlier today, Tuesday, March 18, 2025, undersigned counsel communicated with counsel for defendants, Mr. Lawson. During an initial call, Mr. Lawson stated that the Office of Management and Budget sent guidance to the other agencies subject to Executive Order 14230 at approximately 11:18 AM today that tracked the language in the fourth paragraph on page 2 of the Order, but that the guidance did not specifically instruct those agencies to comply with the direction in the second paragraph on page 2 of the Order relating to the rescission of disclosure requests, ECF No. 21 at 2 (second paragraph). Mr. Lawson indicated that this instruction was not included because the government had interpreted the second paragraph to apply only to agencies named as defendants, and not to all agencies subject to Executive Order 14230. Mr. Lawson indicated that, if so directed, he could issue such an instruction to the other agencies subject to Executive Order 14230 using the Office of Management and Budget's email distribution list.

8. After undersigned counsel requested that such an instruction be provided to the other agencies, Mr. Lawson called back to inform undersigned counsel that the government would not issue such an instruction to the other agencies subject to Executive Order 14230 absent a further order of the Court.

9. To effectuate the purposes of the Order, plaintiff respectfully requests that this Court issue a further order clarifying that the second paragraph of page 2 of the Order applies to all agencies subject to Executive Order 14230, and ordering counsel for defendants to immediately instruct all such agencies to "(1) communicate to every recipient of a request for disclosure of any relationship with Perkins Coie LLP or any person associated with the firm, made pursuant to Section 3(a) of Executive Order 14230, that such request is rescinded until further order of the Court; and (2) cease making such requests for disclosure, pursuant to Section 3(a) of Executive Order 14230, until further order of the Court." *Id.*

10. Plaintiff respectfully requests expedited consideration of this Motion as some agencies have requested that contractors respond to disclosure requests as soon as Thursday, March 20, 2025. *See* Tr. 105:2-4.

11. At 1:56 PM today, undersigned counsel conferred by telephone with counsel for defendants, Mr. Lawson, to determine whether the government would consent to the relief requested in this Motion. Mr. Lawson stated that he would confer with his colleagues, but that given the time-sensitive nature of this request, plaintiff could proceed to file this Motion without awaiting a response and note that consent had been requested, but that the government has not responded as of the time of filing. The government has not responded further as of the time of filing of this Motion.

4

WHEREFORE, plaintiff respectfully requests that the Court enter an Order

a.  clarifying that the second paragraph of page 2 of the Court's Order of March 12, 2025 applies to all agencies of defendant the United States of America that are subject to Executive Order 14230, not simply those agencies that are specifically named as defendants;

b.  directing counsel for defendants to immediately notify all agencies subject to Executive Order 14230 that such agencies are directed to (1) communicate to every recipient of a request for disclosure of any relationship with Perkins Coie LLP or any person associated with the firm, made pursuant to Section 3(a) of Executive Order 14230, that such request is rescinded until further order of the Court; and (2) cease making such requests for disclosure, pursuant to Section 3(a) of Executive Order 14230, until further order of the Court; and

c.  directing counsel for defendants to file a status report by 4:00 PM on Wednesday, March 19, 2025, describing the steps taken to ensure compliance with the requested order and certifying compliance with its requirements.

A proposed order is attached hereto.

Dated: March 18, 2025                    Respectfully submitted,

**WILLIAMS & CONNOLLY LLP**

By:  */s/ Christopher N. Manning*
     Christopher N. Manning (D.C. Bar #464069)
     680 Maine Avenue, SW
     Washington, DC  20024
     (202) 434-5000

*Counsel for Plaintiff Perkins Coie LLP*