**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **PERKINS COIE LLP,** | |
| *Plaintiff*, | |
| v. | Civil Action No. 1:25-cv-00716-BAH |
| **U.S. DEPARTMENT OF JUSTICE, et al.,** | |
| *Defendants*. | |

**DEFENDANTS' MOTION TO DISQUALIFY
<u>JUDGE BERYL HOWELL</u>**

Fair proceedings free from any suggestion of impartiality are essential to the integrity of our country's judiciary and the need to curtail ongoing improper encroachments of President Trump's Executive Power playing out across the country. In this case, reasonable observers may well view this Court as insufficiently impartial to adjudicate the meritless challenges to President Trump's efforts to implement the agenda that the American people elected him to carry out. In fact, this Court has repeatedly demonstrated partiality against and animus towards the President. Examples include this Court enabling the improper efforts of disgraced former prosecutor Jack Smith despite a readily apparent lack of venue in this District; wrongly suggesting in public that President Trump is an authoritarian; and incorrectly finding that President Trump—the most well-known man on Earth—presents a flight risk where even the prior Administration's Department of Justice had to retract such a suggestion. This Court's comments at the hearing on the meritless motion for a temporary restraining order ("TRO") in this case, including gratuitous and biased references by this Court regarding the investigation of Special Counsel Robert Mueller ("Mueller Report"), confirm that reasonable observers may view this Court as incapable of fairly adjudicating these claims against the Commander-In-Chief.

1

Accordingly, to ensure that these proceedings are free from any suggestion of impartiality, the Defendants move to disqualify this Court under 28 U.S.C. § 455(a). This case involves serious concerns about election integrity, national security, and the past actions of the law firm Perkins Coie LLP. Given the statements made by the Court at the initial hearing in this matter and its out-of-court statements, the Court's impartiality in this case might reasonably be questioned. *See* 28 U.S.C. § 455(a). Accordingly, Defendants respectfully submit that this matter should be transferred to another district court judge who was neither involved with Mueller Report nor the investigation of Special Counsel John Durham ("Durham Investigation") and who has not demonstrated a pattern of hostility towards Defendants.

## LEGAL STANDARD

Recusal is mandatory where a judge's "impartiality might reasonably be questioned." 28 U.S.C. § 455(a) (explaining that a federal judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned"). A judge also "shall" recuse where she "has a personal bias or prejudice concerning a party." 28 U.S.C. § 455(b)(1). "[T]he question is whether a reasonable and informed observer would question the judge's impartiality." *Stone v. U.S. Embassy Tokyo*, 2020 WL 5653699, at *1 (D.D.C. 2020) (quotation omitted); *see also SEC v. Loving Spirit Found.*, 392 F.3d 486, 493 (D.C. Cir. 2004).

The touchstone for recusal under Section 455(a) is "not the reality of bias or prejudice but its appearance." *Liteky v. United States*, 510 U.S. 540, 548 (1994). "The very purpose of § 455(a) is to promote confidence in the judiciary by avoiding even the appearance of impropriety whenever possible." *United States v. Patti*, 337 F.3d 1317, 1321 (11th Cir. 2003) (quoting *Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 865 (1988)). Thus, "any doubts must be resolved in favor of recusal." *Id*.; *see also Parker v. Connors Steel Co.*, 855 F.2d 1510, 1524 (11th Cir. 1988) ("It has been stated on numerous occasions that when a judge harbors any doubts concerning whether

2

his disqualification is required he should resolve the doubt in favor of disqualification.").  The Supreme Court has explained that remarks by a court may constitute a basis for recusal if "they display a deep-seated favoritism or antagonism that would make fair judgment impossible." *Liteky* 510 U.S. at 555.

