## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

PERKINS COIE LLP,

    Plaintiff,

  v.

UNITED STATES DEPARTMENT OF
JUSTICE, et al.,

    Defendants.

Case No. 25-cv-716

## Expert Report of Prof. Bruce A. Green

# Table of Contents

I.    INTRODUCTION ..............................................................................................1
      A.    Qualifications ......................................................................................1
      B.    Compensation Disclosure ...................................................................3
      C.    Documents Considered ........................................................................4
II.   SUMMARY OF OPINIONS ...........................................................................4
III.  OPINIONS .......................................................................................................6
      A.    The Regulation of the Legal Profession Is Principally the Responsibility of
            the Judiciary, and Courts Afford Lawyers a Fair Process before Punishing
            Lawyers for Misconduct. ....................................................................6
      B.    Judicial Regulation Encourages Lawyers to Represent Disfavored Parties
            in Judicial Proceedings. .....................................................................9
      C.    Lawyers Must Argue Their Clients' Legal Positions Zealously Within the
            Bounds of the Law. ...........................................................................14
IV.   CONCLUSION ..............................................................................................16

I, Bruce A. Green, declare and state as follows:

# I.    INTRODUCTION

## A.    Qualifications

1.    My qualifications to provide expert opinions on questions of lawyers' professional conduct in this case are fully set forth in my curriculum vitae, which is attached as Exhibit A.

2.    I received an A.B. from Princeton University and a J.D. from Columbia University School of Law.

3.    I served as a law clerk to both Justice Thurgood Marshall of the Supreme Court of the United States and Judge James L. Oakes of the United States Court of Appeals for the Second Circuit.

4.    I was also an Assistant United States Attorney for the Southern District of New York, eventually serving as Deputy Chief and then Chief of the Criminal Division's appeals unit.

5.    I have been a law professor at Fordham University since 1987.  At Fordham, I have regularly taught courses on lawyers' professional responsibility.  I currently teach courses on both Professional Responsibility and Ethics in Criminal

Advocacy. Additionally, I co-author a casebook on professional responsibility for contemporary legal practice.[1]

6.    I have organized or co-organized numerous conferences and other programs for legal academics and practitioners on issues of lawyers' professional responsibility, and I speak frequently at Continuing Legal Education programs and academic programs on this subject.

7.    I have written extensively on the subject of lawyers' professional conduct in both academic and professional publications. A list of my writings is included in Exhibit A.

8.    I have engaged extensively in professional work relating to lawyers' professional conduct, much of it involving the drafting, interpretation, or enforcement of professional conduct rules.

9.    On the national level, I currently chair both the American Bar Association Standing Committee on Ethics and Professional Responsibility and the Multistate Professional Responsibility Examination drafting committee. I previously chaired the ethics committees of both the American Bar Association Litigation Section and the American Bar Association Criminal Justice Section as

---

[1] See Jefferson, Pearce, Green, et al., Professional Responsibility: A Contemporary Approach (5th ed. 2023).

well as the Section on Professional Responsibility of the Association of American Law Schools.

10.     Further, I am a past chair of the New York City Bar's Committee on Professional Ethics; I am a past chair and current member of the New York State Bar Association's Committee on Professional Ethics; I am a current member of the New York State Bar Association's Committee on Standards of Attorney Conduct; and I am a member of the New York County Lawyers Association's Committee on Professional Ethics. I served for six years on the Departmental Disciplinary Committee of the New York State Supreme Court, Appellate Division, First Department.

11.     Attached as Exhibit B is a list of the cases in which I have testified as an expert at trial or by deposition in the last four years.

12.     When serving as an expert witness in this case and others, I render opinions in my individual capacity and do not speak on behalf of any of the entities with which I am, or have been, associated.

### B.    **Compensation Disclosure**

13.     Plaintiff Perkins Coie LLP is paying an hourly fee of $1,500 per hour for the time I spend working on this Report and otherwise assisting counsel on this case. My compensation is not contingent on any outcome in this case. The views expressed herein are my own.

### C.    <u>Documents Considered</u>

14.    In conducting my analysis, I have considered President Trump's March 6, 2025 "Executive Order—Addressing Risks from Perkins Coie LLP" (the "Executive Order") and the accompanying Fact Sheet explaining the Executive Order (the "Fact Sheet"). I have also considered President Trump's statement and the subsequent Executive Orders referenced in paragraph 24, *infra*.

## II.    SUMMARY OF OPINIONS

15.    Counsel for Perkins Coie LLP ("Perkins Coie" or "the law firm") has retained me to provide an objective expert opinion regarding The Executive Order and the Fact Sheet, and to opine on whether the Executive Order is consistent with the regulation of the legal profession.

16.    Counsel for Perkins Coie LLP has asked me to resubmit my declaration of March 10, 2025 in the form of a report and with all information required to be disclosed by Rule 26(a)(2).

17.    The Executive Order states that measures are to be taken against Perkins Coie, its personnel, and its clients because of conduct by Perkins Coie lawyers in representing clients in litigation and extrajudicial advocacy disfavored by the President.

18.    The Executive Order explicitly cites as justification the law firm's representation of parties in judicial proceedings challenging "election laws, including those requiring voter identification."

19.    The Fact Sheet adds that "Perkins Coie LLP has filed lawsuits against the Trump Administration, including one designed to reduce military readiness." This apparently refers to a lawsuit in which the law firm represents organizations in an action involving the rights of certain military personnel.

20.    The Executive Order subjects Perkins Coie to various disabilities. Among other things, the order directs executive agencies not to retain Perkins Coie and to "provide guidance limiting official access from Federal Government buildings to Perkins Coie lawyers" (presumably including federal courthouses).

21.    Additionally, the Executive Order requires federal agencies to determine which federal contractors have sought the advice of or representation by Perkins Coie, so that federal agencies can assess whether to cease doing business with the law firm's clients.

22.    The Fact Sheet states that the Executive Order is designed in part "[t]o ensure taxpayer dollars no longer go to contractors whose earnings subsidize partisan lawsuits against the United States."

23.    Evidently, the Executive Order is to be the first of many. After it was issued, President Trump publicly stated, "We have a lot of law firms that we're going

5

to be going after." The President has since issued at least three additional Executive Orders regarding specific law firms (Paul, Weiss, Rifkind, Wharton & Garrison, Jenner & Block LLP, and Wilmer Cutler Pickering Hale and Dorr LLP). Therefore, besides having a punitively harsh effect on Perkins Coie if implemented, the Executive Order will discourage other law firms from doing what Perkins Coie did: representing clients and causes of which the current presidential administration disapproves.

24.    For the reasons discussed below, my opinion is that the Executive Order is inconsistent with, and interferes with, settled understandings of the separation of powers and, in particular, judicial regulation of the legal profession.

## III.    OPINIONS

### A.    The Regulation of the Legal Profession Is Principally the Responsibility of the Judiciary, and Courts Afford Lawyers a Fair Process before Punishing Lawyers for Misconduct.

25.    In the United States, courts have principal responsibility for regulating lawyers.

26.    Regulating lawyers traditionally has been understood to be constitutionally entrusted to the states under the Tenth Amendment.[2]

---

[2] See *Leis v. Flynt*, 439 U.S. 438, 441 (1979) ("Since the founding of the Republic, the licensing and regulation of lawyers has been left exclusively to the States and the District of Columbia within their respective jurisdictions. The States prescribe the qualifications for admission to practice and the standards of professional conduct. They also are responsible for the discipline of lawyers.");

27.     Federal courts' authority to discipline attorneys is limited: "[A] federal court has the power to control admission to its bar and to discipline attorneys who appear before it."[3]

28.     State courts determine the standards for admission to practice law and oversee the licensing processes, and federal courts largely piggyback on the state licensing processes.

29.     State courts adopt rules of professional conduct to regulate the lawyers whom they license, and federal courts largely adopt the state-court rules of professional conduct.

30.     State courts also adopt and oversee disciplinary processes in which the professional conduct rules are enforced, and some federal courts also implement disciplinary processes for lawyers admitted to practice before them.   In their disciplinary processes, courts may disbar, suspend or otherwise sanction lawyers who violate the courts' professional conduct rules.

31.     Lawyers who represent parties in court proceedings are also subject to regulation by the judges before whom they appear.  Courts may adopt applicable rules and standards of conduct regulating lawyers in addition to those incorporated

---

see also *New York State Bar Ass'n v. FTC*, 276 F. Supp. 2d 110, 128-29 (D. D.C. 2003), aff'd, 430 F.3d 457 (D.C. Cir. 2005).

[3] *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991).

in professional conduct rules. Judges may enforce applicable rules and standards by sanctioning lawyers who engage in misconduct in proceedings over which the judges preside.

32.    Courts afford lawyers a fair process before punishing them for alleged misconduct under established professional rules and standards. Formal disciplinary processes afford lawyers an opportunity to dispute allegations of misconduct in a proceeding before a fair and impartial adjudicator. Likewise, before judges may sanction lawyers for litigation misconduct, the judges must afford lawyers notice and an opportunity to be heard and must make a fair and impartial determination that misconduct occurred.

33.    In contrast to the judiciary's role, the executive branch has had an exceedingly limited role in regulating private lawyers. Executive agencies may adopt and enforce standards of conduct for lawyers appearing before those agencies in agency proceedings, but the executive branch has no general regulatory authority over lawyers. In particular, the federal executive branch has no authority to regulate lawyers' conduct in litigation generally, or in litigation against the Government in particular.

34.    Outside the regulation of lawyers in federal agency proceedings, the federal executive branch has little regulatory authority over the bar not only because regulating the bar is principally a state function and a judicial function but because

8

lawyers routinely and properly represent private clients against the Government and against executive officials and agencies. The executive branch could not to be expected to regulate fairly the very lawyers against whom it litigates.

35.    The Executive Order is inconsistent with these principles in several respects.

36.    First, the Executive Order punishes a law firm and its lawyers (and their clients) for conduct that is defined as improper and adjudicated as improper by an executive branch official, not a federal or state court or a disciplinary authority under a court's jurisdiction.

37.    Second, the alleged impropriety is not based on a preexisting legal standard (or even on a standard articulated clearly after-the-fact in the Executive Order).

38.    Third, the Executive Order finds wrongdoing and imposes punishment without prior notice, an opportunity to be heard, a fair and impartial factfinder, or any other semblance of fair process.

**B.    Judicial Regulation Encourages Lawyers to Represent Disfavored Parties in Judicial Proceedings.**

39.    In the U.S., courts are established on the understanding that legal disputes should be resolved in court, not by combat in the streets or other disruptive or dangerous means. This is especially true with regard to challenges to the laws. Courts exist to resolve legal disputes about the laws. Courts are the ultimate arbiters

9

of the meaning, application and constitutionality of statutes and regulations. Legal actions that, in the words of the Fact Sheet, "threaten our elections, military strength, and national security" (presumably because courts could apply the U.S. Constitution to overturn the laws in question or limit their reach), are among the sorts of legal actions that are entrusted to the courts to adjudicate.

40.    When parties go to court to resolve legal disputes – including challenges to the constitutionality, meaning, or application of laws – courts recognize that it is in the public interest for the parties to be represented by counsel.

41.    The common law governing attorney-client privilege reflects that recognition. The privilege protects the confidentiality of lawyer-client communications in part to encourage parties to retain counsel to assist in legal disputes. Judicial rules regulating lawyers likewise recognize the importance of protecting lawyer-client relationships from interference and the importance of those relationships to the proper functioning of the legal system.[4]

42.    Judicial regulation of the legal profession recognizes, in particular, the importance of affording legal assistance to unpopular clients. Although U.S. trial lawyers, unlike their English counterparts, may decline clients who seek to retain

---

[4] See, e.g., D.C. Rules of Professional Conduct ("D.C. Rules"), Rule 4.2; see also id., Rule 4.4(a) & cmt. [1] (stating that the rule forbids "unwarranted intrusions into privileged relationships, such as the client-lawyer relationship").

them, our legal profession has a "historical commitment to the principle that all persons in our society should be able to obtain necessary legal services."[5]  This commitment is incorporated in professional conduct rules encouraging lawyers to undertake pro bono work and requiring lawyers to accept court appointments.[6] These rules reflect the importance of lawyers' availability to unpopular clients.[7]  It would be fair to say, in fact, that our country was founded on this principle: Future president John Adams's defense of the British soldiers involved in the Boston Massacre, by his later account, "procured [him] Anxiety, and Obloquy enough," but was one of the best Pieces of Service [he] ever rendered [his] Country," because, by providing a zealous legal defense to despised defendants, the colonists demonstrated their commitment to fair process and the rule of law.[8]

43.    Professional conduct rules underscore the importance of affording legal representation to unpopular clients by recognizing that "[a] lawyer's representation

---

[5] DC. Rules, Rule 6.1, cmt. [1].

[6] Id.

[7] See id., Rule 6.2, cmt. [1] ("All lawyers have a responsibility to assist in providing pro bono public service"); see also id. Rule 6.1 ("An individual lawyer fulfills this responsibility by accepting a fair share of unpopular matters or indigent or unpopular clients.  A lawyer may also be subject to appointment by a court to serve unpopular clients . . ..").

[8]    John    Adams,    Diary    Entry    (Mar.    5,    1773)    (available    at: https://www.masshist.org/digitaladams/archive/doc?id=D19#:~:text=I%20have%20Reason%20to%20remember,I%20ever%20rendered%20my%20Country).

of a client, including representation by appointment, does not constitute an endorsement of the client's political, economic, social, or moral views or activities."[9] This provision presupposes that: (1) lawyers are fully capable of pursuing clients' lawful objectives even if the lawyers (or others) disapprove of the clients or their causes; (2) clients' views therefore should not be attributed to their lawyers; and (3) parties with disfavored views should have access to legal representation.

44.     The Executive Order interferes with this foundational principle embedded in the judicial regulation of the legal profession.  Restricting lawyers' availability to clients, or lawyers' ability to bring legitimate claims and defenses on clients' behalf, based on whether the executive branch approves of the client or cause, would, in the words of the Supreme Court, "distort[] the legal system by altering the traditional role of the attorneys" in our democracy.[10]

45.     Likewise, unjustified restrictions should not be imposed on "the freedom of clients to choose a lawyer."[11]  Indeed, in criminal cases, clients' right to

---

[9] D.C. Rules, Rule 1.2(b).

[10] *Legal Servs. Corp. v. Velazquez*, 531 U.S. 533, 544 (2001).

