# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| PERKINS COIE LLP,<br><br>        Plaintiffs,<br><br>   v.<br><br>U.S. DEPARTMENT OF JUSTICE, FEDERAL COMMUNICATIONS COMMISSION, OFFICE OF MANAGEMENT AND BUDGET, EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, OFFICE OF PERSONNEL MANAGEMENT, GENERAL SERVICES ADMINISTRATION, OFFICE OF THE DIRECTOR OF NATIONAL INTELLIGENCE, THE UNITED STATES OF AMERICA, and, in their official capacities, PAMELA J. BONDI, BRENDAN CARR, RUSSELL T. VOUGHT, ANDREA R. LUCAS, CHARLES EZELL, STEPHEN EHEKIAN, and TULSI GABBARD,<br><br>        Defendants. | Civil Action No. 25-716 |

## DEFENDANTS' MEMORANDUM IN SUPPORT OF MOTION FOR RECONSIDERATION

The U.S. Department of Justice, Federal Communications Commission, Office of Management and Budget, Equal Employment Opportunity Commission, Office of Personnel Management, General Services Administration, Office of the Director of National Intelligence, the United States of America, Pamela J. Bondi, Brendan Carr, Russell T. Vought, Andrea R. Lucas, Charles Ezell, Stephen Ehekian, and Tulsi Gabbard (collectively, "Defendants"), respectfully move this Court to reconsider the scope of its order granting an injunction on March 12, 2025.

## INTRODUCTION

Injunctions can only direct parties before the court to refrain from taking action vis-à-vis other parties before the court.  And even for that limited relief, the party seeking an injunction is entitled to one only in the event that it can show it is likely to succeed on its claims against the target of the injunction.

Here, Perkins Coie LLP ("Plaintiff") sued to enjoin the implementation of Executive Order 14,230 (the "EO").  In drafting the Complaint, Plaintiff made the decision to name only seven specific agencies and seven specific agency officials.  Nonetheless, Plaintiff sought and received from the Court an injunction against *all* agencies (which, by Plaintiff's count, number over ninety) in the Federal Government from implementing the EO.

Defendants respectfully submit that naming the "United States of America" as a defendant is an insufficient basis to grant an injunction against all agencies.  The United States is not a proper defendant in these proceedings as Plaintiff has failed to identify *any* cause of action properly brought against the United States.  The Court's equitable powers may permit it to enjoin individual Executive officers, but that authority does not justify injunctions against agencies—and certainly not the entire *United States*.  Thus, as to Plaintiff's claims against the United States there was *no*

likelihood of success and the United States' inclusion as a party cannot justify levying injunctions against scores of unnamed agencies.

Indeed, Plaintiff's naming of the United States is little more than a bald attempt at circumventing the well-settled rule that injunctions may not issue against the President. The constitutional separation of powers forbids courts from enjoining the President himself, which is why litigants must name individual subordinate executive officials when seeking injunctive relief. It cannot be that, by switching out "Donald J. Trump" for "the United States of America," those principles fall by the wayside.

Courts are empowered only to resolve cases and controversies under Article III. The fact that Plaintiff did not bother to specifically name the agencies it wishes to enjoin illustrates Plaintiff's inability to show any actual or impending injury traceable to the majority of the unnamed agencies. That Plaintiff likely lacks *standing* to sue these agencies even if it *did* name them only confirms the overbroad relief Plaintiff seeks. Defendants respectfully submit that this Court should reconsider and clarify that its injunction extends only to the seven named agency officials.

## LEGAL STANDARDS

Federal Rule of Civil Procedure 54(b) allows "a litigant to move for reconsideration of modification of a district court's interlocutory order disposing of 'fewer than all the claims or the rights and liabilities of fewer than all the parties' 'at any time' before the court's entry of final judgment." *Cobell v. Jewell*, 802 F.3d 12, 19 (D.C. Cir. 2015) (quoting Fed. R. Civ. P. 54(b)). A Rule 54(b) motion for reconsideration may be granted "as justice requires." *Stewart v. Panetta*, 826 F. Supp. 2d 176, 177 (D.D.C. 2011). Under that standard, "a court will grant a motion for reconsideration of an interlocutory order only when the movant demonstrates: (1) an intervening

change in the law; (2) the discovery of new evidence not previously available; or (3) a clear error

in the first order." *Id.* (quoting *Johnson-Parks v. D.C. Chartered Health Plan*, 806 F. Supp. 2d

267, 269 (D.D.C. 2011)).[1]

## ARGUMENT

Courts can only provide relief as against named defendants. A court "cannot lawfully

enjoin the world at large, no matter how broadly it words its decree," and "no court can make a

decree which will bind any one but a party." *Alemite Mfg. Corp. v. Staff*, 42 F.2d 832, 832 (2d Cir.

