UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| PERKINS COIE LLP, | ) |
| Plaintiff | ) Civil Action |
| | ) No.1:25-cv-00716 (BAH) |
| v. | ) |
| UNITED STATES DEPARTMENT OF JUSTICE, | ) |
| Defendant. | ) |

**UNOPPOSED MOTION OF LAWYERS DEFENDING AMERICAN DEMOCRACY
FOR LEAVE TO FILE AN *AMICUS CURIAE* BRIEF
IN SUPPORT OF THE MOTION FOR SUMMARY JUDGMENT
BY PLAINTIFF PERKINS COIE LLP**

**INTRODUCTION**

Proposed amicus Lawyers Defending American Democracy (LDAD) respectfully requests leave to file the attached amicus curiae brief in support of the motion for summary judgment by Plaintiff Perkins Coie LLP. Pursuant to Local Civil Rule 7(m) & (o), LDAD states that it contacted and sought consent from both plaintiff and defendant. Both Plaintiff and the Department of Justice consent to the filing of this amicus brief. A proposed order accompanies this motion

**DISCUSSION**

1. LDAD is a non-profit, non-partisan organization devoted to encouraging the legal profession to enforce and uphold principles of democracy and law, consistent with our obligations as lawyers; demanding accountability from lawyers and public officials; and identifying attacks

1

on legal norms and prescribing redress for them.  LDAD's mission is to defend the underlying constitutional values and norms of political behavior on which our democracy depends, including the rule of law, institutional checks and balances, separation of powers, press freedom, and the integrity of our system of justice.  LDAD's Board of Directors include, among others, a retired state supreme court justice, a former state attorney general, retired partners and managing partners of major law firms, past presidents of two state bar associations, business entrepreneurs, and legal academics.  LDAD seeks to submit an amicus brief to clarify for the Court the ways in which the Executive Order is not only unlawful and has harmful effects on Perkins Coie, but has broader serious  implications for the ability of the legal system to hold the executive accountable under law.

2.     LDAD should be granted leave to file the accompanying brief for two reasons. First, LDAD has a strong interest in the case because the Executive Order at issue undermines the very principles of democracy LDAD was founded to defend.  Second, in addition to the harms the Executive Order visits upon Perkins Coie and threatens to visit upon other lawyers, the brief asks the Court to consider how the Executive Order usurps powers belonging to the judiciary and interferes with lawyers' capacity to carry out multiple, important professional ethical duties.

3.     Local Rule 7(o) states that an amicus wishing to file a brief shall "set forth the reasons why an amicus brief is desirable, why the movant's position is not adequately represented by a party, and why the matters asserted are relevant to the disposition of the case." However, there is no Federal Rule of Civil Procedure that directly controls motions for leave to appear as amicus curiae in federal district court. District courts have "inherent authority" to grant participation by an amicus curiae, which is derived from Federal Rule of Appellate Procedure 29. *See Jin v. Ministry of State Sec.*, 557 F. Supp. 2d 131, 136 (D.D.C. 2008). In determining whether to grant leave to

participate as an amicus, this Court has "broad discretion." *Nat'l Ass'n of Home Builders v. U.S. Army Corps of Eng'rs*, 519 F. Supp. 2d 89, 93 (D.D.C. 2007). Courts generally grant amicus status when "the information offered is 'timely and useful.'" *Ellsworth Assocs., Inc. v. United States*, 917 F. Supp. 841, 846 (D.D.C. 1996) (quoting *Waste Mgmt. of Pa. v. City of York*, 162 F.R.D. 34, 36 (M.D. Pa. 1995)).

4.      This Court "normally … allow[s]" an amicus brief "when the amicus has unique information or perspective that can help the court beyond the help that the lawyers for the parties are able to provide." *Jin*, 557 F. Supp. 2d at 137 (citing *Ryan v. Commodity Futures Trading Comm'n*, 125 F. 3d 1062, 1063 (7th Cir. 1997)); *Cobell v. Norton*, 246 F. Supp. 2d 59, 62 (D.D.C. 2003) (same). This assistance may take many forms, including "ideas, arguments, theories, insights, facts or data that are not to be found in the parties' briefs." *See N. Mariana Islands v. United States*, No. 08-1572 (PLF), 2009 U.S. Dist. LEXIS 125427, at 3–4 (D.D.C. Mar. 6, 2009) (quoting *Voices for Choices v. Ill. Bell Tel. Co.*, 339 F.3d 542, 545 (7th Cir. 2003)).

5.      In accordance with Local Civil Rule 7(o)(5), LDAD certifies that (1) the attached brief was authored entirely by amicus curiae and its attorneys, and not by counsel for any party, in whole or in part; (2) no party or counsel for any party contributed money to fund preparing or submitting the attached brief; and (3) apart from amicus curiae, its members, and its counsel, no other person contributed money to fund preparing or submitting the attached brief.

## CONCLUSION

For these reasons, LDAD respectfully requests the Court grant it leave to file the attached amicus curiae brief in support of Plaintiff.

Date: April 3, 2025

                                        Respectfully submitted,

                                        /s/ Aderson B. Francois
                                        Aderson B. Francois
                                        Civil Rights Clinic
                                        Georgetown University Law Center
                                        600 New Jersey Ave., NW
                                        Washington, DC 20001
                                        Phone: (202) 662-9065
                                        aderson.francois@georgetown.edu

                                        Counsel for Lawyers Defending American Democracy