UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| PERKINS COIE, LLP,<br><br>     *Plaintiff*,<br><br>  v.<br><br>U.S. DEPARTMENT OF JUSTICE, *et al.*,<br><br>     *Defendants.* | Case No. 1:25-cv-716 (BAH) |

**UNOPPOSED MOTION OF NATIONAL ASSOCIATION OF CRIMINAL DEFENSE LAWYERS AND NEW YORK COUNCIL OF DEFENSE LAYWERS FOR LEAVE TO FILE AMICUS CURIAE BRIEF IN SUPPORT OF
<u>PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT</u>**

  Pursuant to Local Rule 7(o), National Association of Criminal Defense Lawyers ("NACDL") and New York Council of Defense Lawyers ("NYCDL") respectfully seek this Court's leave to file the attached amicus curiae brief in support of Plaintiff's pending motion for summary judgment. Counsel for Plaintiff and Defendants do not oppose this motion.

  In support of this motion, proposed amici state:

  1. NACDL is a nonprofit voluntary professional association that works on behalf of criminal defense attorneys to ensure justice and due process for those accused of crimes and misconduct. It has a nationwide membership of many thousands of direct members, and up to 40,000 with affiliates. NACDL's members include private criminal defense lawyers, public defenders, military defense counsel, law professors, and judges.

  2. NYCDL is a nonprofit voluntary professional association of over 300 lawyers, including many former federal prosecutors and federal public defenders, whose principal area of practice is the defense of criminal cases in the federal courts of New York. NYCDL's mission

includes protecting the individual rights guaranteed by the Constitution, enhancing the quality of defense representation, taking positions on important defense issues, and promoting the fair administration of criminal justice.

3. NACDL and NYCDL regularly file amicus briefs in the Supreme Court and other courts addressing issues of broad importance to defendants in criminal cases, defense lawyers, and the criminal legal system as a whole.

4. Most recently, NACDL has filed amicus briefs in the following cases, among others: *Glossip v. Oklahoma*, 145 S. Ct. 612 (2025) (granting new trial where state suppressed key mental health evidence and failed to correct false testimony); *Smith v. Arizona*, 602 U.S. 779 (2024) (holding Confrontation Clause prohibits admission of testimonial evidence through a substitute expert who did not perform the original analysis); *Gonzalez v. Trevino*, 602 U.S. 653 (2024) (per curiam) (holding plaintiffs alleging retaliatory arrests need not provide comparator evidence when the arrest were not made on-the-spot); *United States v. Rahimi*, 602 U.S. 680 (2024) (upholding constitutionality of 18 U.S.C. § 922(g)(8), which bars firearm possession by individuals subject to domestic violence restraining orders); and *McElrath v. Georgia*, 601 U.S. 87 (2024) (a verdict of not guilty by reason of insanity is an acquittal for purposes of double jeopardy and therefore bars retrial on that count). The Supreme Court often cites NACDL's amicus briefs in its opinions, including most recently in *Glossip v. Oklahoma*, 145 S. Ct. at 626; *Erlinger v. United States*, 602 U.S. 821, 824 (2024); and *Bassett v. Arizona*, 144 S. Ct. 2494, 2498 (2024) (Sotomayor, J., dissenting from denial of certiorari).

5. Recently decided Supreme Court cases in which the NYCDL has filed amicus briefs include *Montague v. United States*, 144 S. Ct. 2654 (2024) (summarily vacating Second Circuit opinion upholding validity of indictment that charged a continuing criminal enterprise crime

2

without alleging facts comprising the predicate crimes); *Ciminelli v. United States*, 598 U.S. 306 (2023) (unanimously invalidating Second Circuit's right-to-control theory of mail and wire fraud, following government concession of error after grant of certiorari); and *Percoco v. United States*, 598 U.S. 319 (2023) (jury instructions impermissibly allowed conviction on basis that a private person could owe a duty of honest services to the public). The Supreme Court has also cited NYCDL's amicus briefs on a range of topics. *See Luis v. United States*, 578 U.S. 5, 22 (2016); *Kaley v. United States*, 571 U.S. 320, 340 (2014); *id.* at 353 (Roberts, C.J., dissenting); *Rita v. United States*, 551 U.S. 338, 373 n.3 (2007) (Scalia, J., concurring); *United States v. Booker*, 543 U.S. 220, 266 (2005).

6. This Court has "broad discretion" to permit participation by third parties as amicus curiae. *Nat'l Ass'n of Home Builders v. U.S. Army Corps of Engineers*, 519 F. Supp. 2d 89, 93 (D.D.C. 2007). The Court has permitted such participation where a third party has a "unique information or perspective" that can contribute to the Court's understanding of the matter in question, *Jin v. Ministry of State Sec'y*, 557 F. Supp. 2d 131, 137 (D.D.C. 2008) (internal quotation marks omitted), and "relevant expertise and a stated concern for the issues at stake in [the] case," *District of Columbia v. Potomac Elec. Power Co.*, 826 F. Supp. 2d 227, 237 (D.D.C. 2011).

7. The proposed brief, attached as Exhibit 1, plainly satisfies these standards. Amici have a substantial interest in this case as the March 6, 2025 Executive Order (the "Executive Order") directly implicates one of their core concerns: protecting the Sixth Amendment right to counsel. Amici have a perspective distinct from the parties and are particularly well-positioned to discuss the ways in which the Executive Order unlawfully burdens the constitutional right of the accused to retain counsel of their choice and to receive effective, conflict-free assistance of counsel. Because the NACDL and NYCDL together represent thousands of lawyers across the

United States who are regularly retained by targets, subjects, and witnesses in criminal investigations, amici also have a unique capability to describe the grave risks the Executive Order poses to the fairness and integrity of the criminal legal system and to the rule of law itself.

For the foregoing reasons, the Court should grant this motion for leave to file the proposed amicus curiae brief, attached hereto as Exhibit 1, in support of Plaintiff's motion for summary judgment. A Proposed Order is attached hereto as Exhibit 2.

Dated: April 4, 2025

Respectfully submitted,

/s/ Kobie Flowers
Kobie Flowers
BROWN GOLDSTEIN & LEVY
1331 Pennsylvania Avenue, NW
Ste. 555 South
Washington, DC 20004
(202) 742-5969
kflowers@browngold.com

*Attorneys for Amicus Curiae
National Association of Criminal
Defense Lawyers*

/s/ Noam Biale
Noam Biale
SHER TREMONTE LLP
90 Broad St., 23rd Fl.
New York, NY 10004
(212) 202-2600
nbiale@shertremonte.com

*Attorneys for Amicus Curiae New York
Council of Defense Lawyers*

**CERTIFICATE OF SERVICE**

I hereby certify that on April 4, 2025, the foregoing document and all attachments were filed with the Clerk of the Court, using the CM/ECF system, causing them to be served on all parties.

Dated: April 4, 2025

*/s/ Noam Biale*
Noam Biale