IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| PERKINS COIE LLP,<br><br>*Plaintiff,*<br><br>v.<br><br>U.S. DEPARTMENT OF JUSTICE, *et al.*,<br><br>*Defendants*. | Civil Action No. 1:25-cv-00716 (BAH) |

**UNOPPOSED MOTION FOR LEAVE TO FILE BRIEF OF FORMER SENIOR GOVERNMENT OFFICIALS AS *AMICI CURIAE* IN SUPPORT OF PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND FOR DECLARATORY AND PERMANENT INJUNCTIVE RELIEF**

Harold Hongju Koh
Peter Gruber Rule of Law Clinic
Yale Law School
127 Wall Street, P.O. Box 208215
New Haven, CT 06520-8215
203-432-4932
harold.koh@ylsclinics.org

SUSMAN GODFREY L.L.P.

Justin A. Nelson (D.C. Bar # 490347)
Richard W. Hess (Bar ID # TX0070)
Neal Manne
Vineet Bhatia
Robert Rivera, Jr.
1000 Louisiana Street, Suite 5100
Houston, Texas 77002

Stephen Shackelford (Bar ID # NY0443)
Jacob W. Buchdahl
Mark Hatch-Miller
Beatrice Franklin
Jillian Hewitt
One Manhattan West, 50th Floor
New York, New York 10001

Kalpana Srinivasan
Davida Brook
1900 Avenue of the Stars, Suite 1400
Los Angeles, California 90067

Steve Seigel (Bar ID #D00473)
Katherine Peaslee
401 Union Street, Suite 3000
Seattle, Washington 98101

*Counsel for* Amici Curiae

## INTRODUCTION

Amici curiae ("Amici") are a bipartisan group of former national security, foreign policy, intelligence, legal, and other public officials who have worked on security matters at the most senior levels of the United States government. Amici respectfully request leave pursuant to United States District Court for the District of Columbia Local Rule 7(o) to file a brief in support of Plaintiff's Motion for Summary Judgment and for Declaratory and Permanent Injunctive Relief (Dkt. Entry 39). Amici's proposed brief will assist the Court in understanding the historical context and *ultra vires* nature of President Trump's executive order against Perkins Coie (the "Order"), which is far afield from anything Amici have ever seen or would have advised issuing. As required by Local Rule 7(o), Amici have conferred with the parties to obtain their position regarding the filing of this brief. Plaintiff consents to Amici's Motion for Leave to File (the "Motion"), and Defendants do not oppose. The proposed brief of Amici Curiae and a proposed order granting the Motion are attached hereto.

## AMICI CURIAE

Amici include the following former senior government officials:

1. Donald Ayer: Deputy Attorney General (1989-1990); Principal Deputy Solicitor General (1986-1988); U.S. Attorney, Eastern District of California (1982-1986)

2. John B. Bellinger III: Legal Adviser, U.S. Department of State (2005-2009); Senior Associate Counsel to the President and Legal Adviser, National Security Council (2001-2005)

3. Gregory Craig: Counsel to the President (2009-2010); Assistant to the President and Special Counsel (1998-1999)

4. Ambassador John C. Danforth: U.S. Ambassador to the United Nations (2004-2005); U.S. Senator from Missouri (1976-1995)

5. Ambassador Eric Edelman: Undersecretary of Defense for Policy (2005-2009); U.S. Ambassador to Turkey (2003-2005); Principal Deputy Advisor to the Vice President for National Security Affairs (2001-2003); U.S. Ambassador to Finland (1998-2001)

6. Ambassador Nancy H. Ely-Raphel: Senior Advisor to the Secretary of State (2001-2003); U.S. Ambassador to Slovenia (1998-2001)

7. Stuart Gerson: Acting Attorney General of the United States (1993); Assistant Attorney General (Civil) (1989-1993)

8. Secretary Chuck Hagel: Secretary of Defense (2013-2015); Co-Chairman, President's Intelligence Advisory Board (2009-2013); U.S. Senator from Nebraska (1997-2009)

9. Avril Haines: Director of National Intelligence (2021-2025); Deputy National Security Advisor (2015-2017)

10. Conrad K. Harper: Legal Adviser, U.S. Department of State (1993-1996)

11. General Michael Hayden: Director of the Central Intelligence Agency (2006-2009); Principal Deputy Director of National Intelligence (2005-2006); Director of National Security Agency (1999-2005)

