UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| PERKINS COIE LLP,<br><br>                    Plaintiff,<br><br>        v.<br><br>U.S. DEPARTMENT OF JUSTICE, *et al.*,<br><br>                    Defendants. | NO. 1:25-cv-00716-BAH |

**UNOPPOSED MOTION FOR LEAVE TO FILE BRIEF OF
*AMICI CURIAE* 334 SOLO AND SMALL FIRM LAWYERS IN SUPPORT OF
PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND FOR
DECLARATORY AND PREMANENT INJUNCTIVE RELIEF**

*Amici Curiae*—334 solo and small firm lawyers from across the United States—respectfully move for leave to file the attached *amicus curiae*, pursuant to Local Civ. Rule 7(o). On March 6, 2025, President Donald J. Trump signed Executive Order 14230 into law which targeted Plaintiff Perkins Coie LLP ("Plaintiff") – a large law firm comprised of over two thousand employees – due to its representation of politically unfavored clients. The sweeping order seeks to eliminate Plaintiff's access to federal courthouses, government agencies, security clearances, and critical information by and through the authority vested in the Defendants.[1] Plaintiff sued Defendants and moved for Summary Judgement and Permanent Injunctive Relief.

---

[1] Defendants U.S. Department of Justice, Federal Communications Commission, Office of Management and Budget, Equal Employment Opportunity Commission, Office of Personnel Management, General Services Administration, Office of the Director of National Intelligence, The United States Of America, and in their official capacities, Pamela J. Bondi, Brendan Carr, Russell T. Vought, Andrea R. Lucas, Charles Ezell, Stephen Ehekian, And Tulsi Gabbard

This executive overreach threatens the rule of law and the entirety of the legal practice through the United States of America. *Amici* seek leave to file the attached *amici* brief in support of Plaintiff's Motion for Summary Judgment and Permanent Injunctive Relief. A copy of the *amicus* brief is attached. Counsel for Plaintiff and the Government were informed last week that *amici* intended to submit a brief on April 9, 2025 and they have consented to the filing of *amici*'s brief.

## LEGAL STANDARD

When deciding whether to grant a third party leave to file an *amicus curiae* brief, this Court has broad discretion and has allowed *amicus* participation by *amici* with "relevant expertise and a stated concern for the issues at stake" where the Court found that "it may benefit from their input" in deciding the case. *District of Columbia v. Potomac Elec. Power Co.*, 826 F. Supp. 2d 227, 237 (D.D.C. 2011); *see also, Nat'l Ass'n of Home Builders*, 519 F. Supp. 2d at 93 (granting leave to file because "the court may benefit from [*amicus*] input"). *Amicus* participation "should be permitted if it will assist the judge 'by presenting ideas, arguments, theories, insights, facts or data that are not to be found in the parties' briefs.'" *Mashpee Wampanoag Tribe,* 2020 WL 2615523 at *1 (D.D.C. May 22, 2020) (quoting *Voices for Choices v. Ill. Bell Tel. Co.*, 339 F.3d 542, 545 (7th Cir. 2003)); *see also* In re *Search of Info.*, 13 F. Supp.3d at 167 (D.D.C. 2014) (same).

Local Civ. Rule 7(o)(2) requires potential *amici* to set forth the reasons why an *amicus* brief "is desirable, why the movant's position is not adequately represented by a party, and why the matters asserted are relevant to the disposition of the case." D.D.C. LR 7(o)(2). It directs that motions for leave to file must be filed "in a timely manner such that it does not unduly delay the Court's ability to rule on any pending matter." D.D.C. LR 7(o)(2). The proposed *amicus* brief satisfies these standards and the requirements.

**INTEREST OF AMICI**

*Amici* are solo practitioners and small firm attorneys who serve as the primary point of access to justice for millions of Americans—individuals, small businesses, nonprofit organizations, and marginalized communities. Together, these lawyers make up approximately 75% of law firms nationwide and are responsible for the vast majority of federal criminal defense, immigration, disability benefits, and other civil litigation work for clients who lack institutional power or influence.

*Amici* write not only in solidarity with Plaintiff but to also underscore the unprecedented danger posed by Executive Order 14230 to the independence of the legal profession and the ethical obligation of attorneys to advocate without fear of government reprisal. Unlike large firms, solo and small firm lawyers do not have the institutional resources to shield themselves from executive overreach, making the Executive Order's chilling effect particularly acute.

**GROUNDS FOR LEAVE**

**I.      *Amici*'s Brief is Relevant to the Disposition of this Case.**

*Amici*'s brief highlights how Executive Order 14230, if allowed to stand, would empower the executive branch to retaliate against any attorney who represents politically disfavored clients. The brief explains how this dynamic threatens the First and Sixth Amendment rights not only of attorneys, but of clients—especially those in rural or underserved communities—who depend on solo and small firm lawyers to assert their legal rights.

**II.     *Amici*'s Brief Offers a Unique and Practical Perspective.**

While Plaintiff's motion appropriately focuses on constitutional theory and institutional harm, *amici* offer the perspective of the "foot soldiers of the legal profession"—attorneys who are far more vulnerable to the Order's access restrictions, loss of security clearances, and potential

blacklisting from agency practice. The brief articulates how the Executive Order would force these lawyers to choose between ethical representation and economic survival, particularly in areas like immigration, bankruptcy, veterans' benefits, and civil rights.

*Amici* also detail how the Order creates a toxic environment of fear and retaliation corroding the professional norms that sustain collegiality and ethical practice.

### III.     *Amici*'s Brief is Timely.

This brief is submitted one week after Plaintiff's motion for summary judgment and will not delay the Court's ruling or prejudice any party. Counsel for all parties have consented.

### CONCLUSION

For the foregoing reasons, *Amici* respectfully request that this Court grant leave to file the proposed amicus curiae brief in support of Plaintiff's Motion for Summary Judgment and Permanent Injunctive Relief.

Dated: April 9, 2025

Respectfully submitted,

/s/ Carolyn Elefant
Carolyn Elefant (D.C. Bar No. 425433)
LAW OFFICES OF CAROLYN ELEFANT
7315 Wisconsin Avenue
Bethesda, MD 20814
(202) 297-6100
carolyn@carolynelefant.com

*Counsel for Amici Curiae 334 Solo and Small Firm Lawyers*

5

**CERTIFICATE OF SERVICE**

I hereby certify that on April 9, 2025, I electronically filed the original of this Motion, its accompanying appendix, and its attached proposed brief with the Clerk of the Court using the CM/ECF system. Notice of this filing will be sent to all attorneys of record by operation of the Court's electronic filing system.

DATED this 9th day of April 2025.

/s/ Carolyn Elefant_____
Carolyn Elefant