# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| PERKINS COIE LLP,<br><br>Plaintiff,<br><br>v.<br><br>U.S. DEPARTMENT OF JUSTICE,<br>FEDERAL COMMUNICATIONS<br>COMMISSION, OFFICE OF<br>MANAGEMENT AND BUDGET,<br>EQUAL EMPLOYMENT<br>OPPORTUNITY COMMISSION, OFFICE<br>OF PERSONNEL MANAGEMENT,<br>GENERAL SERVICES<br>ADMINISTRATION, OFFICE OF THE<br>DIRECTOR OF NATIONAL<br>INTELLIGENCE, THE UNITED STATES<br>OF AMERICA, and, in their official<br>capacities, PAMELA J. BONDI,<br>BRENDAN CARR, RUSSELL T.<br>VOUGHT, ANDREA R. LUCAS,<br>CHARLES EZELL, STEPHEN<br>EHEKIAN, and TULSI GABBARD,<br><br>Defendants. | Civil Action No. 25-716 |

## DEFENDANTS' OPPOSITION TO PLAINTIFF'S
## MOTION FOR LEAVE TO AMEND

In response to Plaintiff's April 23, 2025, oral motion to amend its complaint pursuant to Federal Rule of Civil Procedure 15(a), the Defendants U.S. Department of Justice, Federal Communications Commission, Office of Management and Budget, Equal Employment Opportunity Commission, Office of Personnel Management, General Services Administration, Office of the Director of National Intelligence, the United States of America, Pamela J. Bondi, Brendan Carr, Russell T. Vought, Andrea R. Lucas, Charles Ezell, Stephen Ehekian, and Tulsi Gabbard (collectively, "Defendants") respectfully submit that, for the reasons set forth herein, the Court should deny Plaintiff's motion.

As noted in Defendants' motion for reconsideration (ECF 44 "Motion to Reconsider") and referenced during oral argument on April 23, 2025, Plaintiff has sought to bind non-defendant executive agencies to the current temporary restraining and proposed permanent injunction.  In response to the Motion to Reconsider, Plaintiff orally moved to amend the complaint to add as defendants the executive branch entities listed in its attachment to its proposed permanent injunction.

The Defendants respectfully submit that, while the list establishes the exact entities that Plaintiffs seek to enjoin, this only solves half of the problem.  Plaintiff still must establish Article III standing as to its proposed additional defendants.  "No principle is more fundamental to the judiciary's proper role in our system of government than the constitutional limitation of federal-court jurisdiction to actual cases or controversies."  *Raines v. Byrd*, 521 U.S. 811, 818 (1997). That limitation finds expression in the doctrine of standing, which requires that a plaintiff invoking federal jurisdiction "must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision."  *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016).

Pertinent to the issue before the Court is the principle that standing "is not dispensed in gross," and "a plaintiff must demonstrate standing for each claim he seeks to press against *each* defendant." *Garcia v. Stewart*, 531 F. Supp. 3d 194, 205 (D.D.C. 2021) (emphasis added). Accordingly, it is not sufficient to simply name the pertinent agencies. Plaintiff must also allege how the challenged conduct is traceable to each proposed new defendant. Defendants' respectfully submit that the current Complaint does allege this traceable nexus between injuries it has suffered and the proposed additional defendants. Accordingly, this Court should deny Plaintiff's motion to amend with additional defendants.

Dated: April 24, 2025
      Washington, DC

Respectfully submitted,

CHAD MIZELLE
Acting Associate Attorney General

/s/ *Richard Lawson*
RICHARD LAWSON
Deputy Associate Attorney General
950 Pennsylvania Avenue, NW
Washington, DC 20530
Telephone: (202) 445-8042

*Counsel for Defendants*