## DISCUSSION

Plaintiff's lawsuit challenges the President's Executive Order issued on March 6, 2025, entitled *Addressing Risks from Perkins Coie LLP* (the "EO").  The EO explains that Perkins Coie LLP has engaged in a "pattern" of "dishonest and dangerous activity."  Notably, members of Plaintiff's firm were involved in matters subject to the Durham Investigation, culminating with the indictment of one member of Plaintiff's firm.  This Court is no stranger to this issue given its role in the Mueller investigation.

a.  *This Court's Systematic Hostility Toward President Trump*

This Court has not kept its disdain for President Trump secret.  It has voiced its thoughts loudly—both inside and outside the courtroom.  In a November 2023 speech that this Court delivered at a Women's White Collar Defense Association event, it lamented that America is at a "crossroads" and, in an apparent reference to President Trump, indicated that one path would lead to authoritarianism.  *See* 2023 WWCDA Awards Gala Full Video, *https://www.youtube.com/watch?v=sNDnJWh1gzE* (last accessed March 21, 2025).  Judge Howell's remarks did not live in a vacuum.  They prompted a judicial misconduct complaint from a member of Congress and serious media scrutiny.  *See* Complaint of Judicial Misconduct Against Judge Beryl Howell filed by Elise Stefanik, https://s3.documentcloud.org/documents/24224161/stefanik20judicial20complaint20howell20dec2015.pdf  (Dec. 15, 2023); *see, e.g.,* Gerstein, *Judge key to Jan. 6 cases warns US faces*

*'authoritarian'  threat*,    https://www.politico.com/news/2023/11/28/jan-6-authoritarian-threat-democracy-00129013 (Nov. 28, 2023).

This Court's hostility toward President Trump is also on full display through her disdain for his supporters.  For example, in response to a basic dismissal motion under Federal Criminal Rule of Procedure 48, this Court took the opportunity to grandstand about the 2020 election and President Trump's supporters.  Directly rejecting the president's determination that dismissal of pending indictments "against individuals for their conduct related to the events at or near the United States Capitol on January 6, 2021" would "end[] a grave national injustice that has been perpetrated upon the American people over the last four years and begin[] a process of national reconciliation," Proclamation 10887, *Granting Pardons and Commutation of Sentences for Certain Offenses Relating to the Events at or Near the United States Capitol on January 6, 2021*, 90 Fed. Reg. 8331 (Jan. 20, 2025), the Court curtly stated that no "national injustice" occurred here, *United States v. Jovanovic*, Case No. 25-cr-15, 2025 WL 266551, at *2 (D.D.C. Jan. 2025). The Court then engaged in wholly inappropriate name-calling, repeatedly calling President Trump's supporters "sore losers" and stating that the President's pronouncement relayed a "revisionist myth."  *Id.*

This Court's pattern of hostility toward President Trump is not limited to his supporters.  It also utilized the judicial power against President Trump himself.  During the height of Jack Smith's weaponized lawfare against President Trump, this Court found "reason to believe that the former President would 'flee from prosecution'"—despite President Trump being one of the most recognizable figures in the world.  *See In re Sealed Case*, 77 F.4th 815, 822 n.2 (D.C. Cir 2023) (noting that even the government later acknowledged that "it had 'errantly included flight from prosecution as a predicate' in its application").

Later, in the waning moments of its seven-year term as Chief Judge, this Court ruled that private documents belonging to President Trump's personal attorney must be given to Smith. Invoking the rarely used "crime-fraud" exception, this Court pierced attorney-client privilege, ordering President Trump's attorney to testify before a D.C. grand jury investigating the alleged retention of government documents in South Florida. *See In re: Sealed Case*, Case No. 1:23-gj-00010 (D.D.C); Feuer, *Trump Lawyer in Mar-a-Lago Case Must Hand Over Records, Appeals Court Says*, NEW YORK TIMES (Mar. 22, 2023). Notably, this Court issued its ruling when venue for the grand jury proceedings in the case was squarely in the Southern District of Florida—not the District of Columbia. Indeed, the district court judge in the Southern District of Florida appeared troubled by this Court's procedure and seemed inclined to engage in an extended evidentiary hearing to address it before ultimately dismissing the unconstitutional case against President Trump on other grounds. *See, e.g.*, ECF Nos. 566, 605, *United States v. Trump*, No. 23-cr-80101 (S.D. Fla. 2023).