[11] D.C. Rules of Professional Conduct, Rule 5.6, cmt. [1].

counsel of choice is protected by the Sixth Amendment right to counsel.[12]  It would be prejudicial to the administration of justice for the Government to restrict clients' choice of counsel by refusing to negotiate with a disfavored lawyer, and a Government lawyer who did so would be subject to discipline.[13]

46.    Of course, lawyers are restricted from (and can be disciplined for) making factually or legally frivolous arguments on behalf of clients in adjudicative proceedings.[14]  But any restriction on creative or novel legal arguments is extremely limited: Professional conduct rules specifically allow lawyers to make "a good-faith argument for an extension, modification or reversal of existing law."[15]  And, as described above, it is the role of the judicial system, not the executive branch, to adjudicate any violations of these rules of professional conduct.  In the actions cited in the Executive Order, no court found Perkins Coie's legal arguments to be frivolous, and the Executive Order does not suggest they were.  On the contrary, characterizing the actions as "dangerous" implies that they might prevail.

---

[12] See *United States v. Gonzalez-Lopez*, 548 U.S. 140, 144 (2006) ("[A]n element of this right is the right of a defendant who does not require appointed counsel to choose who will represent him.").

[13] See *Matter of Rook*, 556 P.2d 1351 (Ore. 1976).

[14] See, e.g., D.C. Rules, Rule 3.1.

[15] Id.

47.     In sum, judicial regulation recognizes that the public interest benefits from the participation of skilled advocates on both sides of an action as well as from lawyers' role in providing legal advice and in assisting clients with other legal matters.

48.     The Executive Order is at odds with this regulation.  It will discourage not only Perkins Coie but also other law firms from representing future clients and pursuing future actions, and particularly actions against the Government and other advocacy that the President might disfavor.  Punishing the law firm for its representation of disfavored clients or causes is at odds with the traditions of the U.S. legal system and with courts' contemporary regulation of lawyers.

### C.     Lawyers Must Argue Their Clients' Legal Positions Zealously Within the Bounds of the Law.

49.     Professional conduct rules recognize that a lawyer must "represent a client zealously and diligently within the bounds of the law,"[16] and that this includes a duty to "seek the lawful objectives of a client through reasonably available means permitted by law and the disciplinary rules."[17]   In criminal cases, zealous

---

[16] D.C. Rules, Rule 1.3(a).

[17] Id., Rule 1.3(b)(1).

representation is an aspect of the Sixth Amendment right to effective assistance of counsel.[18]

50.     Further, "Government violates the right to effective assistance when it interferes in certain ways with the ability of counsel to make independent decisions about how to conduct the defense."[19]

51.     The Executive Order will interfere with this fundamental obligation of lawyers because it will chill Perkins Coie and other law firms from representing clients zealously and diligently, for fear of being branded pariahs by the federal government.

52.     Even if President Trump does not regard all representations adverse to the Government, and all other representations adverse to him, his friends and family, as "dangerous" and therefore punishable per se, the Executive Order demonstrates that he may be offended by particular litigation arguments, strategies or tactics, including those permitted by the rules and required as a matter of zealous advocacy. As a result of the Executive Order, law firms will be governed in their legal representations not only by professional conduct rules adopted and enforced by the

---

[18]  See, e.g., *Strickland v. Washington*, 466 U.S. 668 685 (1984) ("The Sixth Amendment recognizes the right to the assistance of counsel because it envisions counsel's playing a role that is critical to the ability of the adversarial system to produce just results.  An accused is entitled to be assisted by an attorney, whether retained or appointed, who plays the role necessary to ensure that the trial is fair.").

[19]  Id. at 686.

courts, but by a fear of angering the President.  Law firms seeking to avoid a similar Executive Order will have an incentive to eschew "reasonably available means" to advance their clients' lawful objectives that the President may find objectionable.

53.    This form of regulation by presidential whim, therefore, threatens to undermine the judicial regulation that requires lawyers to represent clients' zealously and not to subordinate clients' interests to lawyers' own self-interest.  A law firm that fails to pursue a client's lawful objectives zealously and diligently out of concern for losing other clients' business would be prioritizing its own business interests in violation of conflict-of-interest rules.[20]  Yet that appears to be the very outcome the Executive Order would impose.  Whenever matters might come to the President's attention, the Executive Order creates a conflict between the client's lawful interests and the lawyers' self-interest in avoiding offense to the President lest the federal government take measures to destroy their law practices.

## IV.    CONCLUSION

54.    For foregoing reasons my opinion is that the Executive Order is inconsistent with, and interferes with, settled understandings of the separation of powers and, in particular, judicial regulation of the legal profession.

---

[20] D.C. Rules, Rule 1.7(b)(4) ("A lawyer shall not represent a client with respect to a matter if . . . the lawyer's professional judgment on behalf of the client will be or reasonably may be affected by . . . the lawyer's own financial, business, property, or personal interests."); id., Rule 1.7, cmt. [11] ("The lawyer's own interests should not be permitted to have an adverse effect on representation of a client.").

16

DATE: March 31, 2025                    By: _____
                                            Bruce A. Green

# Exhibit A

**BRUCE A. GREEN**
**Louis Stein Chair**
**Fordham University School of Law**
**150 West 62nd Street**
**New York, NY 10023**
**(212) 636-6851; (212) 636-6899 (FAX)**
**bgreen@law.fordham.edu**

## Bar Admissions

New York State (since 1982)
U.S. District Courts for the Southern and Eastern Districts of New York
U.S. Supreme Court

## Education

**Columbia University School of Law**:  J.D. 1981
        Honors: James Kent Scholar; Harlan Fiske Stone Scholar
        Associate Editor, *Columbia Law Review*

**Princeton University**:  A.B. 1978, *summa cum laude*

## Current Legal Employment

**Fordham University School of Law**:
        Louis Stein Chair of Law, since 1997
        Professor, 1996-97; Associate Professor, 1987-96
        Director, Louis Stein Center for Law and Ethics, since 1997
        Director, Stein Center for Ethics and Public Interest Law, 1992-97

## Prior Full-time Legal Employment

**New York University School of Law**: Visiting Professor: January-May 2007

**Office of the United States Attorney for the Southern District of New York**:
        October 1983 to August 1987, Assistant United States Attorney
        Deputy Chief Appellate Attorney, 1986-87; Chief Appellate Attorney, 1987

**U.S. Supreme Court**:  Law clerk to Justice Thurgood Marshall, 1982-83

**U.S. Court of Appeals for the Second Circuit**:  Law clerk to Judge James L. Oakes, 1981-82

1

## **Other Legal Positions**

**Departmental Disciplinary Committee, App. Div., 1st Department**: Member, 1997-2002

**New York City Conflicts of Interest Board**: Member, Nov. 1995 to March 2005

**Handschu Authority**: Civilian member, July 1994 to Nov. 1995

**Office of Investigations Officer (U.S. v. I.B.T.)**: Special Counsel (part-time), 1991

**Office of Independent Counsel Lawrence Walsh**, Associate Counsel (part-time), 1988-91

**N.Y.S. Commission on Government Integrity**: Consultant and special investigator, 1988-90

**Columbia University School of Law**: Adjunct Professor (part-time), 1990

**Office of the United States Attorney for the Southern District of New York**: Special Assistant United States Attorney (part-time), September 1987 to June 1988

**Fordham University School of Law**: Adjunct Assoc. Professor (part-time), 1985-87

## **Professional Service**

**American Bar Association**:

 Commission on the American Jury Project: member, 2006-2008
 Commission on Multijurisdictional Practice: reporter, 2000-2002
 Coordinating Group on Bioethics and the Law: member, 1997-2003
 Criminal Justice Section:
  Chair: 2010-2011
  Chair-elect: 2009-2010
  Council: member, 2011-2017
  Criminal Justice Standards Committee: chair, 2017-2021; member, 2013-2017
  Criminal Justice Standards Task Force on Victims, member, 2020-present
  First Vice Chair: 2008-2009
  Ethics, Gideon and Professionalism Committee: co-chair, 2006-09
 Death Penalty Representation Project: member, 2006-09, 2014-17
 Section of Individual Rights and Responsibilities:
  Chair, Committee on Privacy and Information Protection, 2014-15
 Section of Litigation:
  Task Force on Sound Advice, 2012-13
  Task Force on Implicit Bias: member, 2011-12
  Task Force on the Litigation Research Fund: Chair, 2007-2011
  Division VII (Task Forces): Co-Director, 2007-2008
  Council member, 2004-07
  Committee on Law Faculty Involvement: co-chair, 1998-2001, 2003-2004
  Civil Justice Institute: member, 2001-03
  Task Force on Ethical Guidelines for Settlement Negotiations: member, 2000-02
  Ethics 2000 Task Force: member, 1999-2000
  Committee on Ethics and Professionalism: co-chair, 1995-1998
  Task Force on the Independent Counsel Act: reporter, 1997-1999
  Rep. to Sec./Div. Committee on Professionalism and Ethics, 1996-2003
  Committee on Amicus Curiae Briefs: chair, 1991-1995
 Standing Committee on Ethics and Professional Responsibility: chair, August 2023 to date; member, 2008-2011; liaison from the Criminal Justice Section, 2020-2023
 Standing Committee on Professionalism: reporter, 2000-2001
 Steering Committee for the Symposium on the Multijurisdictional Practice of Law: reporter, 1999-2000
 Task Force on the Attorney-Client Privilege: reporter, 2004-2010
 Task Force on Law Schools and the Profession: consultant, 1991-92

**Association of American Law Schools:** Chair, Section of Professional Responsibility, 1999-2000

**Criminal Law Bulletin**: Contributing editor, 1988-1998

**Evan B. Donaldson Adoption Institute**: Ethics Advisory Committee: member, 1998-2001

**Federal Bar Council**:
> Board of Trustees, member, 2018 to present
> Second Circuit Courts Committee: member, 1994-1997; chair, Subcommittee on Criminal Law and Ethics
> > *Federal Bar Council News*: member of the Editorial Board, 1995-2005
> > Inn of Court: master, 2000-2002

**International Association of Legal Ethics:** Treasurer, 2019-2022; Chair, Conference Planning Advisory Committee, 2014-16; Director, 2010-13

**Legal Ethics**: Member of Advisory Board, 2008 to present

**National Conference of Bar Examiners, MPRE Drafting Committee**, Chair, 2018 to present; Member, 2001-2018

**New York City Bar:**
> Committee on Professional and Judicial Ethics: chair, 2016-2020; member, 1994-1997, 2003-2006, 2015-16
> > Litigation Funding Working Group: member, 2018-2020
> > Executive Committee: member, 2010-14
> > Working Group on the NYS Bar Exam: member, 2014
> > White Collar Crime Committee: member, 2013-16
> > Council on Criminal Justice: member, 2009-13
> > Delegate to NYS Bar Association, 2003-07
> > Nominating Committee: member, 2005
> > Ethics 2000 Committee: member, 1999-2001
> > Jt. Committee on the Legal Referral Service: chair, 1993-96; member, 1996-2000
> > Committee on International Access to Justice: member,1999-2000
> > Committee on Disaster Plan: member, 1996-1997
> > Marden Lecture Committee: member, 1991-1994
> > Criminal Law Committee: member, 1991-1994
> > Task Force on Lawyer Training: member, 1992-1994
> > Corrections Committee: member, 1988-1991

**New York County Lawyers' Association**:
> Director, 2004-2007, 2008-2012, 2013-2017
> Delegate to NYS Bar Association, 2009-2011
> Member, Committee on Professional Ethics, 2014 to present

**New York State Bar Association:**
> Committee on Professional Ethics: Chair, 1998-2001; member, 1991 to present
> Committee on Standards of Attorney Conduct: member, 1997 to present
> House of Delegates member, 2003-2007, 2009-2015
> Task Force on Attorney Client Privilege, 2006-2008
> Task Force on "Pay to Play" Concerns, member, 1998-2000

**New York State Continuing Legal Education Board:** Member, 2008-2011

**New York State Task Force on Attorney Professionalism and Conduct:** Member, 1996-1998

<u>**Awards**</u>

Michael Franck Professional Responsibility Award, given by the ABA Center for Professional Responsibility, May 31, 2018

Powell Pierpont Award, given by the N.Y.C. Conflicts of Interest Board "for outstanding service to the New York City Conflicts of Interest Board," May 23, 2006

New York State Bar Association Criminal Justice Section Award for "outstanding contribution in the field of criminal law education," Jan. 23, 2003

Sanford D. Levy Award, given by New York State Bar Association Committee on Professional and Judicial Ethics, 1990

5

## **PUBLICATIONS**

### **Articles in Law Journals**

Can Prosecutors' Offices Preserve Public Confidence in Their Nonpartisanship – and, If So, How?, Fordham L. Rev. 1177 (2025) (with Rebecca Roiphe)

Replacing This Old House: Certifying and Regulating New Legal Services Providers, 76 Wash. U. J.L. & Pol'y 45 (2025) (with Ellen Murphy)

Public Confidence, Judges, and Politics On and Off the Bench, 87 Law & Contemp. Prob. 183 (2024) (with Rebecca Roiphe)

Judges in the 21st Century: Confidence Lost?, 87 Law & Contemp. Prob. I (2024) (with Leslie C. Levin)

Good Lawyers, Good Sports?: The Professional Identity of Sports Lawyers Representing Not-for-Profit Entities, 11 Texas A&M L. Rev. 1019 (2024)

Should State Trial Courts Become Laboratories of UPL Reform?, 92 Fordham L. Rev. 1285 (2024)

Foreword: The Legal Profession and Social Change, 92 Fordham L. Rev. 1239 (2024) (with Atinuke O. Adediran)

Depoliticizing Federal Prosecution, 100 Denver L. Rev. 817 (2023) (with Rebecca Roiphe)

Should Prosecutors Be Expected to Rectify Wrongful Convictions?, 10 Tex. A&M L. Rev. 167 (2023)

Civil Justice at the Crossroads: Should Courts Authorize Nonlawyers to Practice Law?, 75 Stanford L. Rev. Online 104 (June 2023), https://www.stanfordlawreview.org/online/civil-justice-at-the-crossroads/

A Fiduciary Theory of Progressive Prosecution, 60 Am. Crim. L. Rev. 1431 (2023) (with Rebecca Roiphe)

De-Weaponizing the Federal Government, Voting Rights & Democracy Forum, Feb. 28, 2023 (with Rebecca Roiphe), https://fordhamdemocracyproject.com/2023/02/28/de-weaponizing-the-federal-government/

Why State Courts Should Authorize Non-Lawyers to Practice Law, Fordham Law Review, 91 Fordham L. Rev. 1249 (2023)

For Deborah L. Rhode, Legal Ethics Scholar, 91 Fordham L. Rev. 1105 (2023)

Can the Fourth Amendment Keep People "Secure in their Persons?", 102 B.U. L. Rev. Online 92 (2022)

Lawyers and the Lies They Tell, 69 Wash. U. J. Law & Pol'y 37 (2022) (with Rebecca Roiphe)

Impeaching Legal Ethics, 49 Fla. St. Univ. L. Rev. 447 (2022) (with Rebecca Roiphe)

ABA Model Rule 8.4(g), Discriminatory Speech and the First Amendment, 50 Hofstra L. Rev. 543 (2022) (with Rebecca Roiphe)