1930); *see also Citizens Alert Regarding the Env't v. U.S. EPA*, 259 F. Supp. 2d 9, 17 n.7 (D.D.C.

2003) (noting that a court is "powerless to issue an injunction against" an entity that "is not a

party"); *Smith v. Board of Comm'rs*, 259 F. Supp. 423, 424 (D.D.C. 1966) ("[E]quity does not

enjoin unnamed individuals."). TROs, like preliminary injunctions, may only issue to the extent

that the plaintiff has shown likelihood of success on the merits. *Scottsdale Capital Advisors Corp.

v. FINRA, Inc.*, 678 F. Supp. 3d 88, 99–100 (D.D.C. 2023). And, to have *any* likelihood of success,

the plaintiff must identify a viable cause of action. *See Briscoe v. Costco Wholesale Corp.*, 61

F. Supp. 3d 78, 91 (D.D.C. 2014) ("Dismissal, of course, is required when a plaintiff fails to

identify a legitimate legal basis for a cause of action.").

Under those principles, the Court's March 12 injunction is overbroad. While Plaintiff

named only seven agency officials, it nevertheless seeks to enjoin *every* agency in the Federal

Government. The only basis anyone has proffered for such an extension is that the Complaint

names the United States as a defendant. But Plaintiff has not even hinted at a cause of action

---

[1] Should the Court decide that Rule 59(e) is the proper standard, it should nonetheless grant the motion. An injunction reaching agencies not even named by the complaint constitutes "clear error" justifying reconsideration. *See Leidos, Inc. v. Hellenic Republic*, 881 F.3d 213, 217 (D.C. Cir. 2018).

appropriately brought against the United States.  The United States is not a proper party to these proceedings, and its inclusion in them cannot justify the Court's injunction.

Plaintiff seeks to evade the principle that courts may not issue injunctions against the President.  Allowing Plaintiff to enjoin *every* Executive official by the boilerplate addition of the "United States" to a lawsuit would drain that rule of all force.

This is no mere technicality.  Plaintiff's failure to specify which agencies it seeks to enjoin signals a fundamental flaw with Plaintiff's blunderbuss approach.  This Court's jurisdiction extends only to cases and controversies.  Plaintiff has not even *named* the majority of the agencies it seeks to enjoin, let alone demonstrated that any case or controversy exists between itself and those agencies.  The Court's injunction as it currently stands thus enjoins scores of agency heads whose implementation of the EO may not injure (or even have any probability of injuring) Plaintiff at all.

**I.      The injunction is overbroad because the United States is not a proper defendant.**

The Complaint names seven agencies, seven agency officials, and "the United States of America" as defendants.  The Court's injunction, however, binds *all* agencies of the Federal Government—which, according to Plaintiff, number over 90.  The only way for the injunction to stretch that far is if the United States as a party is an adequate substitute for all unnamed agencies.

It has long been the case that "federal courts may in some circumstances grant injunctive relief against state officers who are violating, or planning to violate, federal law," and that the same principle applies as to "violations of federal law by federal officials."  *Armstrong v. Exceptional Child Ctr., Inc.*, 575 U.S. 320, 326–27 (2015) (citing *Ex parte Young*, 209 U.S. 123 (1908), and *American School of Magnetic Healing v. McAnnulty*, 187 U.S. 94 (1902)).  But in such circumstances the court's authority is limited to "prevent[ing] an injurious act by a public *officer*,"

*id.* at 327—not an agency, and certainly not the entire United States. *See id.* ("The ability to sue to enjoin unconstitutional actions by state and federal officers is the creation of courts of equity.").