12. Peter Keisler: Acting Attorney General (2007); Assistant Attorney General (Civil) (2003-2007)

13. Alan Kreczko: Legal Adviser, National Security Council (1992-1997)

14. Judge J. Michael Luttig: United States Court of Appeals, Fourth Circuit (1991-2006); Assistant Attorney General OLC (1990-1991)

15. Secretary Denis McDonough: Secretary of Department of Veterans Affairs (2021-2025); White House Chief of Staff (2013-2017); Principal Deputy National Security Adviser (2010-2013)

16. John M. Mitnick: General Counsel, U.S. Department of Homeland Security (2018-2019); Associate Counsel to the President (2005-2007)

17. Trevor Morrison: Chair, Public Interest Declassification Board (2016-2018); Associate Counsel to the President (2009); Attorney Advisor, Office of Legal Counsel, U.S. Department of Justice (2000-2001)

18. Ambassador Thomas R. Pickering: U.S. Ambassador to United Nations (1989-1992); U.S. Ambassador to Russia (1993-1996); U.S. Ambassador to India (1993-1996) U.S. Ambassador to Israel (1985-1988); U.S. Ambassador to Jordan (1974-1978); Undersecretary of State for Political Affairs (1997-2000)

19. Alan Raul: Associate Counsel to President Reagan (1986-1988); General Counsel, Office of Management and Budget (1988-1989); Vice Chairman of the Privacy and Civil Liberties Oversight Board (2006-2008)

20. Ambassador Susan E. Rice: National Security Advisor (2013-2017); U.S. Ambassador to the United Nations (2009-2013)

21. Nicholas Rostow: General Counsel and Senior Policy Adviser to the U.S. Permanent Representative to the United Nations (2001-05); Special Assistant to the President for National Security Affairs and Legal Adviser, National Security Council (1987-93)

22. Wendy Sherman: Deputy Secretary of State (2021-2023); Undersecretary for Political Affairs, U.S. Department of State (2011-2015)

3

23. Judge Abraham D. Sofaer: Legal Adviser, U.S. Department of State (1985-1990); United States District Court, Southern District of New York (1979-1985)

24. Margaret Taylor: Legal Adviser, U.S. Department of State (2024-2025)

25. Peter Wallison: Counsel to the President (1986-1987); General Counsel, U.S. Department of the Treasury (1981-1985)

26. Matthew C. Waxman: Deputy Assistant Secretary of Defense (2004-2005)

27. Judge William Webster: Chair of the Homeland Security Advisory Council (2005-2020); Director of Central Intelligence (1987-1991); Director of the FBI (1978-1987); United States Court of Appeals, 8th Circuit (1973-1978)

**AMICI HAVE AN INTEREST IN THE CASE AND WILL AID THE COURT**

Courts have "broad discretion" in deciding whether to grant a third party leave to file an amicus brief. *Nat'l Ass'n of Home Builders v. U.S. Army Corps of Eng'rs*, 519 F.Supp. 2d 89, 93 (D.D.C. 2007). An amicus brief is appropriate where "the amicus has unique information or perspective that can help the court beyond the help that the lawyers for the parties are able to provide." *Jin v. Ministry of State Sec'y*, 557 F.Supp.2d 131, 137 (D.D.C. 2008) (quoting *Ryan v. CFTC*, 125 F.3d 1062, 1064 (7th Cir. 1997)). This Court has permitted third parties to participate as amici curiae when they have "relevant expertise and a stated concern for the issues at stake in [the] case[.]" *District of Columbia v. Potomac Elec. Power Co.*, 826 F. Supp. 2d 227, 237 (D.D.C. 2011); *see also, e.g.*, *Commonwealth of the Northern Mariana Islands v. United States*, No. 08-1572 (PLF), 2009 WL 596986, at *1 (D.D.C. Mar. 6, 2009) (noting that the "filing of an amicus brief should be permitted if it will assist the judge 'by presenting ideas, arguments, theories, insights, facts or data that are not to be found in the parties' briefs" (quoting *Voices for Choices v. Ill. Bell Tel. Co.*, 339 F.3d 542, 545 (7th Cir. 2003)); *cf. Neonatology Associates, P.A. v. C.I.R.*,

293 F.3d 128, 133 (3d Cir. 2002) (Alito, J.) (observing that courts are "well advised to grant motions for leave to file amicus briefs unless it is obvious that the proposed briefs do not meet Rule 29's criteria as broadly interpreted"); Fed. R. App. P. 29 (a proposed amicus must state "the movant's interest" and the "reason why an amicus brief is desirable and why the matters asserted are relevant to the disposition of the case").