Additionally, in 2023, this Court held Twitter in contempt of court for failing to comply with Jack Smith's demand for President Trump's Twitter direct messages. This Court could not resist from editorializing, asking whether Musk "wants to cozy up with the former president" and whether Twitter's efforts were "to make Donald Trump feel like he is a particularly welcomed new renewed user of Twitter." *In the Matter of the Search of: Information That is Stored at Premises Controlled by Twitter Inc.*, Case. No. 1:23-sc-00031 (D.D.C.), Transcript of Hearing Before the Honorable Beryl Howell on February 7, 2023, at 1:32 p.m. at 36:5–6, 60:18–20.

b. *This Court's Conduct in this Case*

Simultaneously with filing its complaint in this case, Plaintiff filed a motion for a TRO. *See* ECF No. 2.  Within 24 hours of the complaint being filed, this Court conducted a a hearing on the TRO and ruled from the bench, granting the requested relief.  *See* ECF No. 21.

During the course of the hearing, a number of exchanges took place between the Court and Defendants' counsel regarding the activities of Perkins Coie attorneys and the 2016 election—specifically their involvement in the procurement and distribution of the report by Fusion GPS. ECF No. 22, Hearing Tr. at 31–35, 49–50. This report has now been fully discredited, and the role of Perkins Coie attorneys in the distribution of this report was a centerpiece of the Durham Investigation.  Yet this Court stated: "I know the President has just—you know, based on reading these papers, he was upset about that in 2016; he was so upset about this still he filed a lawsuit against Perkins Coie and others in the Southern District of Florida that was dismissed in rapid order. *He keeps bringing it up.  It's like he doesn't want any of us to forget Fusion GPS.  He doesn't want any of us to forget that—any of this.  He really has a bee in his bonnet about it.*"  ECF No. 22, Hearing Tr. at 49:22–50:5 (emphasis added).

As seen in the above exchange, issues of the Durham Investigation, the Fusion GPS report, and the Mueller Report are central to the EO.  The Court's condescending remark that President Trump had "a bee in his bonnet" about Fusion GPS demonstrate a concerning and dismissive approach to the entire Durham Investigation—an Investigation that touched on the Court's role in the Mueller Report and one in which members of the Plaintiff's firm played a primary and essential role.  The entire Fusion GPS fiasco is a lamentable part of this nation's history.  As demonstrated through comments in this proceeding, other judicial proceedings, and in the public, observers

might reasonably have concerns about the Court's impartiality in this matter.  Recusal is warranted to ensure these proceedings fair and free from concerns about impartiality.

## CONCLUSION

Defendants deserve a court proceeding free from concerns about impartiality.  In order to remove the possibility of any impartiality to these proceedings, Defendants respectfully request that this Court recuse itself and return this matter to assignment before a judge free from any appearance of hostility toward this Administration and is otherwise unconnected with any matter related to the Mueller Report or Durham Investigation.

Dated: March 21, 2025                                      Respectfully Submitted,
       Washington, DC


                                                           CHAD MIZELLE
                                                           Acting Associate Attorney General


                                                           /s/ Richard Lawson
                                                           RICHARD LAWSON
                                                           Deputy Associate Attorney General
                                                           950 Pennsylvania Avenue, NW
                                                           Washington, DC 20530
                                                           Telephone: (202) 445-8042

                                                           *Counsel for Defendants*

**CERTIFICATE OF CONFERRAL**

Consistent with Local Rule 7(m), Defendants apprised opposing counsel of the

anticipated motion; Plaintiffs oppose the relief sought.

/s/ Richard Lawson
RICHARD LAWSON
Deputy Associate Attorney General