Should Victims' Views Influence Prosecutors' Decisions?, 87 Brooklyn L. Rev. 1127 (2022) (with Brandon P. Ruben)

Foreword: Subversive Lawyering, 90 Fordham L. Rev. 1945 (2022) (with Bennett Capers)

Selectively Disciplining Advocates, 54 Conn. L. Rev. 151 (2022)

Who Should Police Politicization of the DOJ?, 35 Notre Dame J. L. Ethics & Pub. Pol'y 671 (2021) (with Rebecca Roiphe)

Mental Health and the Legal Profession: Foreword and Dedication, 89 Fordham L. Rev. 2415 (2021) (with Deborah Denno)

Technocapital@Biglaw.com, 18 Nw. J. Tech. & Intell. Prop. 265 (2021) (with Carole Silver)

The Judicial Role in Professional Regulation: Foreword, 89 Fordham L. Rev. 1099 (2021)

When Prosecutors Politick: Progressive Law Enforcers Then and Now, 110 J. Crim. L. & Criminology 719 (2020) (with Rebecca Roiphe)

May Class Counsel Also Represent Lead Plaintiffs?, 72 Florida L. Rev. 1083 (2020) (with Andrew Kent)

Victims' Rights from a Restorative Perspective, 17 Ohio St. J. Crim. L. 293 (2020) (with Lara Bazelon)

Restorative Justice from Prosecutors' Perspective, 88 Fordham L. Rev. 2287 (2020) (with Lara Bazelon)

Should Criminal Justice Reformers Care About Prosecutorial Ethics Rules?, 58 Duq. L. Rev. 249 (2020) (with Ellen Yaroshefsky)

A Fiduciary Theory of Prosecution, 69 Am. U. L. Rev. 805 (2020) (with Rebecca Roiphe)

The Supreme Court's Supervisory Authority over Federal Criminal Cases: The Warren Court Revolution That Might Have Been, 49 Stetson L. Rev. 241 (2020)

Punishment Without Process: "Victim Impact" Proceedings for Dead Defendants, Fordham Law Review Online, vol. 88 (2019) (with Rebecca Roiphe), http://fordhamlawreview.org/wp-content/uploads/2019/11/Green-Roiphe_November_FLRO_4.pdf

Regulating Prosecutors' Courtroom Misconduct, 50 Loy. U. Chi. L.J. 797 (2019)

Foreword: In Honor of Prof. Bennett L. Gershman, 16 Ohio St. J. Crim L. 291 (2019) (with Peter Joy & Ellen Yaroshefsky)

Prosecutorial Discretion: The Difficulty and Necessity of Public Inquiry, 123 Dickinson L. Rev. 589 (2019)

Prosecutors in the Court of Public Opinion, 57 Duquesne L. Rev. 271 (2019)

Judicial Activism in Trial Courts, 74 N.Y.U Ann. Survey of Am. Law 365 (2019) (with Rebecca Roiphe)

May Federal Prosecutors Take Direction from the President?, 87 Fordham L. Rev. 1817 (2019) (with Rebecca Roiphe)

Lawyers in Government Service – A Foreword, 87 Fordham L. Rev. 1791 (2019)

Can the President Control the Department of Justice?, 70 Ala. L. Rev. 1 (2018) (with Rebecca Roiphe)

Case Study 2: Advising Grassroots Organizations, 47 Hofstra L. Rev. 33 (2018) (with Marci Seville)

Learning to Live with Judicial Partisanship: A Response to Cassandra Burke Robertson, 70 Fla. L. Rev. F. 114 (2018) (with Rebecca Roiphe), http://www.floridalawreview.com/wp-content/uploads/GreenRoiphe_published.pdf

May Lawyers Assist Clients in Some Unlawful Conduct?: A Response to Paul Tremblay, 70 Fla. L. Rev. F. 1 (2018), http://www.floridalawreview.com/wp-content/uploads/Green_Published.pdf

Foreword, Symposium, Can a Good Person Be a Good Prosecutor in 2018?, Fordham Law Review Online, vol. 87 (2018), https://papers.ssrn.com/sol3/papers.cfm?abstract_id=3257914

The price of judicial economy in the US, International Journal of the Legal Profession (2018), https://doi.org/10.1080/09695958.2018.1516841

The Right to Two Criminal Defense Lawyers, 69 Mercer L. Rev. 675 (2018)

Urban Policing and Public Policy – the Prosecutor's Role, 51 Georgia L. Rev. 1179 (2017)

Prosecutorial Ethics in Retrospect, 30 Geo. J. Legal Ethics 461 (2017)

The Price of Judicial Economy in the US, 7 Oñati Socio-Legal Series no.4, 790-808 (2017), https://papers.ssrn.com/sol3/papers.cfm?abstract_id=3035295

Rethinking Prosecutors' Conflicts of Interest, 58 Boston College L. Rev. 463 (2017) (with Rebecca Roiphe)

Prosecutorial Accountability 2.0, 92 Notre Dame L. Rev. 51 (2016) (with Ellen Yaroshefsky)

Disciplinary Regulation of Prosecutors as a Remedy for Abuses of Prosecutorial Discretion: A Descriptive and Normative Analysis, 14 Ohio St. J. Crim. L. 143 (2016) (with Samuel Levine)

Should There Be a Specialized Ethics Code for Death-Penalty Defense Lawyers?, 29 Geo. J. Legal Ethics 527 (2016)

Candor in Criminal Advocacy, 44 Hofstra L. Rev. 1105 (2016)

Access to Criminal Justice: Where Are the Prosecutors?, 3 Tex. A&M L. Rev. 515 (2016)

The Lawyer as Lover: Are Courts Romanticizing the Lawyer-Client Relationship?, 32 Touro L. Rev. 139 (2016)

Legal Discourse and Racial Justice: The Urge to Cry "Bias!", 28 Georgetown J. Legal Ethics 177 (2015)

Prosecutors' Disclosure Obligations in the U.S., 42 Hitotsubashi J. L. & Politics 51 (2014) (with Peter Joy)

Judicial Regulation of US Civil Litigators, 16 Legal Ethics 306 (2013)

Gideon's Amici: Why Do Prosecutors So Rarely Defend the Rights of the Accused?, 122 Yale L.J. 2336 (2013)

9

The Right to Plea Bargain With Competent Counsel After Cooper and Frye: Is the Supreme Court Making the Ordinary Criminal Process "Too Long, Too Expensive, and Unpredictable . . . in Pursuit of Perfect Justice"?, 51 Duquesne L. Rev. 735 (2013)

Lawyers' Professional Independence: Overrated or Undervalued?, 46 Akron L. Rev. 599 (2013)

The Attorney-Client Privilege – Selective Compulsion, Selective Waiver and Selective Disclosure: Is Bank Regulation Exceptional?, 2013 Journal of the Professional Lawyer 85 (2013)

Unregulated Corporate Internal Investigations: Achieving Fairness for Corporate Constituents, 54 B.C. L. Rev. 73 (2013) (with Ellen S. Podgor)

Federal Criminal Discovery Reform: A Legislative Approach, 64 Mercer L. Rev. 639 (2013)

Rehabilitating Lawyers: Perceptions of Deviance and its Cures in the Lawyer Reinstatement Process, 40 Fordham Urb. L.J. 139 (2012) (with Jane Moriarty)

The Flood of U.S. Lawyers: Natural Fluctuation or Professional Climate Change?, 19 Int' J. Legal Prof. 193 (2012)

Prosecutors and Professional Regulation, 25 Georgetown J. Legal Ethics 873 (2012)

The Community Prosecutor: Questions of Professional Discretion, 47 Wake Forest L. Rev. 285 (2012) (with Alafair S. Burke)

Foreword, Globalization and the Legal Profession, 80 Fordham L. Rev. 2305 (2012)

Developing Standards of Conduct for Prosecutors and Criminal Defense Lawyers, 62 Hastings L.J. 1093 (2011)

Prosecutors' Ethical Duty of Disclosure *In Memory of Fred Zacharias*, 48 San Diego L. Rev. 57 (2011)

The Legal Ethics Scholarship of Ted Schneyer: The Importance of Being Rigorous, 53 Ariz. L. Rev. 365 (2011)

The Civil Government Lawyer: A View From the Jury Box, 38 Hofstra L. Rev. 883 (2010) (with Karen Bergreen).

Beyond Training Prosecutors About Their Disclosure Obligations: Can Prosecutors' Offices Learn From Their Lawyers' Mistakes, 31 Cardozo L. Rev. 2161 (2010)

10

Ethically Representing a Lying Cooperator: Disclosure as the Nuclear Deterrent, 7 Ohio St. J. of Crim. L. 639 (2010)

Fear of the Unknown: Judicial Ethics After *Caperton*, 60 Syracuse L. Rev. 229 (2010)

ABA Ethics Reform from "MDP" to "20/20": Some Cautionary Reflections, 2009 Journal of the Professional Lawyer 1 (2009)

Rationalizing Judicial Regulation of Lawyers, 70 Ohio St. L.J. 73 (2009) (with Fred C. Zacharias)

Regulating Federal Prosecutors: Let There Be Light, 118 Yale L.J. Pocket Part TK (2009), http://thepocketpart.org/2009/TK/TK/green.html.

The Duty to Avoid Wrongful Convictions: A Thought Experiment in the Regulation of Prosecutors, 89 Boston University L. Rev. 1 (2009) (with Fred C. Zacharias)

"Public Service Must Begin at Home": The Lawyer as Civics Teacher in Everyday Practice, 50 Wm. & Mary L. Rev. 1207 (2009) (with Russell Pearce)

Regulating Discourtesy on the Bench: A Study in the Evolution of Judicial Independence, 64 N.Y.U Ann. Survey of Am. Law 497 (2009) (with Rebecca Roiphe) (symposium on judicial transparency)

Prosecutorial Discretion and Post-Conviction Evidence of Innocence, 6 Ohio St. J. of Crim. L. 467 (2009) (with Ellen Yaroshefsky)

Foreword, The Lawyer's Role in a Contemporary Democracy, 77 Fordham L. Rev. 1229 (2009)

Remembering Mary Daly: A Legal Ethicist Par Excellence, 83 St. John's L. Rev. 23 (2009)

The Market for Bad Legal Scholarship: William H. Simon's Experiment in Professional Regulation, 60 Stanford L. Rev. 1605 (2008)

"The U.S. Attorneys Scandal" and the Allocation of Prosecutorial Power, 69 Ohio St. L.J. 187 (2008) (with Fred C. Zacharias)

Some Realism About Bar Associations, 57 DePaul L. Rev. 425 (2008) (with Elizabeth Chambliss)

Criminal Defense Lawyering at the Edge – A Look Back, 36 Hofstra Law Rev. 353 (2007)

Teaching Lawyers Ethics, 51 St. Louis L.J. 1091 (2007)

Permissive Rules of Professional Conduct, 91 Minn. L. Rev. 265 (2006) (with Fred C. Zacharias)

Taking Cues: Inferring Legality from Others' Conduct, 75 Fordham L. Rev. 1429 (2006)
The Religious Lawyering Critique, 21 J. of Law & Religion 283 (2006)

Representing Children in Families – Foreword, 6 Nevada L. Rev. 571 (2006) (with Annette R. Appell)

"Anything Rather Than a Deliberate and Well-Considered Opinion"–Henry Lord Brougham, Written by Himself, 19 Georgetown J. Legal Ethics 1221 (2006) (with Fred C. Zacharias)

Reconceptualizing Advocacy Ethics, 74 George Washington L. Rev. 1 (2005) (with Fred C. Zacharias)

Foreword, Professional Challenges in Large Firm Practices, 33 Fordham Urb. L.J. 7 (2005)

Prosecutorial Neutrality, 2004 Wisconsin L. Rev. 837 (with Fred C. Zacharias)

Foreword, Colloquium, Deborah Rhode's *Access to Justice*, 73 Fordham L. Rev. 841 (2004)

Federal Court Authority to Regulate Lawyers: A Practice in Search of a Theory, 56 Vand. L. Rev. 1303 (2003) (with Fred C. Zacharias)

Prosecutorial Ethics as Usual, 2003 Illinois L. Rev. 1573

Criminal Neglect: Indigent Defense from an Ethics Perspective, 52 Emory Law Review 1169 (2003)

Regulating Federal Prosecutors' Ethics, 55 Vand. L. Rev. 381 (2002) (with Fred C. Zacharias)

Bar Association Ethics Committees: Are They Broken?, 30 Hofstra L. Rev. 731 (2002)

May Judges Attend Privately Funded Educational Programs? Should Judicial Education Be Privatized?: Questions of Judicial Ethics and Policy, 29 Fordham Urb. L.J. 941 (2002)

John D. Feerick: The Dean of Ethics and Public Service, 70 Fordham L. Rev. 2165 (2002)

Judicial Rationalizations for Rationing Justice: How Sixth Amendment Doctrine Undermines Reform, 70 Fordham L. Rev. 1729 (2002)

Thoughts About Corporate Lawyers After Reading *The Cigarette Papers*: Has the "Wise Counselor" Given Way to the "Hired Gun"?, 51 DePaul L. Rev. 407 (2001)

Reflections on the Ethics of Legal Academics: Law Schools as MDPs; or, Should Law Professors Practice What They Teach?, 42 S. Tex. L. Rev. 301 (2001)

Public Declarations of Professionalism, 52 S. Car. L. Rev. 729 (2001)

The Disciplinary Restrictions on Multidisciplinary Practice: Their Derivation, Their Development, and Some Implications for the Core Values Debate, 84 Minn. L. Rev. 1115 (2000)

The Uniqueness of Federal Prosecutors, 88 Georgetown L.J. 207 (2000) (with Fred C. Zacharias)

Must Government Lawyers "Seek Justice" in Civil Litigation?, 9 Widener J. Pub. L. 235 (2000)

There But for Fortune: Real-Life vs. Fictional "Case Studies" in Legal Ethics, 64 Fordham L. Rev. 977 (2000)

Rationing Lawyers: Ethical and Professional Issues in the Delivery of Legal Services to Low-Income Clients, 67 Fordham L. Rev. 1713 (1999)

Why Should Prosecutors "Seek Justice"?, 26 Fordham Urb. L.J. 609 (1999)

The Criminal Regulation of Lawyers, 67 Fordham L. Rev. 327 (1998)

Lawyers as Nonlawyers in Child-Custody and Visitation Cases: Questions From a "Legal Ethics" Perspective, 73 Ind. L.J. 665 (1998)

Lawyer Discipline: Conscientious Noncompliance, Conscious Avoidance, and Prosecutorial Discretion, 66 Fordham L. Rev. 1307 (1998)

Less is More: Teaching Legal Ethics in Context, 39 Wm. & Mary L. Rev. 357 (1998)

Conflicts of Interest in Legal Representation: Should the Appearance of Impropriety Rule Be Eliminated in New Jersey--Or Revived Everywhere Else?, 28 Seton Hall L. Rev. 315 (1997)