In other words, suits alleging unconstitutional action by the Government must be brought "against officials," not against the "agenc[y]" or the "State[]" writ large, "which retain their immunity against all suits in federal court." *Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 146 (1993) (noting that *Ex parte Young* doctrine applies only to suits against officials); *see also Armstrong*, 575 U.S. at 326–27 (explaining that *Ex parte Young* and the principles governing suits against federal officials are similar). Under the *ultra vires* doctrine, Plaintiff can bring a suit against Federal officers—and, indeed, Plaintiff did. *See* Compl. ¶¶ 23, 25, 27, 29, 31, 33, 35 (listing Pamela J. Bondi, Brendan Carr, Russell T. Vought, Andrea R. Lucas, Charles Ezell, Stephen Ehekian, and Tulsi Gabbard in their official capacities). But Plaintiff *cannot* sue for injunctive relief against the entire Government qua Government. *Cf. Chamber of Commerce of the United States v. Reich*, 74 F.3d 1322, 1331 n.4 (D.C. Cir. 1996) (distinguishing between "bring[ing] the judicial power to bear directly on the President," which is impermissible, and "the long established non-statutory review of a claim directed at a subordinate executive official," which is permissible).

Indeed, sovereign immunity bars the Court from granting the injunction to the extent it is directed to Federal officials not specifically named. The general waiver of sovereign immunity is located in 5 U.S.C. § 702, which provides that "[a] person suffering legal wrong because of an agency action . . . is entitled to judicial review thereof." But that waiver comes with a caveat: it requires that "any mandatory or injunctive decree *shall* specify the Federal officer or officers . . . personally responsible for compliance." 5 U.S.C. § 702 (emphasis added). That language was intentional—it was a "nod[] to traditional standing rules and remedial principles." *See United*

*States v. Texas*, 599 U.S. 670, 698 (2023) (Gorsuch, J., concurring in the judgment).  Yet, to this point, Plaintiff has never specified the officials the injunction purports to apply to.[2]

In short, the United States should never have been named in this suit.  No cause of action exists against it, and sovereign immunity has not been waived for the relief the Court purported to grant.  And, once the United States falls out of the picture, the case is left with seven agencies and seven agency officials as proper defendants.  Plaintiff can seek to enjoin the seven agency officials it named in its Complaint; it cannot enjoin the rest of the Federal Government.

## II.    Permitting the injunction to extend to unnamed agency officials would circumvent the principle that courts cannot enjoin the President.

There is yet another problem with Plaintiff's use of the United States: it seeks to dodge the well-settled prohibition against courts enjoining the President.  Plaintiff hardly bothers to disguise this attempted end-run.  The Complaint describes "[t]he United States of America" as the party "responsible for the exercise of executive action by the named Defendants and all other agencies that are directed by the Order to take action respecting Perkins Coie."  Compl. ¶ 36.  Of course, there is only one entity which fits that description: the President of the United States.  *See Seila Law LLC v. CFPB*, 591 U.S. 197, 204 (2020) ("Under our Constitution, the 'executive Power'—all of it—is 'vested in a President.'").

Plaintiff cannot ask this Court to enjoin the President by another name.  "A court—whether via injunctive or declaratory relief—does not sit in judgment of a President's executive decisions." *Newdow v. Roberts*, 603 F.3d 1002, 1012 (D.C. Cir. 2010); *see also id.* at 1013 ("With regard to the President, courts do not have jurisdiction to enjoin him.").  And for good reason.  The

---

[2] In a similar vein, the more traditional *Larson-Dugan* exception to sovereign immunity applies only when "a plaintiff brings a suit for injunctive or declaratory relief against a *federal officer* for an *ultra vires* act."  *Schilling v. U.S. House of Representatives*, 102 F.4th 503, 506 (D.C. Cir. 2024) (emphasis added).

"President, like Congress, is a coequal branch of government"; to enjoin him "at best creates an unseemly appearance of constitutional tension and at worst risks a violation of the constitutional separation of powers." *Swan v. Clinton*, 100 F.3d 973, 978 (D.C. Cir. 1996). Accordingly, the D.C. Circuit has "never attempted to exercise power to order the President to perform" even a "ministerial duty," *id.*—much less enjoin the President in his plainly discretionary functions.