Amici here have an interest in this case: They have served in a variety of positions at senior levels of the government, all involving issues related to national security—to which the Executive Order gestures as a purported basis for the sanctions it levels against the law firm Perkins Coie. As officials and advisers who regularly dealt with issues related to national security on behalf of administrations from both of the major political parties, Amici have an interest in preventing the specious invocation of national security reflected in the Order. They also have a vital interest in protecting the judiciary's traditional deference to the executive on matters of national security and foreign affairs—deference which relies on the executive's valid invocation of circumstances that can reasonably be presumed genuinely to implicate national security. And as a bipartisan group of former government officials, Amici are situated differently from the parties. Amici—with their decades of experience in senior leadership in administrations of Presidents from both major political parties—are not fully represented by either litigant.

Amici's brief will help the Court by offering a different perspective from that set forth in Plaintiff's brief. Specifically, Amici explain that the Executive Order is *ultra vires* because it lacks any legal authority: Unlike the broad range of executive action that Amici have encountered in their work over a number of administrations, the Executive Order is not authorized by any act of Congress, nor by the President's inherent constitutional powers. And the Order interferes with the separation of powers enshrined in the Constitution, confirming its lack of legal basis. Amici's brief

further provides this Court with important context that explains why the President's order functions as a bill of attainder—that is, an act that bypasses judicial process to declare a named individual guilty and impose punishment—which is expressly forbidden by the Constitution. Given that the Founders prohibited the President and Congress from acting together to impose such bills on those they disfavored, they certainly did not anticipate or empower a retributive executive to do so on his own.

As former public officials who have worked on security measures at the most senior levels of the United States government, Amici understand the importance of the judiciary's deference to the executive with respect to national security and foreign affairs—indeed, such deference is vital to the proper functioning of our government. As explained in detail in Amici's brief, it is precisely because judicial deference is so critical that the Court should afford no such deference to this President's pretextual attempt to invoke national security to justify a facially retaliatory Order with no plausible connection to national security interests. Amici's brief will provide this Court with additional context regarding the powers of the president—and the unprecedented manner in which this Order exceeds those powers—to aid in the Court's adjudication of this critically important case.

## **CONCLUSION**

Amici respectfully request that the Court grant leave to file their Motion in support of Plaintiff's Motion for Summary Judgment and for Declaratory and Permanent Injunctive Relief.

Dated: April 8, 2025                                   Respectfully Submitted,

|  |  |
|---:|:---|
|  | */s/ Justin A. Nelson* |
| Harold Hongju Koh | SUSMAN GODFREY L.L.P. |
| Peter Gruber Rule of Law Clinic | Justin A. Nelson (D.C. Bar # 490347) |
| Yale Law School | Richard W. Hess (Bar ID # TX0070) |
| 127 Wall Street, P.O. Box 208215 | Neal Manne* |
| New Haven, CT 06520-8215 | Vineet Bhatia* |
| 203-432-4932 | Robert Rivera, Jr.* |
| harold.koh@ylsclinics.org | 1000 Louisiana Street, Suite 5100 |
|  | Houston, Texas 77002 |
|  |  |
|  | Stephen Shackelford (Bar ID # NY0443) |
|  | Jacob W. Buchdahl* |
|  | Mark Hatch-Miller* |
|  | Beatrice Franklin* |
|  | Jillian Hewitt* |
|  | One Manhattan West, 50th Floor |
|  | New York, New York 10001 |
|  |  |
|  | Kalpana Srinivasan* |
|  | Davida Brook* |
|  | 1900 Avenue of the Stars, Suite 1400 |
|  | Los Angeles, California 90067 |
|  |  |
|  | Steve Seigel (Bar ID #D00473) |
|  | Katherine Peaslee* |
|  | 401 Union Street, Suite 3000 |
|  | Seattle, Washington 98101 |
|  |  |
|  | **pro hac vice* forthcoming |
|  |  |
|  | *Counsel for* Amici Curiae |

7

## CERTIFICATE OF SERVICE

I certify that on April 8, 2025 a true and correct copy of Unopposed Motion for Leave to File Brief of Former Senior Government Officials as *Amici Curiae* in Support of Plaintiff's Motion for Summary Judgment was properly served on counsel of record via electronic filing in accordance with the USDC, District of Columbia Procedures for Electronic Filing.

                                                  */s/ Justin A. Nelson*
                                                  Justin A. Nelson