The Role of Personal Values in Professional Decisionmaking, 11 Geo. J. of Legal Ethics 19 (1997)

Conflicts of Interest in Litigation: The Judicial Role, 65 Fordham L. Rev. 71 (1996)

Whose Rules of Professional Conduct Should Govern Lawyers in Federal Court and How Should the Rules Be Created?, 64 George Washington L. Rev. 460 (1996)

Foreword: Children and the Ethical Practice of Law, in Ethical Issues in the Legal Representation of Children, 64 Fordham L. Rev. 1281 (1996) (with Bernardine Dohrn)

Contextualizing Professional Responsibility: A New Curriculum for a New Age, 58 Law & Contemp. Probs. 193 (1995) (with Mary Daly & Russell Pearce)

Policing Federal Prosecutors: Do Too Many Regulators Produce Too Little Enforcement?, 8 St. Thomas L. Rev. 69 (1995)

Of Laws and Men: An Essay on Justice Marshall's View of Criminal Procedure, 26 Ariz. St. L.J. 369 (1994) (with Daniel Richman)

Foreword, Ethical Issues in Representing Older Clients, 62 Fordham L. Rev. 961 (1994) (with Nancy Coleman)

Foreword, Urban Environmental Equity, 21 Fordham Urb. L.J. 425 (1994)

Lethal Fiction: The Meaning of "Counsel" in the Sixth Amendment, 78 Iowa L. Rev. 433 (1993) [reprinted in 6 Crim. Prac. L. Rev. 183 (1994)]

"The Whole Truth?": How Rules of Evidence Make Lawyers Deceitful, 25 Loyola of Los Angeles L. Rev. 699 (1992)

"Power, Not Reason": Justice Marshall's Valedictory and the Fourth Amendment in the Supreme Court's 1990-91 Term, 70 N.C.L. Rev. 373 (1992)

After the Fall: The Criminal Law Enforcement Response to the S&L Crisis, 59 Fordham L. Rev. S155 (1991)

Zealous Representation Bound: The Intersection of the Ethical Codes and the Criminal Law, 69 N.C.L. Rev. 687 (1991) [reprinted in 4 Crim. Prac. L. Rev. 323 (1992)]

"Hare and Hounds": The Fugitive Defendant's Constitutional Right to Be Pursued, 56 Brooklyn L. Rev. 439 (1990) [reprinted in 4 Crim. Prac. L. Rev. 67 (1992)]

The Good-Faith Exception to the Fruit of the Poisonous Tree Doctrine, 26 Crim. L. Bull. 509 (1990)

Doe v. Federal Grievance Committee: On the Interpretation of Ethical Rules, 55 Brooklyn L. Rev. 485 (1989)

"Through a Glass, Darkly": How the Court Views Motions to Disqualify Criminal Defense Lawyers, 89 Colum. L. Rev. 1201 (1989) [reprinted in 2 Crim. Prac. L. Rev. 551 (1990)]

14

Her Brother's Keeper: The Prosecutor's Responsibility When Criminal Defense Counsel Has a Conflict of Interest, 16 Am. J. Crim. L. 323 (1989)

"Package" Plea Bargaining and the Prosecutor's Duty of Good Faith, 25 Crim. L. Bull. 507 (1989)

Limits on a Prosecutor's Communications With Prospective Defense Witnesses, 25 Crim. L. Bull. 139 (1989)

A Prosecutor's Communications With Represented Defendants: What Are the Limits?, 24 Crim. L. Bull. 283 (1988)

The Ethical Prosecutor and the Adversary System, 24 Crim. L. Bull. 126 (1988)

Note, Court Appointment of Attorneys in Civil Cases: The Constitutionality of Uncompensated Legal Assistance, 81 Colum. L. Rev. 366 (1981)

Note, A Functional Analysis of the Effective Assistance of Counsel, 80 Colum. L. Rev. 1053 (1980)

### <u>Articles in Legal Periodicals</u>

"Firing of Jack Smith's Team Is A Threat to Rule of Law," Law360.com, Jan. 31, 2025, https://www.law360.com/articles/2291287/firing-of-jack-smith-s-team-is-a-threat-to-rule-of-law (with Rebecca Roiphe)

"New York Mayor Adams Attacks Fed Prosecutor's Independence, Appeals to Trump," N.Y.L.J., Jan. 24, 2025, https://www.law.com/nationallawjournal/2025/01/24/new-york-mayor-adams-attacks-fed-prosecutors-independence-appeals-to-trump/ (with Rebecca Roiphe)

"Attorney Discipline, the First Amendment, and You!", NYCLA, Nov. 29, 2022

"Let's Not Condemn All the Lawyers: How Lawyers in the Trump Administration Protected Democracy," National Law Journal, March 4, 2022, https://www.law.com/nationallawjournal/2022/03/04/lets-not-condemn-all-the-lawyers-how-lawyers-in-the-trump-administration-protected-democracy/

"The Objectionable Client," Litigation, vol. 48, no. 2, Winter 2022, p. 8

"A January Massacre Averted and the Lawyers Who Helped Avert It," NYLJ, Jan. 28, 2021, https://www.law.com/newyorklawjournal/2021/01/28/a-january-massacre-averted-and-the-lawyers-who-helped/?slreturn=20210028120632 (with Rebecca Roiphe)

"Resolving Ethics Questions in Good Faith," Litigation, vol. 46, no. 2, Winter 2020, p. 39

"The Judge in Epstein's Case Should Not Turn the Dismissal Into a Drama for the Victims," LAW.COM/NYLJ, Aug. 26, 2019, https://www.law.com/newyorklawjournal/2019/08/26/the-judge-in-epsteins-case-should-not-turn-the-dismissal-into-a-drama-for-the-victims/ (with Rebecca Roiphe)

"Should We Let Funders Invest in Law Firms?," Litigation, vol. 45, no. 4, Summer 2019, p. 10

"The Challenges and Rewards of Teaching Legal Ethics," The Professional Lawyer, vol. 25, no. 2 (2018), p. 3, https://www.americanbar.org/content/dam/aba/administrative/professional_responsibility/green_tpl_25_2.authcheckdam.pdf

"Threatening Litigation," Litigation, vol. 44, no. 1, Fall 2017, p. 13

"Balancing Act," ABA Journal, Nov. 2017, p. 24, available at: http://www.abajournal.com/magazine/article/opinion_gives_guidance_for_legal_services_lawyers_on_advising_with_nonlawye

"Handle With Care," Litigation, vol. 42, no. 4, Summer 2016, p. 9

"The Ethics of Global Litigation," Litigation, vol. 41, no. 4, Summer 2015, p. 9

"The Litigator's Monopoly," Litigation, vol. 40, no. 4, Summer 2014, p. 10

"Experiential Learning: Practice Makes Perfect," NYLJ, Apr. 21, 2014

"Two Wrongs Make it Worse in Cops' Retrial," Nat'l L.J., Sept. 13, 2013

"The Ethics-Procedure Dichotomy," Litigation, vol. 39, no. 3, Summer 2013, p. 11

"Federal Litigation: A "No-Contact" Sport?," Litigation, vol. 38, no. 4, Summer/Fall 2012, p. 11

"Prosecutors for Sale," Nat'l L.J., Oct. 1, 2012, p. 43

"Balancing Conscience and Confidentiality for Attorney Whistleblowers," Corporate Counsel, June 6, 2012 (with Jordan Thomas), available at: http://www.law.com/jsp/cc/PubArticleFriendlyCC.jsp?id=1202557377777

"The Perils of Sloppy Engagement Agreements," Litigation, vol. 38, no. 1, Fall 2011, p. 7

"The Perils of New Technology," Litigation, vol. 37, no. 4, Summer 2011, p. 6

"Criminal Justice: There's Always More to Learn," Criminal Justice, Summer 2011, p. 1

"What Use Are Legal Academics?," Criminal Justice, Spring 2011, p. 1

"Criminal Justice–What's Ahead?  Roadblocks and New Directions," Criminal Justice, Winter 2011, p. 1

"Thinking About White-Collar Crime and Punishment," Criminal Justice, Fall 2010, p. 1

"Question of the Week – Unauthorized Practice of Law," BNA's Corporate Counsel Weekly 372 (Dec. 9, 2009) [reprinted in BNA, "Legal Ethics for In-House Corporate Counsel," B-2601 (2010)]

Book Review [Peter A. Joy & Kevin C. McMunigal, Do No Wrong  - Ethics for Prosecutors and Defense Lawyers], The Champion 59-60 (Feb. 2009)

"Prosecutors' Professional Independence: Reflections on *Garcetti v. Ceballos*," Criminal Justice, Summer 2010, p. 4

"Deceitful Silence," Litigation, Winter 2007, p. 24

"Feeling a Chill," ABA Journal, Dec. 2005, p. 61 (with David C. Clifton)

"Prosecuting Means More Than Locking Up Bad Guys," Litigation, Fall 2005, p. 12

"Interviewing Corporate Client Officers and Employees: Ethical Considerations," ABA Section of Litigation, Committee on Corporate Counsel Newsletter, vol. 19, no. 1, p. 1 (Fall 2004) [reprinted in ABA Section of Litigation, Professional Liability Litigation [Newsletter], vol. 3, no. 1, p. 1 (Winter 2005)]

Client Confidences: Should Lawyers Be Allowed to Reveal Them to Prevent Death or Serious Bodily Harm?: Yes, New York Lawyer, Oct. 2001, p. 20

Adventures in the Mortgage Trade: A Case Study in Legal Ethics, 27 N.Y. Real Property Law Journal 49 (Spring, 1999) (with Joshua Stein) [also published in Commercial Real Estate Financing: What Borrowers and Lenders Need to Know 1999 vol. 2, p. 749 (PLI 1999)]

Lying Clients: An Age-Old Problem, Litigation, Fall 1999, p. 19 [updated and reprinted in Priscilla Anne Schwab, ed., *The Litigation Manual, First Supplement* 1105 (2007)]
When Conflicts of Interest Arise Unexpectedly, Litigation Ethics, Spring/Summer 1998, p. 11

The "No-Contact" Rule in New York State--Some Less Contentious Questions, N.Y. Professional Responsibility Report, Aug. 1998, p.1

The Ten Most Common Ethical Violations, Litigation, Summer 1998, p. 48 [reprinted in Trial (March 1999), p. 70; updated and reprinted in Priscilla Anne Schwab, ed., *The Litigation Manual, First Supplement* 1077 (2007)]

Teaching Legal Ethics in Context, 70 N.Y.S.B.J. 6 (May/June 1998) (with Mary Daly)

Ethical Issues in Representing Children, 7 The Professional Lawyer 9 (1996)

Federal Prosecutors' Ethics: Who Should Draw the Lines?, 7 The Professional Lawyer 1 (1995)

Ethical Issues in Representing Older Clients, 5 The Professional Lawyer 18 (1994)

Crime and Punishment After the S&L Crisis, 46 Consumer Finance L.Q. Rep. 195 (1992)

Conflicts of Interest in Corporate Criminal Cases, 1 Corp. Crim. & Const'l L. Rptr. 98 (1990)

"Judge Kennedy Might Not Meet Expectations of Administration," Nat'l L.J., Dec. 21, 1987, p. 20

Articles in *Federal Bar Council News*: "Privileges in the Corporate Context," vol. 12, no. 1, p. 4 (2005); "Ethics Reform in New York," vol. 11, no. 2, p. 11 (2004); "MJP for Litigators," vol. 10, no. 4, p. 14 (2003); "Privately-Funded Seminars for Judges," vol. 9, no. 5, p. 1 (2002); "Multijurisdictional Issues," vol. 7, no. 4, p. 11 (2000); "Moral Ambiguity/Ambiguous Morals: Morgan Stanley and the $10,000 Payment," vol. 6, no. 4, p. 1 (1999); "When Prosecutors Accuse Criminal Defense Lawyers of Wrongdoing," vol. 5, no. 5, p. 1 (1998); "Prosecuting Lawyers," vol. 5, no. 4, p. 11 (1998); "A View From The 'Ethics' Front," vol. 5, no. 3, p. 7 (1998); "Professional Detachment," vol. 4, no. 4, p. 8 (1997); "The Philosophy of Our Ethical Rules," vol. 4, no. 3, p. 23 (1997); "The President vs. Mrs. Jones," vol. 4, no. 1, p. 11 (1997); "Should Judges Promote Professionalism?," vol. 3, no. 4, p. 4 (1996); "Bad Arguments," vol. 3, no. 1, p. 7 (1996); "The Sins of the Lawyer (and the Procedural Consequences)," vol. 2, no. 4, p. 9 (1995); "Attorney Discipline in the Second Circuit," vol. 2, no. 2, p. 11 (1995)

## Books

*Professional Responsibility: A Contemporary Approach* (West Publ. 5th ed. 2023) (with Renee Knake Jefferson, Russell G. Pearce, Peter A. Joy, Sung Hui Kim, M. Ellen Murphy, Laurel S. Terry, Lonnie S. Brown, Jr. & Swethaa S. Ballakrishnen)

*Professional Responsibility: A Contemporary Approach* (West Publ. 4th ed. 2020) (with Renee Knake Jefferson, Russell G. Pearce, Peter A. Joy, Sung Hui Kim, M. Ellen Murphy, Laurel S. Terry & Lonnie S. Brown, Jr.)

*Professional Responsibility: A Contemporary Approach* (West, 3d ed. 2017) (with Russell G. Pearce, Renee Newman Knake, Peter A. Joy, Sung Hui Kim, M. Ellen Murphy & Laurel S. Terry)

*Professional Responsibility: A Contemporary Approach* (West, 2d ed. 2014) (with Russell G. Pearce, Daniel J. Capra, Renee Newman Knake & Laurel S. Terry)

*Professional Responsibility: A Contemporary Approach* (West, 2011) (with Russell G. Pearce & Daniel J. Capra)

*Tax Fraud and Money Laundering* (The John Marshall Publ. Co., 1993) (with Robert H. Hishon & Richard A. Westin)

Editor, *Government Ethics for the 1990's: The Collected Reports of the New York State Commission on Government Integrity* (Fordham Univ. Press, 1991)

## Book Chapters

Bar Authorities and Prosecutors (Chapter 15), in *Oxford Handbook on Prosecutors and Prosecution* (Ronald W. Wright et al., ed. 2021)

The flood of US lawyers: natural fluctuation or professional climate change?, in *Too Many Lawyers?  The future of the legal profession* 71-86 (Eyal Katvan et al., ed.) (Routledge 2017)

Attorneys' Conflicts of Interest in International Arbitrations, in *Contemporary Issues in International Arbitration and Mediation: The Fordham Papers 2014* 73-89 (Arthur W. Rovine, ed.) (Brill Nijhoff 2015)

Prosecutors' Ethics in Context: Influences on Prosecutorial Disclosure," in *Lawyers in Practice: Ethical Decision Making in Context* 269-92 (Leslie C. Levin & Lynn Mather, ed.) (University of Chicago Press 2012) (with Ellen Yaroshefsky)

"Rule 1.10: Imputation of Conflicts of Interest," <u>in</u> The New York Rules of Professional Conduct: Rules and Commentary 235-66 (2010) (NYCLA Ethics Inst., ed.)