Time and again, judges in this district have abided by this "[b]edrock separation of powers principle[]." *See, e.g.*, *Pickup v. Biden*, 2022 WL 17338099, at *4 (D.D.C. Nov. 30, 2022); *McCray v. Biden*, 574 F. Supp. 3d 1, 11 (D.D.C. 2021) (noting that "the critical lesson" in past cases involving challenges to presidential executive orders "is that, in such litigation, the proper course is to seek to enjoin a member of the executive branch from carrying out the executive order at issue, not the President"); *Ctr. for Democracy & Tech. v. Trump*, 507 F. Supp. 3d 213, 224 (D.D.C. 2020) ("The injunctive relief that CDT seeks against the President is unavailable."); *Doe v. Trump*, 319 F. Supp. 3d 539, 541 (D.D.C. 2018) ("Sound separation-of-power principles counsel the Court against granting these forms of relief against the President directly."); *Newdow v. Bush*, 355 F. Supp. 2d 265, 280 (D.D.C. 2005) ("There is longstanding legal authority that the judiciary lacks the power to issue an injunction or declaratory judgment against the co-equal branches of the government—the President and the Congress."). Plaintiff cannot avoid this principle by replacing the "President" with the "United States" and thereby enjoin every Federal agency in one fell swoop.

At bottom, Plaintiff simply cannot absolve itself of the responsibility of naming the defendants it seeks to enjoin. The Court should hold Plaintiff to that duty, and reconsider the scope of its injunction.

### III.     The Court likely lacks Article III jurisdiction to bind the unnamed agencies.

That Plaintiff, after listing seven specific agency officials, abandoned course and added the United States as a failsafe defendant underscores a central flaw with its lawsuit.  If Plaintiff cannot even identify the agencies it wishes to enjoin, it certainly cannot identify any cognizable injury traceable to those agencies.  In other words, the current injunction—applying to every agency in the Executive Branch—gives relief which Plaintiff lacks standing to seek.

"No principle is more fundamental to the judiciary's proper role in our system of government than the constitutional limitation of federal-court jurisdiction to actual cases or controversies." *Raines v. Byrd*, 521 U.S. 811, 818 (1997).  That limitation finds expression in the doctrine of standing, which requires that a plaintiff invoking federal jurisdiction "must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016).  Crucially, standing "is not dispensed in gross," and "a plaintiff must demonstrate standing for each claim he seeks to press against each defendant." *Garcia v. Stewart*, 531 F. Supp. 3d 194, 205 (D.D.C. 2021).

Plaintiff at this juncture has not come close to demonstrating standing for the majority of the Court's current injunction.  Plaintiff asked this Court to enjoin all Federal agencies from implementing Section 3 (contracts) and Section 5 (access to Federal buildings and interaction with Federal officials).  But Plaintiff has not alleged injuries traceable to the implementation of the EO by *each* of the ninety-plus agencies in the Federal Government.  Indeed, Plaintiff's papers prove the point.  Plaintiff relies heavily on a declaration from one of its partners to claim that it interacts with more than 90 Federal agencies.  *See* Hearing Tr. 21–22.  But even then, when the declaration listed those 90 agencies, it did not claim that Perkins Coie or its clients entered into contracts with

those agencies.  See Burman Decl. ¶ 19, ECF No. 2-2.  And at the TRO hearing, Plaintiff's counsel represented to the Court that "[e]very one of the top 15 clients at the law firm has government contracts," Hearing Tr. 12—not that the law firm's clients collectively have government contracts *with every government agency*.

That Plaintiff limited itself to naming just seven agencies puts a fine point on the fact that, even now, Plaintiff has failed to demonstrate standing to sue the vast majority of Federal agencies. This Court should not excuse that failure by leaving the current injunction in place.

## CONCLUSION

The Court should reconsider its March 12, 2025, order granting an injunction, and narrow the injunction to apply only to the seven named agency officials.


Dated:  April 2, 2025                          Respectfully submitted,

                                               CHAD MIZELLE
                                               Acting Associate Attorney General


                                    By:    _____/s/ Richard Lawson_____
                                               RICHARD LAWSON
                                               Deputy Associate Attorney General
                                               950 Pennsylvania Avenue, NW
                                               Washington, DC 20530
                                               Telephone: (202) 445-8042

                                               *Attorney for the United States of America*

10