"Rule 1.11: Special Conflicts of Interest for Former and Current Government Officers and Employees," <u>in</u> The New York Rules of Professional Conduct: Rules and Commentary 267-86 (2010) (NYCLA Ethics Inst., ed.)

"Rule 1.12: Specific Conflicts of Interest for Former Judges, Arbitrators, Mediators or Other Third-Party Neutrals," <u>in</u> *The New York Rules of Professional Conduct: Rules and Commentary* 287-95 (2010) (NYCLA Ethics Inst., ed.)

"Ethical Issues in Dealing with Experts," <u>in</u> *Litigators on Experts* 126 (ABA 2010) (with Lawrence J. Fox)

"Ethics in Criminal Advocacy," <u>in</u> The State of Criminal Justice 181 (2009) (with Ellen Yaroshefsky)

"Ethics in Criminal Advocacy," <u>in</u> *The State of Criminal Justice* 123 (2007-2008) (with Ellen Yaroshefsky)

"The Ethics of Marketing Legal Services," <u>in</u> *Effective Marketing for Lawyers* (N.Y.S. Bar Ass'n 1996) (with Russell Pearce), and *Effective Marketing for Lawyers* (N.Y.S. Bar Ass'n 2d ed. 2005) (with Russell Pearce)

Reporter to *Evidence in America*: The Federal Rules in the United States (1989-91 supp., Fed. R. Evid. 801, 802, and 804)

### <u>Other Legal Writings</u>

"When the Prosecutor Becomes the Judge," ACSblog, Feb. 25, 2016, https://www.acslaw.org/acsblog/when-the-prosecutor-becomes-the-judge

"A Professional Responsibility Perspective on Turner v. Rogers," Concurring Opinions, June 2, 2011, http://concurringopinions.com/archives/author/bruce-green

"Interviewing Corporate Client Officers and Employees: Ethical Considerations," <u>in</u> ABA Section of Litigation, 2004 Annual Conference

Report of the Commission on Multijurisdictional Practice (Aug. 2002)

"Representing Corporations Under Fire: Ethical Considerations – A Hypothetical," and "Representing Corporations Under Fire: Ethical Considerations," <u>in</u> MCLE Marathon 2002 521, 527 (PLI 2002)

Interim Report of the Commission on Multijurisdictional Practice (Nov. 2001)

"A Guide to Professionalism Commissions" report of the ABA Standing Committee on Professionalism (2001)

"Recent Federal Court Decisions in Professional Responsibility," in Current Developments in Federal Civil Practice 2001 413 (PLI 2001) (with Mary Lu Bilek)

Editor, *Litigation Ethics: Course Materials for Continuing Legal Education* (ABA Section of Litigation 2000) (with John Q. Barrett)

"Assisting Clients with Multi-State and Interstate Legal Problems: The Need to Bring the Professional Regulation of Lawyers into the 21st Century" (report summarizing the proceedings of the Symposium on the Multijurisdictional Practice of Law) (June 2000)

"Recent Federal Court Decisions in Professional Responsibility," in Current Developments in Federal Civil Practice 1999 311 (PLI 1999)

"The Duty to Report Ethical Misconduct," in ABA Section of Family Law, *1998 Annual Meeting* 17 (July 31-Aug. 3, 1998)

"Local Rules Limiting Attorney Speech in Criminal Proceedings" (Federal Bar Council, June 1996) (principal author)

"Establishing Ethical Standards for Federal Prosecutors and Defense Attorneys," 49 The Record of the Assn. of the Bar of the City of New York 21 (1994) (principal author)

"Ex Parte Contacts With Employees of a Corporate Party in Civil Litigation," in ABA Section of Litigation, *Best Evidence Seminar* 41 (Apr. 19, 1991)

"Use of an Attorney's Statements Against His or Her Client," in ABA Section of Litigation, Best Evidence Seminar 35 (Mar. 9-10, 1990)

## **Articles in Non-legal Publications**

"Ed Martin is the wrong person to investigate Biden-era prosecutors," The Hill, Feb. 8. 2025, https://thehill.com/opinion/5133395-edward-martin-jan6-investigation/ (with Rebecca Roiphe)

"Political warfare: Why the House accusations against Liz Cheney are baseless and wrong," The Hill, Jan. 8 2025, https://thehill.com/opinion/congress-blog/5071600-house-republicans-weaponize-professional-conduct-liz-cheney/

"Opinion: Defendants in the Georgia election case have no reason to complain — even if the Fani Willis allegations are true," CNN, Jan. 25, 2024, https://edition.cnn.com/2024/01/24/opinions/fani-willis-trump-georgia-election-case-green/index.html

Letter to the Editor, NY Times, June 1, 2023 (with Nora Freeman Engstrom)

"What's Wrong With Getting a Little Free Legal Advice?", NY Times, March 17, 2023 (with David Udell)

"Congress must protect DOJ's independence," NY Daily News, Oct. 14, 2021, Congress must protect DOJ's independence - New York Daily News (nydailynews.com) (with Rebecca Roiphe)

"As the Giuliani case goes forward, courts should think deeply about the First Amendment," Washington Post, June 25, 2021, Opinion | As the Giuliani case goes forward, courts should think deeply about the First Amendment - The Washington Post (with Rebecca Roiphe)

"Is Jeffrey Clark's Secret Conversation With Trump 'Privileged'?", Just Security, Feb. 5, 2021, Is Jeffrey Clark's Secret Conversation With Trump "Privileged"? (justsecurity.org) (with Rebecca Roiphe)

"Trump's lawsuits are good for American democracy," The Hill, Nov. 9, 2020, https://thehill.com/opinion/white-house/525008-trumps-lawsuits-are-good-for-american-democracy (with Rebecca Roiphe)

"Congress Needs to Empower DOJ IG to Hold Prosecutors Accountable," Bloomberg Law, Oct. 2, 2020 (with Rebecca Roiphe), https://news.bloomberglaw.com/us-law-week/congress-needs-to-empower-doj-ig-to-hold-prosecutors-accountable?context=search&index=3

"A Lawyer's Client was Abused by his Father. But he also Paid the Lawyer's Fees. Now the Client is on Death Row." Newsweek, Mar. 11, 2019, https://www.newsweek.com/acklin-alabama-lawyer-fee-conflict-scotus-1358937

"Pardoning Paul Manafort might not be such a bad idea if Donald Trump wants to take a risk," USA Today, Aug. 27, 2018, https://www.usatoday.com/story/opinion/2018/08/27/paul-manafort-convicted-trump-pardon-obstruction-justice-column/1083646002/ (with Rebecca Roiphe)

"Judge Kavanaugh and Justice Kennedy do not have conflicts of interest," The Hill, July 13, 2018 (with Rebecca Roiphe), http://thehill.com/opinion/judiciary/396922-judges-kavanaugh-and-justice-kennedy-do-not-have-conflicts-of-interest

"The president is the chief executive, but does not control the Mueller probe," The Hill, March 26, 2018, http://thehill.com/opinion/white-house/380036-the-president-is-the-chief-executive-but-does-not-control-the-mueller (with Rebecca Roiphe),

"Third Party Legal Fee Payments – A Problem for Trump But Not for Corporations (Perspective)," Oct. 3, 2017, https://biglawbusiness.com/third-party-legal-fee-payments-a-problem-for-trump-but-not-for-corporations-perspective/

"Are Systemic Legal Problems Like Public Health Problems? (Perspective)," Bloomberg Law, June 9, 2017, https://bol.bna.com/are-systemic-legal-problems-like-public-health-problems-perspective/

"Trump Should Hire His Own Lawyers to Defend Emoluments Suit (Perspective)," Bloomberg Law, May 3, 2017, https://bol.bna.com/trump-should-foot-legal-bill-to-defend-emoluments-suit-perspective/

"Justice Gorsuch Should Take Inspiration From John Adams (Perspective)," Bloomberg Law, April 13, 2017, https://bol.bna.com/justice-gorsuch-should-take-inspiration-from-john-adams-perspective/

"Michael Flynn Should Listen to a Lawyer (Perspective)," Bloomberg Law, April 3, 2017, https://bol.bna.com/michael-flynn-should-listen-to-a-lawyer-perspective/

"Trump Loves 'Fake Judges,' Can't Stand Real Judges (Perspective)", Bloomberg Law, March 28, 2017, https://bol.bna.com/trump-loves-fake-judges-cant-stand-real-judges-perspective/

"Bharara Firing Shows Trump's Ethics Problem, Says Law Professor (Perspective)," Bloomberg Law, March 13, 2017, https://bol.bna.com/bharara-firing-shows-trumps-ethics-problem-says-law-professor-perspective/

"What Michael Bloomberg can teach Donald Trump about ethics," Newsday, Jan. 21, 2017, http://www.newsday.com/opinion/commentary/what-michael-bloomberg-can-teach-donald-trump-about-ethics-1.12991254

**Participation in Professional and Academic Programs (since January 2010)**

Panelist, "Prosecutorial Ethics," 2025 Stetson Law Review Symposium, Prosecutorial Independence and White Collar Crime, Stetson Univ. College of Law, March 28, 2025

Discussant, Access to Justice Roundtable, Vanderbilt Law School, March 21, 2025

Presenter, "*Brady* Workshop," Notre Dame Law School, Keough School of Global Affairs Washington Office, Feb. 21, 2025

Moderator, "Restorative Justice in Practice: Perspectives from the Bench, Defense, and Prosecution," Symposium on Restorative Pathways: Reimagining Justice Reform for a Better Tomorrow, Fordham Law School, Feb. 14, 2025

Co-speaker, "Using AI Ethically to Review Cases," Conviction Integrity/Wrongful Convictions Monthly Meeting & Training, Quattrone Center for the Fair Administration of Justice, Feb. 12, 2025 (online)

Co-panelist, "Hot Topics in Legal Ethics in 2025," Federal Bar Council, Feb. 13, 2025

Co-speaker, "Is Criminal Justice About Truth?," Ethics Breakfast Series, Dirah Brooklyn, Jan. 12, 2025

Presenter, "Court-Ordered Representation in Adjudication and Professional Discipline: Mandatory Pro Bono as Payback," Symposium, Beyond Mandatory Pro Bono: Compulsory Lawyer Mechanisms in Access to Justice, National University of Singapore, Dec. 5, 2024 (online)

Panelist, "41st Annual Section 1983 Civil Rights Litigation," PLI, Nov. 22, 2024

Speaker, "Everything You Ever Wanted to Know About Conflicts of Interest, But Were Afraid to Ask," District of Arizona Mandatory CJA Ethics Training, Oc5. 16, 2024 (online)

Panelist, "The Role of Lawyers in Defending Democracy," Hofstra Law School, Sept. 27, 2024

Panelist, "Ethical Considerations for Corporate Investigations," New York City Bar, Sept. 25, 2024

Presenter, "Challenges in the Regulation of Prosecutors: experiences and thoughts from the US," Center for Constitutional Studies of the Mexican Supreme Court of Justice (Centro de Estudios Constitucionales de la Suprema Cort de Justicia de la Nacion), Mexico City, Mexico, Sept. 13, 2024

Co-Presenter, "Replacing This Old House: Certifying and Regulating New Legal Services Providers," Symposium on New Frontiers in Attorney Regulation," Washington Univ. (St. Louis) School of Law, Sept. 6, 2024 (online)

Presenter, "Prosecutorial Independence," Special Workshop on Research Handbook on the Sociology of Legal Ethics, International Legal Ethics Conference 2024, Amsterdam, The Netherlands, July 18, 2024

Panelist, "Lawyers Challenging the Rule of Law," International Legal Ethics Conference 2024, Amsterdam, The Netherlands, July 17, 2024

Moderator, "The Role of the Legal Profession in a Time of Crisis – Part 2: Democracy and Insurrection," online program co-sponsored by Hofstra Law's Freedman Institute and Fordham Law's Stein Center for Law and Ethics, Apr. 11, 2024

Panelist, "This Just In!  Annual Highlights from the ABA Center for Professional Responsibility," ABACLE webinar, Mar. 18, 2024

Panelist, "Cutting Edge Ethics Issues When Dealing With New Technologies," NYSBA Dispute Resolution Section, Mar. 5, 2024

Panelist, "Criticizing and Baiting Judges: The Limits of Aggressive Advocacy," The Eastern District Association, Brooklyn, NY, Feb. 16, 2024

Moderator, Panel on "the Movement Toward Democratizing the Law," Symposium on "With People Struggling and the Law Failing, What are the Solutions to the Access to Justice Crisis in America?", Fordham Law School, Feb. 9, 2024

Panelist, "Ethics for Mediators and Counsel," 18th Annual Conference on International Arbitration and Mediation, Fordham Law School, Nov. 17, 2023

Panelist, "Hot Topics in Ethics," Federal Bar Council Fall Bench and Bar Retreat, Westbrook, Connecticut, Nov. 5, 2023

Panelist, "Ethical Considerations for Corporate Investigations," New York City Bar, Oct. 4, 2023

Panelist, "More than Sports: What Comes After NIL," Texas A&M School of Law, Sept. 29, 2023

Presenter, "Prosecutorial Independence," Research Committee on Sociology of Law Annual Conference, Lund University, Sept. 1, 2023

Speaker and moderator, conference on "Oversight of prosecutorial decision making and conduct," Georgia State University School of Law, Aug. 18, 2023

Panelist, "Lawyers Behaving Badly: Sanctions, Suspensions and General Shenanigans," New York Women's Bar Ass'n, April 25, 2023

Panelist, "Ethical Challenges for Government Lawyers," Denver Law Review Symposium on The Watergate State, Denver Law School, Apr. 14, 2023

Moderator and discussant, "The Future of Prosecution," Fordham Law School, March 3, 2023

Speaker, "Should Courts Authorize Nonlawyers to Practice Law?," Access to Justice: 2023 Stanford Law Review Symposium, Stanford Law School, Feb. 10, 2023

Moderator, "Outside Counsel Guidelines: Fair or Foul?," Association of Professional Responsibility Lawyers 2023 Midyear Meeting, New Orleans, LA, Feb. 3, 2023

Panelist, "Ethics in Criminal Advocacy," Federal Bar Council, Jan. 27, 2023

Panelist, "Witness Ethics: Avoiding the Minefields," ABA Section of Litigation, Dec. 14, 2022

Panelist, "How new technologies are transforming the provision of legal services: analysis and strategy," Third Symposium on Technology, Legal Services, and Legal Education, Fordham Law School, Dec. 9, 2022

Panelist, "The Latest Changes to New York's Law of Lawyering," NYS Bar Ass'n, Dec. 7, 2022

Panelist, "Ethics for Corporate Counsel 2022," NYS Bar Ass'n Corporate Counsel Section, Nov. 3, 2022

Panelist, Symposium on Reform-Minded Prosecution, Georgetown Law School, Oct. 31, 2022

Panelist, Short Circuit Live in NYC, Institute for Justice, NY, NY, Oct. 30, 2022

Speaker, "Why State Courts Should Authorize Non-lawyers to Practice Law," Stein Center colloquium, Fordham Law School, Oct. 21, 2022

Speaker, "Should Prosecutors Be Expected to Rectify Wrongful Convictions?", Texas A&M Law School, Sept. 30, 2022

Panelist, "Ethical Considerations for Corporate Investigations: Views from All Sides," NY City Bar, Sept. 14, 2022

Panelist, "Conflicts of Interest: Evaluating the Current Framework," International Legal Ethics Conference IX, UCLA, Aug. 15, 2022

Panelist and Chair, "Prosecution amid Political Contestation and Polarization," International Legal Ethics Conference IX, UCLA, Aug. 13, 2022

Speaker, "Cutting Edge Ethical Dilemmas in Criminal Defense," NY County Defender Services, July 12, 2022

Co-presenter, "A Progressive Theory of Progressive Prosecution," Criminal Justice Ethics Schmooze, NY Law School, June 10, 2022

Presenter, "Why State Courts Should Authorize Non-lawyers to Practice Law," A2J Roundtable, Fordham Law School, May 20, 2022

"Should You Have to Be a Lawyer to Do That?," Howard Lichtenstein Distinguished Professorship in Legal Ethics Lecture, Hofstra Law School, April 21, 2022

Moderator, panel on "Lawyering in Private: Privilege and Confidentiality – Sacred Protection or Overused Cloak of Secrecy?," Symposium on Lawyering for the President: Testing the Limits of Ethics and Professionalism, University of Georgia School of Law (virtual), Feb. 25, 2022

Panelist, "Ethical Considerations for Corporate Investigations: Views from All Sides," N.Y. City Bar, Sept. 23, 2021

Moderator, "Lawyering in the DC Spotlight," ABA National Conference on Professional Responsibility, June 4, 2021

Co-moderator, "Ethical Issues in Crisis Lawyering," Fordham Law School, March 16, 2021

Presenter, symposium on "The Ethics of Government Service," Notre Dame Law School, Feb. 13, 2021

Panelist, "From Rudy Giuliani to Josh Hawley: What is the Role of Lawyer Discipline?," Hofstra Law School, Jan. 27, 2020

Panelist, Report by the Working Group on Litigation Funding, N.Y. City Bar, Jan. 26, 2020

Co-speaker, "Ethical Obligations in Misdemeanor Courts," ABA Public Defense Summit, Jan. 22, 2020

Co-interviewee, "Prosecutorial Discretion: Police Killings and Sexual Abuse," Talks on Law, recorded Dec. 8, 2020, available at:: https://www.talksonlaw.com/talks/prosecutorial-discretion-police-killings-and-sexual-abuse

Panelist, "The Next 50: Looking to the Future of Criminal Justice Ethics," Hofstra Law School, Nov. 16, 2020

Moderator, "The Problem of Lawyers' Mental Health in the Decade of the 2020s," symposium on Mental Health and the Legal Profession, Fordham Law School, Nov. 6, 2020

Panelist, "Lawyer Discipline and Executive Branch Lawyers," Cardozo Law School, Oct. 29, 2020

Panelist, "Ethical Considerations for Corporate Investigations in the World of Covid-19," N.Y. City Bar, Sept. 17, 2020

Co-speaker, "CJS History: The History of the CJS Standards Project," The JustPod, Aug. 20, 2020, https://www.buzzsprout.com/252350/4970960-cjs-history-the-history-of-the-cjs-standards-project

Commenter, "Discussion Group: State Your Case: The Influence of State Court Decisions, Tribal Courts, and State and Local Level Reforms on Criminal Practice," Southeastern Association of Law Schools 2020 Annual Conference, Aug. 3, 2020

Speaker, "Discussion Group: Prosecution: Implications of the Progressive Prosecution Movement," Southeastern Association of Law Schools 2020 Annual Conference, Aug. 2, 2020

Faculty, "Are Outside Counsel Guidelines a Threat to the Practice?," ABA webinar, April 20, 2020

Co-speaker, "Ethical Issues in the Practice of the Attorney General's Office," Office of the NYS Attorney General, Feb. 13, 2020

Panelist, "Ethical Considerations for Corporate Lawyers in 2020," Cardozo Law School, Feb. 5, 2020

Panelist, "Achieving Access to Justice Through ADR: Fact or Fiction?," Fordham Law School, Nov. 1, 2019

Panelist, discussion of Lonnie T. Brown, Jr., Defending the Public's Enemy: The Life and Legacy of Ramsay Clark, University of Georgia School of Law, Oct. 3, 2019

Panelist, "Ethical Considerations for Corporate Investigations: Views from All Sides," N.Y. City Bar, Sept. 18, 2019

Moderator, "Risky Business: The Mueller Minefield and Ethical Dilemmas for Lawyers Involved in Government Investigations," ABA 2019 Annual Meeting, San Francisco, California, Aug. 9, 2019

Panelist, "'Less fast, Less Furious'?: Protecting Clients & the Public in an Era of Regulatory Reform," Association of Professional Responsibility Lawyers 2019 Annual Meeting, San Francisco, California, Aug. 9, 2019

Moderator, "Discussion Group: A 2020 Vision of Criminal Prosecution and Defense," Southeastern Association of Law Schools 2019 Annual Conference, Boca Raton, Florida, July 30, 2019

Speaker, "Discussion Group: Vulnerable People, Fragile Rights, Criminal Justice," Southeastern Association of Law Schools 2019 Annual Conference, Boca Raton, Florida, July 28, 2019

Presenter, Legal Ethics and Fiduciaries Workshop, Kylemore Abbey Global Center, University of Notre Dame, Connemara, County Galway, Ireland, June 20-21, 2019

Moderator, "Hard Legal Ethics Questions – How to Resolve Them or, Even Better, Avoid Them," NY City Bar, May 16, 2019

Panelist, "Litigators and Witnesses: Ethical Considerations and Limitations," NELA/NY Spring Conference, NY, NY, May 10, 2019

Panelist, "Conversations on the Warren Court's Impact on Criminal Justice – After 50 Years," Stetson University College of Law, April 5, 2019

Co-panelist, "Legal Ethics and Professional Responsibility," Legal Issues in Museum Administration 2019, ALI-CLE, Washington, DC

Speaker, "Prosecutorial Discretion: The Difficulty and Necessity of Public Inquiry," Symposium on Discretion and Misconduct: Examining the Roles, Functions, and Duties of the Modern Prosecutor, Penn State - Dickinson Law School, March 15, 2019

Panelist, "Avoiding Ethical Pitfalls in a Complicated Business Environment," Cardozo Law School, Feb. 27, 2019

Panelist, "Special Counsel Investigations and Legal Ethics," Duquesne University School of Law, Feb. 8, 2019

Speaker, "Current Developments in internal investigations in US Criminal Law and Procedure," Internal Investigations – Comparative Workshop on US, UK and German Law, House of Finance, Goethe University, Frankfurt, Germany, Jan. 31, 2019

Panelist, "The Ethical Obligations of a Lawyer to Learn the True Facts," NYS Bar Ass'n Annual Meeting, Jan. 15, 2019

Panelist, "Refresher Ethics: Steering Clear of Witness Minefields," ABA Webinar, Dec. 18, 2018

Panelist, "The Ethics of Copyright Trolling (And More): A Game Show," the Copyright Society of America, NY, NY, Dec. 13, 2018

Panelist, "Ethics for Corporate Counsel," NYSBA Corporate Counsel Section, NY, NY, Nov. 30, 2018

Co-presenter, "May Federal Prosecutors Take Direction from the President?," Faculty workshop, Rutgers Law School (Newark), Nov. 29, 2018

Moderator, "Lies, Damned Lies and 'Alternative Facts,'" ABA Center for Professional Responsibility, Webinar, Oct. 11, 2018

Panelist, "Ethical Considerations for Corporate Investigations: Views from All Sides," N.Y. City Bar, Oct. 4, 2018

Panelist, "Polish Your Ethics: Legal Sand Traps Trial Lawyers Should Avoid," 2018 Annual Meeting, American College of Trial Lawyers, New Orleans, Louisiana, Sept. 27, 2018

Discussant, "Discussion Group: The Ethics of Legal Education," 2018 Annual Conference, Southeastern Association of Law Schools, Ft. Lauderdale, Florida, August 9, 2018

Moderator, "Discussion Group: Judging – 50 Years After the Chicago Seven Trial," al Defense," 2018 Annual Conference, Southeastern Association of Law Schools, Ft. Lauderdale, Florida, August 7, 2018

Discussant, "Discussion Group: Conversations on the Warren Court's Impact on Criminal Justice," 2018 Annual Conference, Southeastern Association of Law Schools, Ft. Lauderdale, Florida, August 6, 2018

Panelist, "Litigators' Ethics CLE," 2018 Second Circuit Judicial Conference, Saratoga Springs, NY, June 14, 2018

Presenter, "More than a Stern Rebuke: A 'Broken Windows' Strategy for Judges Policing Prosecutors," Criminal Justice Ethics Schmooze, Brooklyn Law School, June 11, 2018

Panelist, "Ethics of Working with Witnesses, ABA Webinar, recorded June 6 2018, to be aired Aug. 15, 2018

Moderator, "Lies, Damned Lies and 'Alternative Facts,'" 44th ABA National Conference on Professional Responsibility, Louisville, Kentucky, May 31, 2018

Panelist, "Social Media: Legal, Ethical and Practical Considerations for Lawyers," Federal Bar Council, Bridgeport, Connecticut, May 21, 2018

Moderator, "An Ounce of Prevention: How to Reduce Liability, Disciplinary and Reputational Risks, N.Y. City Bar, May 16, 2018

Panelist, "Ethics: Financing Mass Torts," 2018 Drug & Medical Device Seminar, Defense Research Institute, NY, NY, May 11, 2018

Presenter, "Professional Discipline of US Advocates," Workshop on "Regulating Lawyers Through Disciplinary Systems," International Institute for the Sociology of Law, Oñati, Spain, April 26, 2018

Panelist, "Sentencing Reform from the Bench: The Emerging Role of District Court Judges," NYU Annual Survey of American Law, NYU School of Law, March 26, 2018

Panelist, "Ethical Pitfalls and Pratfalls in Corporate Representations: Conflicts, Waivers, and Common Interest and Joint Defense Agreements," Cardozo Law School, March 7, 2018

Panelist, "Prying Eyes: Think Confidential and Privileged Client Information is Safe at the Border: Think Again," 32nd Annual National Institute on White Collar Crime, ABA, San Diego, CA, March 2, 2018

Moderator, "Creating Groundbreaking Research on Neuroscience and Law," conference on The Future of Neuroscience and Law, Fordham Law School, Feb. 21, 2018

Panelist, Litigation Ethics and New Technology, Federal Bar Council 2018 Winter Bench & Bar Conference, Nevis, Feb. 16, 2018

Speaker, "Love in the Time of Cholera or Ethics in the Time of Trump?," McInerney Inn of Court, U.S. Courthouse, SDNY, NY NY, Feb. 7, 2018

Panelist, "Whistleblowers, Reporting Up, and the Professional Rules of Ethics, NYS Bar Ass'n Annual Meeting, NY, NY, Jan. 24, 2018

Co-chair and co-moderator, "Ethical Issues in Pro Bono Representation," PLI, Dec. 14, 2017

Organizer and commentator, "Regulation of Legal and Judicial Services Conference: Comparative and International Perspectives," Stein Center for Law and Ethics, Fordham Law School, Dec. 8-9, 2017

Panelist, "Ethics in Legal Practice: An Update and Review of Recent Ethics Opinions in 2017," NYS Bar Ass'n, Albany, NY, Dec. 6, 2017

Moderator, "Ethics and Criminal Justice Hypotheticals," Appellate Division, Third Department, Albany, NY, Oct. 31, 2017

Panel moderator, "Access to Justice and the Legal Profession in an Era of Contracting Civil Liability," Fordham Law School, Oct. 27, 2017

Panelist, "The Death of Conflicts," Federal Bar Council Fall Bench & Bar Retreat, New Paltz, NY, Oct. 22, 2013

Speaker, "The Right to Two Criminal Defense Lawyers," Symposium on Disruptive Innovation in Criminal Defense, Mercer University School of Law, Oct. 6, 2017

Panelist, "Ethical Considerations for Corporate Investigations: Views from All Sides," N.Y. City Bar, Sept. 27, 2017

Presenter, "Comparative Approaches to Regulation and Protection of Lawyers," 2017 Seasonal Meeting of the NYSBA International Section, Antigua, Guatemala, Sept. 14, 2017

Panelist, "Prying Eyes: Think Confidential and Privileged Client Information is Safe at the Border? Guess Again.," ABA CLE Showcase Program, ABA 2017 Annual Meeting, NY, NY, Aug. 11, 2017

Panelist, "Defending the Public's Enemy: The Journey of Ramsay Clark," 2017 Annual Conference, Southeastern Association of Law Schools, Boca Raton, Florida, August 3, 2017

Discussant, "Discussion Group: Reflections on the 2016 ABA Report on the Future of Legal Services in the United States," 2017 Annual Conference, Southeastern Association of Law Schools, Boca Raton, Florida, August 3, 2017

Discussant, "Discussion Group: Incorporating Developments in Forensic Science and Technology into the Criminal Justice System," 2017 Annual Conference, Southeastern Association of Law Schools, Boca Raton, Florida, August 2, 2017

Discussant, "Discussion Group: Criminal Justice and Technology: Changes in Law, Practice, and Culture," 2017 Annual Conference, Southeastern Association of Law Schools, Boca Raton, Florida, August 1, 2017

Moderator & organizer, "Discussion Group: Disruptive Innovation in Criminal Defense," 2017 Annual Conference, Southeastern Association of Law Schools, Boca Raton, Florida, July 31, 2017

Co-presenter, "The President, the Department of Justice, and Prosecutorial Independence" (work-in-progress), Legal Ethics Schmooze, UCLA, July 21, 2017

Panelist, "Ethics for OAG Lawyers," Office of the NYS Attorney General, June 20, 2017
Moderator, "A Difference of Opinion: Federal-State Conflict in Lawyer Ethics Matters," ABA 43rd National Conference on Professional Responsibility, St. Louis, Missouri, June 2, 2017

Presenter, work-in-progress, "Academic Scholarship Roundtable," ABA 43rd National Conference on Professional Responsibility, St. Louis, Missouri, June 2, 2017

Presenter on Legal Ethics, Office of the Public Defender, Tel Aviv, Israel, May 22, 2017

"Candor to the Court and Client," Annual Lecture on Legal Ethics, The David Weiner Center for Lawyers' Ethics and Professional Responsibility, The Haim Striks School of Law - The College of Management and Academic Studies, Rishon LeZion, Israel, May 21, 2017

Moderator, "Ethical Issues in Criminal Defense and Prosecution: the Role of Rules, Standards, Case Law and Professional Judgment," ABA Criminal Justice Section Spring Meeting, Jackson Hole, Wyoming, May 5, 2017

Co-presenter, ethics training, Federal Defender - Eastern District of Pennsylvania, Philadelphia, PA, May 2, 2017

Panelist, "Common Ground on Criminal Discovery and the Future of Brady v. Maryland, 2017 Spring Symposium: Finding Common Ground: Preventing Errors in Criminal Justice, Quattrone Center for the Fair Administration of Justice, University of Pennsylvania Law School, April 21, 2017

Moderator, "Working Ethically with Non-Lawyer Professionals in Public Interest Settings," Fordham Law School, March 30, 2017

Panelist, "Ethical Considerations for the Business and Corporate Attorney," Cardozo Law School, March 7, 2017

Panelist, "Timely Ethics Issues: Interacting With Witnesses, Firm General Counsel," 2017 Winter Bench & Bar Conference, Federal Bar Council, Palm Springs, California, Feb. 24, 2017

Presenter, "The Challenges and Rewards of Teaching Legal Ethics," 2017 Legal Ethics Conference – New Challenges in Legal Ethics, California Western School of Law, Feb. 11, 2017

Presenter, Symposium, "Protect and Serve: Perspectives on 21st Century Policing," Univ. of Georgia School of Law, Jan. 27, 2017

Panelist, "The Attorney's Role in Promoting a Strong Corporate Culture," NYSBA Annual Meeting, Business Law Section & Corporate Counsel Section, NY, NY, Jan. 25, 2017

Co-presenter, "Immigration Ethics," Justice AmeriCorps Year 3 National Training, Potomac, Maryland, Jan. 11, 2017
Co-chair and co-moderator, "Ethical Issues in Pro Bono Representation," PLI, Dec. 15, 2016

Panelist, "Managing Your Client's Image in the Court of Public Opinion," NYCLA, Nov. 16, 2016

Panelist, "Wearing Two Hats as a Neutral and an Attorney: How to deal with inconsistent mandates in the ethical codes for lawyers and neutrals," NYSBA Dispute Resolution Section Fall Meeting, NY Law School, Oct. 28, 2016

Co-panelist, "Ethical considerations when representing clients with, or defending actions brought by individuals with, mental disabilities and impairments," Disability Law Forum, N.Y. City Bar, Oct. 13, 2016

Panelist, "Ethical Considerations for Corporate Investigations: Views from All Sides," N.Y. City Bar, Sept. 21, 2016

Moderator & organizer, "Discussion Group: Re-imagining the Ideal Role of Prosecutors," 2016 Annual Conference, Southeastern Association of Law Schools, Amelia Island, Florida, August 6, 2016

Discussant, "The Future of Legal Ethics Scholarship: Are We in the End Days or Just Getting Started?" 2016 Annual Conference, Southeastern Association of Law Schools, Amelia Island, Florida, August 5, 2016

Organizer, The Ethics and Regulation of Lawyers Worldwide: Comparative and Interdisciplinary Perspectives, Seventh biannual International Legal Ethics Conference, International Association of Legal Ethics, New York, July 14-16, 2016

Co-presenter, "Rethinking Prosecutors' Conflicts of Interest," CrimFest, Cardozo Law School, July 12, 2016

Presenter, "The Price of Judicial Economy in the US," Workshop on "Too Few Judges? Regulating the Number of Judges in Society," International Institute for the Sociology of Law, Oñati, Spain, July 1, 2016

Panelist, "Corruption Scandals, the Panama Papers, and the Transnational Lawyer in Latin America: Strengthening the Profession through Better Ethics Standards," NY City Bar, June 6, 2016

Moderator, "The Decision-Making Conundrum When Representing a Child or Mentally Impaired Adult," ABA National Conference on Professional Responsibility, Philadelphia, PA, June 3, 2016

Panelist, "Litigators' Ethics: An Interactive Discussion of Problems of Confidentiality and Disclosure," 2016 Second Circuit Judicial Conference, Saratoga, NY, May 25, 2016
Moderator, "Ethics Gumbo: First You Make a Roux," ABA National Legal Malpractice Conference, New Orleans, Louisiana, April 28, 2016

Panelist, "Surveillance and the Attorney-Client Relationship: Recent International Developments," Seventh International Professional Responsibility Conference, Association for Professional Responsibility Lawyers, Paris, France, April 13, 2016

Presenter, "Ethics in Class Actions: 2015-16 Update," Institute for Law & Economic Policy, 22nd Annual Symposium, April 8, 2016, Miami Beach, Florida

Moderator, "Brandeis and Lawyering (II)," Conference on Louis D. Brandeis: An Interdisciplinary Perspective, Touro Law Center, Mar. 31, 2016

Speaker, Georgetown Journal of Legal Ethics Symposium on "Remaining Ethical Lawyers in a Changing Profession," Georgetown Univ. Law Center, Mar. 18, 2016

Panelist, "Current Issues in Corporate Representation," Cardozo Law School, Feb. 9, 2016

Panelist, "Watch Out Below! Avoiding Ethical Pitfalls in Class Action Litigation," NYSBA Antitrust Law Section, Annual Meeting, NY, NY, Jan. 28, 2016

Moderator, "Ethics in Criminal Practice, The Hardest Questions Today: A Conversation in Honor of Monroe Freedman," AALS Annual Conference, NY, NY, Jan. 7, 2016

Co-chair and co-moderator, "Ethical Issues in Pro Bono Representation," PLI, Dec. 11, 2015

Panelist, "Social Responsibility of Corporations," CJS Global White Collar Crime Institute, ABA Criminal Justice Section & KoGuan Law School, Shanghai, China, Nov. 20, 2015

Presenter & Facilitator, Professional Responsibility and Ethics in the Global Legal Market, Moscow State University Law School, Moscow, Russia, Oct. 28-31, 2015

Panelist, "What Line? Reining in Prosecutorial Excesses: The Ethics and Strategy of Negotiations," NACDL's 11th Annual White Collar Crime Seminar, Fordham Law School, Oct. 22, 2015

Panelist, "Ethical Considerations for Corporate Investigations: Views from All Sides," N.Y. City Bar, Sept. 11, 2015

Discussant, "Keeping the Conversation Going on Intractable Problems in the Criminal Justice System," 2015 Annual Conference, Southeastern Association of Law Schools, Boca Raton, Florida, August 1, 2015

Commentator, "Defense Attorneys," CrimFest 2015, Cardozo Law School, July 20, 2015
Presenter, "Rethinking Prosecutors' Conflicts of Interest," 2015 Legal Ethics Schmooze, Stanford Law School, June 25, 2015

Moderator, "Attorney Privilege and Work Product," New York State-Federal Judicial Counsel & the Second Circuit Judicial Counsel, Brooklyn, NY, June 18, 2015

Moderator, "Ethics and Corporate Social Responsibility," Corporate Social Responsibility Leadership Course, Fordham Law School, June 11, 2015

Organizer, moderator and presenter, "Criminal Justice Ethics Schmooze," Fordham Law School June 8-9, 2015

Moderator, "Ineffective Assistance of Counsel and Forensic Evidence," 6th Annual Prescription for Criminal Justice Forensics, ABA Criminal Justice Section & Louis Stein Center for Law and Ethics, Fordham Law School, June 5, 2015

Panelist, "Ethics and Professionalism: Best Practices for Attorneys," N.Y. City Bar, May 18, 2015

Panelist, "Ethical Issues in FCPA Compliance & Investigations," Practical Advice from the Front Lines," Fordham Law School, May 12, 2015

Panelist, "Negotiation Ethics: Pitfalls and Rules," NYSBA Committee on Women in the Law, NYC, May 5, 2015

Speaker, Conference on "Reconsidering Access to Justice," Texas A&M Law School, May 1, 2015

Co-interviewee, "The Power of the Prosecutor," Talks on Law, recorded April 22, 2015, available at: http://www.talksonlaw.com/talks/26

Moderator, Panel discussion: Thurgood Marshall's Legacy, NYCLA, April 15, 2015

Moderator, "Hot Topics: Ethical Issues in Public Interest Lawyering," Fordham Law School, March 31, 2015

Speaker, "Lawyers as Lovers: Are We Romanticizing the Lawyer-Client Relationship?," Conference on Billy Joel & the Law, Touro Law School, March 22, 2015

Moderator, "Ethical Issues in Insurance Law: 2015 Update," NYCLA, March 18, 2015

Panelist, "Developments in Ethics for Antitrust Lawyers," ABA teleseminar, Feb. 24, 2015

Presenter, "Prosecutorial Accountability in the Information Age" (work-in-progress), faculty workshop, Notre Dame Law School, Feb. 21, 2015

Panelist, "The Ethics of Conflicts of Interest," Clifford Law Offices Continuing Legal Education Program, Chicago, IL, Feb. 20, 2015

Panelist, "Current Ethical Issues in Corporate Representation," Cardozo Law School, Feb. 11, 2015

Panelist, "The Ethical Minefields of Witnesses: A Refresher," ABA Webinar, Dec. 19, 2014

Co-chair and co-moderator, "Ethical Issues in Pro Bono Representation," PLI, Dec. 16, 2014

Panelist, "Ethical Considerations for Corporate Investigations: Views from All Sides," N.Y. City Bar, Sept. 30, 2014

Panelist, "Taz, Morality & Ethics," The Taslitz Galaxy: A Gathering of Scholars at Howard, Howard University School of Law, Sept. 19, 2014

Panelist, "Supreme Court Update and Other Notable Developments in Criminal Law," Southeastern White Collar Crime Institute, ABA Criminal Justice Section, Braselton, Georgia, Sept. 12, 2014

Co-presenter, "Regulation of U.S. Prosecutors in the Information Age," International Legal Ethics Conference VI, London, England, July 11, 2014

Presenter, "Reforming the regulation of the prosecutors: A slightly comparative perspective," Conference of the International Working Group for Comparative Studies of the Legal Professions, Frauenchiemsee, Germany, July 7, 2014

Panelist, "International Ethics," Ninth Annual Fordham Law School Conference on International Arbitration and Mediation," June 12, 2014

Panelist, "Fifth Annual Prescription for Criminal Justice Forensics," ABA Criminal Justice Section, NY, NY, June 6, 2014

Panelist, "Ethics of Working With Witnesses," Professional Education Broadcast Network, May 16, 2014

Panelist, "Plenary: Twenty Years After the MacCrate Report: Revisiting the Continuum," NCBE Annual Admissions Conference, Seattle, WA, May 3, 2014

Moderator, "Conflicts: The Basics and Recent Developments," Ethics for In-House Counsel: New Developments & Future Challenges, Fordham Law School, March 20, 2014

Panelist, "Race and Access to Justice," Georgetown Univ. Law Center, Washington, D.C., March 18, 2014

Co-speaker, "Professional Ethics for Public Interest Lawyers," Brennan Center for Social Justice, NY, NY, Feb. 28, 2014

Panelist, "Attorney Client Privilege and Selective Waiver in Bank Regulation," Cardozo Law School, Feb. 24, 2014

Panelist, "Who Are They to Judge?  Ethical and Professionalism Issues Facing the Bench," 1tth Annual Legal Ethics & Professionalism Symposium, Univ. of Georgia Law School, Feb. 21, 2014

Panelist, "Bridge the Gap" C.L.E. Orientation Program, Committee on Character & Fitness (Supreme Court, Appellate Division, First Judicial Department), NYCLA, Feb. 19, 2014

Moderator, "Ethical Choices in Dealing with Crime Victims: What is a Prosecutor, Defender and Judge to Do?," 2014 ABA Midyear Meeting, Chicago, IL, Feb. 7, 2014

Panelist, "Stop, Frisk & Judicial Independence: An Ethics CLE," NY Chapters of the Puerto Rican Bar, Federal Bar and National Bar Associations, U.S. Courthouse, NY, NY, Jan. 8, 2014

Commentator, "The Lost Lawyer and the Lawyer-Statesman Ideal: A Generation Later – the Shifting Sands of Professional Identity," AALS Annual Meeting, NY, NY, Jan. 4, 2014

Co-presenter, Workshop on Prosecutorial Ethics, Hitotsubashi Univ., Tokyo, Japan, Dec. 18, 2013

Co-presenter, Workshop on Prosecutorial Ethics, Japan Federation of Bar Associations, Tokyo, Japan, Dec. 17, 2013

Presenter, "Comparing the Honesty and Candor Obligations of U.S. Prosecutors and Defense Lawyers," Chukyo Univ., Nagoya, Japan, Dec. 16, 2013

Moderator, panel on "Unbundled Legal Services," "Until Civil Gideon: Expanding Access to Civil Justice," Fordham Law School, Nov. 1, 2013

Moderator, "Ripped from the Headlines," 9th Annual White Collar Seminar, NACDL, Washington, D.C., Oct. 24, 2013

Panelist, Federal Criminal Practice Institute, New York County Lawyers' Association, Oct. 19, 2013

Panelist, "Ethical Considerations for Corporate Investigations: Views from All Sides," Association of the Bar of the City of New York, Sept. 25, 2013

Moderator, "Criminal Discovery Under Brady v. Maryland: Current Developments,  Association of the Bar of the City of New York, Sept. 19, 2013

Moderator, "Navigating the Ethical Challenges in Counseling Unaccompanied Minors," DCS Legal Access Project Managers' Meeting, Vera Institute of Justice, July 31, 2013

Presenter, Ethics Workshop, Annual Capital Defense Training Program, New York City Bar, July 15, 2013

Panelist, "Culpability and White Collar Crime," 2013 AALS Midyear Meeting, San Diego, CA, June 10, 2013

Panelist, "The Ethics of Sub-Prime Lending," conference on The Mortgage Crisis–Five Years Later, Coalition for Debtor Education, Fordham Law School, June 3, 2013

Moderator, "Prosecutors' Ethical and Professional Decision Making – Is it Unique?," 39th ABA National Conference on Professional Responsibility, San Antonio, TX, May 30, 2013

Co-presenter, "Hot Topics in Legal Ethics," Fordham Law School, May 20, 2013

Panelist, "Criminal Law and Ethics," NYCLA, April 23, 2013

39

Panelist, "Religion and the Practice of Law," 2013 Conference on Religious Legal Theory, Touro Law Center, April 11, 2013

Commentator, Conference on "The Ethical Infrastructure and Culture of Law Firms," Hofstra Law School, April 5, 2013

Presenter, "The Gideon Effect: Rights, Justice and Lawyers Fifth Years After Gideon v. Wainwright," Yale Law Journal Symposium, Yale Law School, March 9, 2013

Panelist, "Complying with Brady and Strategies for Defense Counsel," 27th Annual National Institute on White Collar Crime, Las Vegas, Nevada, March 8, 2013

Panelist, "Ethics in White Collar Cases," 27th Annual National Institute on White Collar Crime, Las Vegas, Nevada, March 7, 2013

Presenter, "Imagining Plea Bargaining Without Competent Counsel: Justice Scalia's Pursuit of Less Perfect Justice," conference on Plea Bargaining After Lafler and Frye, Duquesne Univ. School of Law, March 1, 2013

Moderator, "The Business and Ethics of Managing a 21st Century Law Firm: New, Smart and Ethical Business Models," Fordham Law School, Feb. 26, 2013

Panelist, "Representing Financial Institutions and their Employees in SEC Enforcement Actions," ABA Section of Business Law, White Collar Crime Committee, NY, NY, Feb. 13, 2012

Speaker, "New Developments in Attorney-Client Privilege," AALS 2013 Annual Meeting, New Orleans, LA, Jan. 5, 2013

Chair and moderator, "Ethical Issues in Pro Bono Representation 2012," PLI, Dec. 18, 2012

Panelist, "Ethical Issues for the Modern Day Prosecutor," Kings County District Attorney's Office, Nov. 20, 2012

Panelist, "Navigating Ethical Waters: Obstruction of Justice, Destruction of Evidence and False Statements," 8th Annual White-Collar Seminar, NACDL, Fordham Law School, NY, NY, Nov. 15, 2012

Lecture, "Lawyers' Professional Independence: Overrated or Undervalued?," Miller-Becker Center for Professional Responsibility Distinguished Lecture Series, Akron Law School, Nov. 9, 2012

Speaker, "Federal Criminal Discovery Reform: A Legislative Approach," symposium on Defining and Enforcing the Federal Prosecutor's Duty to Disclose Exculpatory Information, the 13th Annual Georgia Symposium on Ethics and Professionalism, Mercer Law School, Oct. 5, 2012

Moderator, "Ethical Issues for Criminal Practitioners," National Law Journal/Legal Times & Fordham Law School, recorded webinar broadcast on Oct. 2, 2012

Panelist, "Ethical Considerations for Corporate Investigations: Updates 2012," Association of the Bar of the City of New York, Sept. 12, 2012

Speaker, "Lawyers' Professional Independence: Is it undervalued or overrated?," International Legal Ethics Conference V, Banff, Alberta, July 13, 2012

Panelist, "Law Without Walls," International Legal Ethics Conference V, Banff, Alberta, July 13, 2012

Presenter, "Ethical Practice in the Criminal Justice System: Finding Common Ground," National Institute for Teaching Ethics & Professionalism, Seattle, WA, June 22-24, 2012

Panelist, "Parallel Proceedings: Emerging Issues & Best Practices," Association of the Bar of the City of New York, June 13, 2012

Presenter, "Rehabilitating Lawyers: Perceptions of Deviance and Its Cures in the Lawyer Disciplinary Process," 2012 International Conference on Law & Society, Honolulu, HA, June 5, 2012

Panelist, "So You Think You're Up-to-Date on Attorney Client Privilege & Confidentiality," 38th ABA National Conference on Professional Responsibility, Boston, MA, June 1, 2012

Panelist, "Conflicts in the Face of Corporate Representations and Government Investigative Techniques," 1st Annual White Collar Crime Institute, Association of the Bar of the City of New York, May 14, 2012

Panelist, "Conflicts and Choice of Law Updates," Professional Responsibility and Legal Ethics: Exploring the Similarities and the Differences Across Legal Systems, Association of Professional Responsibility Lawyers International Conference, Istanbul, Turkey, May 4, 2012

Co-speaker, "Rehabilitating Lawyers: Perceptions of Deviance and its Cures in the Lawyer Reinstatement Process," The Law: Business or Profession? - The Continuing Relevance of Julius Henry Cohen for the Practice of Law in the Twenty-First Century, Fordham Law School, April 24, 2012

Speaker, "The Flood of U.S. Lawyers: Natural Fluctuation or Professional Climate Change?," Too Many Lawyers? - Facts, Reasons, Consequences, and Solutions, International Institute for the Sociology of Law, Oñati, Spain, April 20, 2012

Presenter, "Prosecutors and Professional Regulation," faculty workshop, Fordham Law School, March 22, 2012

Speaker, "Ethics," Counseling Clients in the Entertainment Industry 2012, PLI, March 12, 2012

Panelist, "Ethics for Government Lawyers 2012," PLI, March 9, 2012

Speaker, "Ethics for Government Lawyers," U.S. Environmental Protection Agency, Region 2, Office of Regional Counsel, March 8, 2012

Moderator, "Top Ten Reasons You'll Wish You had Become a Trust & Estates Lawyer: Ethical Pitfalls and Blunders in White Collar Practice," 26th National Institute on White Collar Crime, ABA, Miami, Florida, March 1, 2012

Panelist, "Developments in Ethics for Antitrust Lawyers," live webinar and teleconference, ABA Section of Antitrust Law, Feb. 16, 2012

Panelist, "Prosecutorial Accountability in the Post-Connick v. Thompson Era: Reforms and Solutions," ABA Death Penalty Representation Project et al., New Orleans, Louisiana, Feb. 4, 2012

Speaker, "Ethical Issues in Federal Practice," Current Developments in Federal Civil Practice 2012, PLI, Feb. 1, 2012

Panelist, "Technology in Your Practice - Trends, Tools and Ethics Rules,"  NYSBA Annual Meeting, Jan. 26, 2012

Panelist, "Rules of Professional Conduct and the Government Lawyer," NYSBA Annual Meeting, Jan. 24, 2012

Panelist, "Ethical Considerations in Setting Attorney Fees," NYSBA Annual Meeting, Jan. 24, 2012

Speaker, "Government Lawyering," 2012 Annual Meeting, AALS, Washington, D.C., Jan. 5, 2012

Chair and moderator, "Ethical Issues in Pro Bono Representation 2010," PLI, Dec. 21, 2010

Panelist, "Ethical Issues with Group Representation," LEAP conference on Civil Justice as bedrock value in Difficult Times, Nov. 29, 2011

Panelist, "The Watergate CLE," U.S. District Court - EDNY, Nov. 15, 2011

Panelist, "Future Ethics: Who Will Regulate Lawyers in 2020?," New York Law School, Nov. 14, 2011

Panelist, "Community Prosecution & Community Defense," Wake Forest Univ. School of Law, Nov. 4, 2011

Panelist, "Multi-jurisdictional rules of ethics and professional conduct: Coping with conflicting legal rules and privileges in a global business environment," German-American Lawyers' Association, NY, Oct. 25, 2011

Panelist, "What to Do?  Has the Potential Client (Who Will Not Disclose) Intentionally Misrepresented?", Working Group on Legal Opinions Fall 2011 Seminar, NY, Oct. 25, 2011

Panelist, "Sentencing Advocacy," 2011 Federal Criminal Practice Institute, NYCLA, Oct. 15, 2011

Moderator, "Representing Clients With Diminished Capacity," Association of the Bar of the City of New York, Oct. 13, 2011

Moderator, "The ABCs of D-efense in an E-lectronic Age: Ethics and Strategies," 7th Annual White Collar Seminar, NACDL, Fordham Law School, Sept. 22, 2011

Panelist, "Ethical Considerations for Corporate Investigations: Updates 2011,"  Association of the Bar of the City of New York, Sept. 15, 2011

Panelist, "Alternative Litigation Financing: A New Way to Help Pay for Lawsuits and Stay Out of Trouble While Doing It," NYCLA, Sept. 14, 2011

Panelist, "The Ethical and Practical Challenges of Representing a Controversial Client," Federal Bar Council & Stein Center, E.D.N.Y. federal courthouse, June 29, 2011

Panelist, "What is Good Lawyering?," Conference on Padilla and the Future of the Defense Function, NACDL, Cardozo Law School, June 20, 2011

Luncheon speaker, "Staying Ahead of the Curve: What Every Criminal Defense Lawyer Needs to Know," NYSBA, Albany, NY, June 17, 2011

Panelist, "Tackling Ethical Issues Arising in Criminal Cases," NYCLA, June 16, 2011

43

Panelist, "Third Party Funding of International Arbitration Claims: The Newest 'New New Thing,'" NYSBA Dispute Resolution Section & Fordham Law School ADR and Conflict Resolution Program, June 15, 2011

Panelist, "How the Rules of Professional Conduct Apply to Government Lawyers," Seventeenth Annual Seminar on Ethics in New York City Government, NYC COIB & Center for New York City Law, New York Law School, May 17, 2011

Panelist, "Hypothetically Speaking II: Issues in the Attorney-Client Relationship under the Rules of Professional Conduct," Association of the Bar of the City of New York, May 16, 2011

Moderator, "Ethics Update: Perspectives from the Federal and State Judiciary," N.Y.S. Federal Judicial Council - Advisory Group, E.D.N.Y. federal courthouse, May 11, 2011

Moderator, "Ethics Update: Perspectives from the Federal and State Judiciary," N.Y.S. Federal Judicial Council - Advisory Group, S.D.N.Y. federal courthouse, May 10, 2011

Panelist, "An Overview of Attorney Error: Malpractice, Breach of Ethical Rules and Ineffective Assistance of Counsel," Mental Hygiene Legal Service, May 3, 2011 (videotape)

Panelist, "The Top Five Ethical Violations and Resulting Claims for Legal Malpractice," Spring 2011 National Legal Malpractice Conference, ABA Standing Committee on Lawyers' Professional Liability, Boston, MA, April 28, 2011

Panelist, "Anatomy of a Trial: Young Lawyer Trial Skills Training," ABA Section of Litigation & Criminal Justice Section Annual CLE Conference," Miami, Florida, April 14, 2011

Panelist, "Ethics," IP Enforcement and Litigation 2011: Civil and Criminal Update, PLI, March 30, 2011

Panelist, "Ethical Implications of Legal Aid and Pro Se Assistance," Legal Aid Society, March 18, 2011

Speaker, "Criminal Defense Ethics," 25th Annual Metropolitan New York Trainer, NYS Defenders Ass'n, March 12, 2011

Moderator, "Criminal Defense?: The Ethical and Legal Line Between Zealous Advocacy and Obstruction of Justice ," 25th National Institute on White Collar Crime, ABA Criminal Justice Section, Mar. 3, 2011, San Diego, CA

Panelist, "2011 Ethical Issues," 2011 Winter Bench & Bar Conference, Federal Bar Council, Los Cabos, Mexico, Feb. 21, 2011

Keynote Speaker, "Ted Schneyer's Impact on Legal Ethics Scholarship," The Ted Schneyer Ethics Symposium: Lawyer Regulation for the 21st Century, Univ. Of Arizona, James E. Rogers College of Law, Jan. 28, 2011

Panelist, "Ethical Pitfalls for Business Lawyers," Business Law Section, NYSBA Annual Meeting, Jan. 26, 2011

Co-speaker, "Legal Ethics & Professionalism," Nineteenth Annual London MCLE Fair, CLE Europe Limited, Jan. 15, 2011

Chair and moderator, "Ethical Issues in Pro Bono Representation 2010," PLI, Dec. 21, 2010

Moderator, "Ethical and Privilege Issues for Pharmaceutical Whistleblowers Counsel," Institutional Investor Educational Foundation, New York, NY, Dec. 9. 2010

Moderator, program on ethics and professionalism in criminal prosecution and defense, Multnomah County Courthouse, Portland, OR, Dec. 3, 2010

Panelist, "Ethics and the Construction Lawyer," NYCLA, Nov. 30, 2010

Speaker, "Ethical Practices for the Modern Prosecutor," Brooklyn District Attorney's Office. Oct. 26, 2010

Speaker, "Prosecutive Ethics," annual conference, National Association of Former United States Attorneys, Oct. 9, 2010

Moderator, "A Prosecutor's Brady/Discovery Obligations For Production of Documents," ABA Criminal Justice Section White Collar Crime Mid-Atlantic Regional Committee, Widener Law School, Wilmington, DE, Oct. 7, 2010

Panelist, ""Ethics and Litigation for Today's Trial Counsel," 2nd Annual Litigation Summit, Oct. 6, 2010

Panelist, "Ethical Considerations for Corporate Investigations: Updates 2010," Association of the Bar of the City of New York, September 15, 2010
Panelist, "Hot Ethics Issues for Young Trial Lawyers (and the Young at Heart)," ABA ANNUAL Meeting 2010, San Francisco, CA, August 7, 2010

Speaker, "Criminal; Defense Ethics," New York State Defenders Association 43rd Annual Meeting & Conference, Saratoga Springs, NY, July 27, 2010

Panelist, "Lawyers in Context: Ethical Decision Making in Practice," International Legal Ethics Conference IV, Stanford Law School, July 17, 2010

Moderator, "Prosecutors and their Disclosure Duties: A Regulatory Conundrum," 36rd National Conference on Professional Responsibility, ABA, June 3, 2010

Panelist, "Hypothetically Speaking: Considering Issues for the Practitioner under the New Rules of Professional Conduct," Association of the Bar of the City of New York, May 17, 2010

Panelist, "Bloomberg Corporate Internal Investigations: Ethical Considerations Seminar 2010," Bloomberg, NY, March 11, 2010

Panelist, "Protecting the Attorney-Client Privilege and Attorney Work Product," 24th Annual National Institute on White Collar Crime, Miami, Florida, Feb. 25, 2010

Panelist, "Half a Century of Advice," Committee on Professional Ethics, NYSBA Annual Meeting, Jan. 29, 2010

# Exhibit B

**Cases in which Professor Bruce Green has testified**

**as an expert at a deposition or before a tribunal in the past four years**

*Ad Astra Recovery Services, Inc. v. Heath et al.*, Case No. 18-1145-JWB-ADM, D. Kan., Nov. 28, 2021 Hearing

*Curtis James Jackson III v. Reed Smith LLP & Peter Raymond*, Bankr. Ct., (D. Conn., New Haven Div., Case No. 17-02005 (AMN), July 18, 2022 Hearing

*Halperin v. Arawak IX et al.*, Adv. Proc. Case No. 21-51412-BLS, Bankr. Ct., D. Del., Nov. 30, 2022 Deposition

*Becker Organization v. Sharp Office Holdings, LLC*, Case No. ESX-L-1882-18, NJ Superior Court, Dec. 13, 2022 Deposition

*Roche Freedman LLP v. Cyrulnik*, Case No. 1:21-cv-01746-JGK (SDNY), March 14, 2023 Deposition

*Timothy Saunders v. John Q. Hamm, et al.*, Case No. 2:20-CV-00456-WKW-JTA, M.D. Ala., May 9, 2023 Deposition

*United States v. David Kapone Williams et al.*, Case No. 4:18-01695-JAS-EJM, D. Ariz., April 24, 2024 Evidentiary Hearing