UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| PERKINS COIE LLP,<br><br>               Plaintiff,<br><br>      v.<br><br>U.S. DEPARTMENT OF JUSTICE, *et al.*,<br><br>               Defendants. | Civil Action No. 25-716 (BAH)<br><br>Judge Beryl A. Howell |

### MEMORANDUM AND ORDER

Plaintiff Perkins Coie LLP, a prominent law firm with about 2,500 employees, including over 1,200 lawyers, in offices throughout the United States, Europe, and Asia, filed the instant lawsuit on March 11, 2025, five days after President Trump issued Executive Order 14230 ("EO 14230"), 90 Fed. Reg. 11781 (Mar. 6, 2025), entitled "Addressing Risks from Perkins Coie LLP." Compl. ¶¶ 1, 3, 14, ECF No. 1. This Executive Order has six sections setting out findings and a series of instructions directing variously described Executive branch officials, including "[t]he heads of all agencies," EO 14230 §§ 2(b), 3(b), 5(a), 90 Fed. Reg. at 11871-72; all "Government contracting agencies," *id.* § 3(a), 90 Fed. Reg. at 11781; and "[a]gency officials," *id.* § 5(b), 90 Fed. Reg. at 11782, to take specific actions against the law firm. Four motions are currently pending in this expedited litigation, which names as defendants seven Executive branch departments and the heads of those agencies, in their official capacities, as well as "the United States of America" (collectively, "the government"). Compl. at 1 (caption and introductory paragraph).[1] The United States of America is further defined in the Complaint, for purposes of

---

[1] The named defendants are: the United States Department of Justice ("DOJ"), Federal Communications Commission ("FCC"), Office of Management and Budget ("OMB"), Equal Employment Opportunity Commission ("EEOC"), Office of Personnel Management ("OPM"), General Services Administration ("GSA"), Office of the Director of National Intelligence ("ODNI"), the United States of America, and, in their official capacities, Pamela J.

1

the lawsuit, as constituting "all other agencies that are directed by the Order to take action respecting Perkins Coie." *Id*. ¶ 36. In two pending dispositive motions, the government seeks dismissal of the Complaint, *see* Gov't's Mot. to Dismiss & for Expedited J. ("Gov't's MTD"), ECF No. 43-1, which asserts claims that EO 14230 is unconstitutional on multiple grounds, *see generally* Compl., while plaintiff seeks summary judgment in its favor, with concomitant declaratory and permanent injunctive relief, *see* Pl.'s Mot. for Summ. J. & Declaratory & Permanent Injunctive Relief ("Pl.'s MSJ"), ECF No. 39.

Two additional non-dispositive motions are also pending. Specifically, the government requests reconsideration of the scope of the temporary injunctive relief granted to plaintiff, on March 12, 2025, as to three sections of EO 14230, *see* Gov't's Mot. for Reconsideration ("Gov't's Mot. Recons."), ECF No. 44; and plaintiff has moved to amend the Complaint to add as named defendants all Executive branch departments, agencies and entities "involved in earlier efforts to implement" EO 14230, which agencies were identified by plaintiff "in consultation with the government's counsel," Pl.'s Notice of Filing of Pl.'s Am. Proposed Order ("Pl.'s Notice"); *id.*, Ex. A, Proposed Order, Appx. A, List of Agencies and Agency Officials ("Appendix A"), ECF No. 167-1. *See* Pl.'s Oral Mot. to Amend Compl. ("Pl.'s Mot. Am."), Min. Entry (Apr. 23, 2025).

The parties agree that if the Complaint named as defendants all the Executive branch departments, agencies, entities, and officials identified in Appendix A as subject to and responsible for implementing EO 14230, then the issues raised in the government's motion for reconsideration about the scope of the temporary injunctive relief would be obviated and rendered moot. Tr. of Apr. 23, 2025, Hr'g ("Mots. Hr'g Tr.") at 81:4-15, ECF No. 169 (government's counsel agreeing

---

Bondi, the United States Attorney General; Brendan Carr, the Chairman of the FCC; Russell T. Vought, OMB Director; Andrea R. Lucas, EEOC's Acting Chair; Charles Ezell, OPM's Acting Director; Stephen Ehikian, GSA's Acting Administrator; and Tulsi Gabbard, Director of National Intelligence.

2

this would moot the motion for reconsideration); *id.* at 84:12-85:4 (plaintiff's counsel making an oral motion to amend to "solv[e] that problem"). In particular, the government's motion for reconsideration raised the concern that in the event permanent injunctive relief were granted to plaintiff, only the seven federal agencies named as defendants would be subject to enforcement of the injunction order, while any agency not named as a defendant and still subject to EO 14230 could ignore the injunction order, even with notice of any permanent injunction order issued in this litigation, since the permanent injunction order could not be enforced against an agency not named as a defendant in this lawsuit. *Id.* at 78:4-8 (government's counsel stating that "[t]he fundamental issue is: A nonnamed agency, if they don't honor – if they go ahead and implement the executive order despite the [temporary restraining order], the issue then becomes: Has your order been violated? They have not been brought before the Court, they are not a defendant"). In other words, in the event plaintiff is granted any injunctive relief, the government has already raised the specter that the current configuration of named defendants, with only seven named Executive departments plus the United States, may lead to future litigation over enforcement of such an injunction order, and those agencies not named as defendants may claim to be free to ignore it, thereby undercutting the effectiveness of any permanent injunction order and this litigation generally. This scenario—where executive departments, agencies, or entities not named as defendants proceed with implementation of any portion of EO 14230, notwithstanding any declaratory and permanent injunctive relief issued by this Court—would open the door to a game of judicial whack-a-mole, requiring either contested contempt proceedings against non-compliant agencies or for plaintiff to bring a separate lawsuit to enforce any permanent injunction order, with associated expenditure of valuable party and judicial resources in the process.

This is not the first instance in this case that has raised the potential specter of noncompliance, which has only crystallized the seriousness of the issues raised, *see infra* Part I (discussion of the government's status reports on compliance with the temporary restraining order ("TRO") issued in this case), particularly given the expedited nature of this case, from the motion for a TRO filed on the same day this case was filed to the prompt completion of briefing on the dispositive motions currently pending before the Court. Luckily, forewarned is forearmed, and plaintiff's motion to amend the Complaint would ameliorate the situation, as both parties acknowledge.

For the reasons stated below, plaintiff's motion to amend the Complaint by adding as named defendants the Executive branch departments, agencies, and entities, as well as the identified government officials, in their official capacities, identified by the parties as subject to and responsible for implementing EO 14230, is granted, and the government's motion for reconsideration is therefore denied as moot.

## I. BACKGROUND

Summarized below is only the factual background and procedural history relevant to resolve the two non-dispositive motions pending before the Court.

EO 14230, consisting of six sections, was issued by President Trump on March 6, 2025. Section 1 sets out factual findings about plaintiff, EO 14230 § 1, 90 Fed. Reg. at 11781, which inform specific actions described in the next four sections that federal agencies are directed to take against plaintiff, its employees, and other companies having a relationship with plaintiff, *id.* §§ 2-5, 90 Fed. Reg at 11781-82. Section 6 requires, *inter alia*, that the Order be "implemented consistent with applicable law." *Id.* § 6(b), 90 Fed. Reg. at 11782.

4

Plaintiff filed the instant lawsuit less than a week after President Trump issued EO 14230, *see* Compl., and, on the same day, moved for a TRO to enjoin implementation and enforcement of Sections 1, 3, and 5 of the Order, Pl.'s Mot. for Temporary Restraining Order ("TRO Mot."), ECF No. 2.  This motion was granted, for the reasons stated orally at the TRO hearing, the next day, on March 12, 2025. *See* Min. Entry (Mar. 12, 2025); Tr. of Mar. 12, 2025, Hr'g ("TRO Hr'g Tr."), ECF No. 22.  Shortly after the hearing concluded, a written order granting the requested TRO as to EO 14230's Sections 1, 3 and 5 and explaining the injunction's exact parameters was publicly posted.  Order ("TRO Order"), ECF No. 21.

On March 14, 2025, in accordance with the TRO Order, the government submitted a status report describing initial steps taken to comply with the TRO.  Gov't's Status Report, ECF No. 27. A second status report outlining additional steps taken by the government was filed on March 18, 2025.  Gov't's Status Report ("March 18 Status Report"), ECF No. 29.  Provided as attachments to the March 18 Status Report were a memorandum, dated the same day, sent by Attorney General Pamela Bondi and OMB Director Russell Vought to "ALL AGENCIES SUBJECT TO EXECUTIVE ORDER 14230," March 18 Status Report, Attach. 1, ECF No. 29-1 (capitalization in original), and an additional memorandum, dated the same day, issued by Director Vought to "THE HEADS OF EXECUTIVE DEPARTMENTS AND AGENCIES," March 18 Status Report, Attach. 2, ECF No. 29-2 (capitalization in original).[2]

---

[2] The March 18 Memorandum from Attorney General Bondi and OMB Director Vought stated in full: "On March 12, 2025, a district judge in the District of Columbia entered an order in the case of *Perkins Coie v. U.S. Department of Justice, et al.*, No. 25cv0716 (D.D.C.), ECF No. 21. The case involves a challenge to Executive Order 14230 of March 6, 2025, 90 Fed. Reg. 11781 (Mar. 11, 2025), entitled, "Addressing Risks from Perkins Coie LLP." Pursuant to this order, all agencies subject to Executive Order 14230 must suspend and rescind any implementation or enforcement of Sections 1, 3, and 5 of Executive Order 14230, including any reliance on the statements in Section 1 of the Executive Order."

The additional March 18 memorandum from OMB Director Vought stated: "On behalf of Director Vought, and in accordance with instructions provided by the Department of Justice regarding a recent court order, OMB Memorandum M-25-17 is rescinded."

5

The March 18 Status Report indicated that, while guidance was issued to all federal agencies directing them to "suspend and rescind any implementation or enforcement of Sections 1, 3, and 5 of Executive Order 14230, including any reliance on the statements in Section 1 of the Executive Order," *id.* ¶ 2, these agencies had not been directed to take the additional required step of immediately communicating "to every recipient of a request for disclosure of any relationship with Perkins Coie LLP or any person associated with the firm, made pursuant to Section 3(a) of Executive Order 14230, that such request is rescinded until further order of the Court," TRO Order at 2. *See also* March 18 Status Report. As a result, requests to government contractors for disclosure of information, as required by EO 14230, made by any federal agency other than the seven named government agencies in this lawsuit, remained in place notwithstanding the Court's explicit TRO direction to all defendants—which included the United States, as defined in the Complaint—about the broader scope of this requirement beyond merely the seven specifically named Executive branch agencies.

Given the government's position that it would "not issue such an instruction to the other agencies subject to Executive Order 14230 absent a further order of the Court," Pl.'s Mot. to Clarify Temporary Restraining Order ¶ 8, ECF No. 30, plaintiff moved to clarify the TRO Order, alerting the Court to the government's more limited view of which federal agencies had to be alerted to rescind requests made to government contractors for disclosure of any business dealings with Perkins Coie, *see generally id.* This motion was granted the following day, and the government was directed to provide an additional status report certifying compliance with the TRO, as clarified. Min. Order (Mar. 19, 2025). Pursuant to that order, the government timely submitted two additional status reports, on March 20, 2025, advising of its compliance with the

6

Court's injunction order.  Gov't's Status Report, ECF No. 31; Gov't's Suppl. Status Report, ECF No. 32.

The government's second March 20 status report again provided as an attachment the full text of a memorandum sent by Attorney General Bondi and OMB Director Vought.  This memorandum included similar text to the earlier March 18 Memorandum sent by the same officials but then added an extra two-sentence paragraph stating that:

> The Executive Branch's position is that Executive Order 14230 is permissible, and that the Court's order was erroneous. The government reserves the right to take all necessary and legal actions in response to the "dishonest and dangerous" conduct of Perkins Coie LLP, as set forth in Executive Order 14230.

Gov't's Suppl. Status Report, Attach. 1 ("March 20 Guidance Mem."), ECF No. 32-1.  The second sentence of the added paragraph repeats, in the quoted language, a statement from the findings in Section 1 of EO 14230, 90 Fed. Reg. at 11781, the implementation and use of which had specifically been enjoined by the TRO, TRO Order at 1 (enjoining the government "from implementing or enforcing Sections 1, 3, and 5 of Executive Order 14230" and specifically enjoining the government "from using the statements laid out in Section 1 of Executive Order 14230 in any interactions with plaintiff or plaintiff's clients, or employees of plaintiff or plaintiff's clients").[3]  This intentional additional promulgation of derogatory statements about plaintiff across

---

[3] The full text of the March 20 memorandum from AG Bondi and OMB Director Vought reads:

On March 19, 2025, a district judge in the District of Columbia entered an order in the case of *Perkins Coie v. U.S. Department of Justice, et al.*, No. 25cv0716 (D.D.C.). The case involves a challenge to Executive Order 14230 of March 6, 2025, 90 Fed. Reg. 11781 (Mar. 11, 2025), entitled, "Addressing Risks from Perkins Coie LLP." Pursuant to this March 19, 2025 order, all agencies subject to Executive Order 14230 must (a) communicate to every recipient of a request for disclosure of any relationship with Perkins Coie LLP or any person associated with the firm, made pursuant to Section 3(a) of Executive Order 14230, that such request is rescinded until further order of the Court; and (b) cease making such requests for disclosure, pursuant to Section 3(a) of Executive Order 14230, until further order of the Court.

The Executive Branch's position is that Executive Order 14230 is permissible, and that the Court's order was erroneous. The government reserves the right to take all necessary and legal actions in

all the Executive branch agencies hardly appeared to comply with the TRO Order and raised some concern about the general presumption by courts "that executive officials will act in good faith." *Armstrong v. Exec. Off. of the President*, 1 F.3d 1274, 1292-93 (D.C. Cir. 1993). As government's counsel reluctantly conceded at the motions hearing held on April 23, 2025, the extra paragraph added in the March 20 Guidance Memorandum went "beyond the minimum required" for compliance with the Court's order clarifying the scope of the TRO. Mots. Hr'g Tr. at 20:24-25.

As is relevant here, on April 2, 2024, the government filed a motion for reconsideration of the scope of the TRO, as clarified, Gov't's Mot. Recons., the operation of which TRO had been extended through the entry of final judgment in this case, Order, ECF No. 26, with the consent of the parties, Joint Status Report ¶ 5, ECF No. 25 (reporting the parties' agreement "to extend the Temporary Restraining Order issued . . . on March 12, 2025, . . . until final judgment"). Even though plaintiff named as a defendant the "United States of America," which was defined for purposes of its lawsuit as constituting "all other agencies that are directed by the Order to take action respecting Perkins Coie," Compl. ¶ 36, the government sought to limit the TRO Order to "only seven specific agencies and seven specific agency officials" named as defendants, objecting that plaintiff "sought and received from the Court an injunction against *all* agencies . . . in the Federal Government from implementing the EO," Gov't's Mot. Recons. at 2 (emphasis in original). The government thus sought a modified temporary restraining order that applied only to the named defendants. *See id.* at 10. Plaintiff, in turn, requested a list from the government identifying each Executive branch "department, agency, or entity . . . title of its head official . . . and general counsels" subject to EO 14230, so that these Executive branch components could be added to the proposed order to plaintiff's motion for summary judgment. Pl.'s Reply Mem. in

---

response to the "dishonest and dangerous" conduct of Perkins Coie LLP, as set forth in Executive Order 14230.

8

Supp. of Pl.'s Mot. for Summ. J. & for Declaratory & Permanent Injunctive Relief ("Pl.'s Reply"), Ex. 1, Reply Decl. of Christopher N. Manning, Partner at Williams & Connolly, Supporting Pl.'s Reply Mem. in Supp. of its Mot. for Summ. J. ("Manning Decl.") ¶¶ 4-8, ECF No. 148-1.  As described in the Manning Declaration, the government provided "several iterations" of a list, which plaintiff believed to be both "incomplete" and "overinclusive." *Id.* ¶¶ 5-6.  After further conferral, *see id.* ¶ 7, on April 23, 2025, plaintiff filed a notice of an amended proposed order with the list of the departments, agencies, entities, titles of its head officials, and general counsels attached as Appendix A, *see generally* Appendix A.

The Court held a hearing on the pending dispositive motions on April 23, 2025, *see* Min. Entry (Apr. 23, 2025); Mots. Hr'g Tr.  At the hearing, plaintiff made an oral motion under Federal Rule of Civil Procedure 15(a) to amend the Complaint to add all the Executive branch entities and people, in their official capacities, listed in Appendix A, as named defendants in the suit.  Mots. Hr'g Tr. at 83:18-20, 84:21-85:4, 106:14-16.  The government was provided with an opportunity to respond to the oral motion by 12:00 PM on April 24, 2025, *id.* 106:19-20, and without requesting additional time even when offered, *id.* 106:22, timely filed its opposition, *see* Gov't's Opp'n to Pl.'s Mot. for Leave to Amend ("Gov't's Opp'n"), ECF No. 171.

## II.     DISCUSSION

Guiding analysis of plaintiff's motion to amend the Complaint is application of the rule for amending pleadings—Federal Rule of Civil Procedure 15—under which plaintiff moved.  Federal Rule of Civil Procedure 15(a)(2) provides, when unable to do so as of right under Rule 15(a)(1), that "a party may amend its pleading only with the opposing party's written consent or the court's leave.  The court should freely give leave when justice so requires."  FED. R. CIV. P. 15(a)(2).  This rule permits "a party . . . to add, substitute, or drop parties to the action."  6 CHARLES A. WRIGHT

& ARTHUR R. MILLER, FEDERAL PRACTICE & PROCEDURE § 1474 (3d ed. 2016). The standard is "liberal," *Firestone v. Firestone*, 76 F.3d 1205, 1208 (D.C. Cir. 1996), and denial of leave to amend is "an abuse of discretion . . . without providing a reasoned justification for the denial," *Williams v. Lew*, 819 F.3d 466, 471 (D.C. Cir. 2016). Reasons for denying leave may include "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." *Foman v. Davis*, 371 U.S. 178, 182 (1962); *see also Mowrer v. U.S. Dep't of Transp.*, 14 F.4th 723, 732 (D.C. Cir. 2021) ("[T]he decision whether to permit amendment is 'vested in the sound discretion of the trial court,' which can deny leave to amend based on either 'undue delay' by the moving party or 'undue prejudice' to the other side." (internal citation omitted) (first quoting *Doe v. McMillan*, 566 F.2d 713, 720 (D.C. Cir. 1977); and then quoting *Foman*, 371 U.S. at 182).

In response to plaintiff's oral motion, the government's short two-page opposition acknowledges that this proposed amended complaint would address the government's critique that "Plaintiff has sought to bind non-defendant executive agencies to the current temporary restraining and proposed permanent injunction." Gov't's Opp'n at 2. Nonetheless, the government contends that "while the list establishes the exact entities that Plaintiffs [*sic*] seek to enjoin, this only solves half of the problem. Plaintiff still must establish Article III standing as to its proposed additional defendants." *Id.* Notably, the government nowhere argues that plaintiff's motion to amend the Complaint by adding Executive branch agencies, departments and entities subject to EO 14230 has been filed too late or in bad faith, or is intended to delay resolution of this case, which plaintiff has pursued vigorously on an expedited basis. *See generally id.*; Mots. Hr'g Tr. Nor does the government present in opposition any argument that the proposed amendment would result in any

10

prejudice to the government, let alone prejudice that is "undue." *See generally* Gov't's Opp'n; Mots. Hr'g Tr.; *see also id.* at 85:3-4 (plaintiff's counsel arguing "there is absolutely zero prejudice" from the proposed motion). Instead, while never expressly arguing that the proposed amendment would be futile, *see generally* Gov't's Opp'n; Mots. Hr'g Tr., the government mentions only the requirement that plaintiff establish standing "as to its proposed additional defendants," Gov't's Opp'n at 2.

The government's opposition fails to persuade that plaintiff's motion should be denied for reasons of standing. While the government is correct that plaintiff must establish Article III standing as to each claim as to each defendant, *id.* at 2-3, every Executive branch department, agency and entity subject to EO 14230 shares responsibility for implementing this presidential directive. Thus, to the extent that plaintiff is able to show "an injury in fact" that is "fairly traceable" to EO 14230 and is "likely to be redressed by a favorable judicial decision" on the law firm's constitutional challenges to this Order, *see Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016), plaintiff's standing will be established as to all Executive branch agencies charged with implementing it.

This conclusion is supported by at least three additional considerations. First, it is black letter law in this Circuit that those agency officials empowered to enforce executive orders are proper defendants in actions challenging the orders' implementation: "We think it is now well established that 'review of the legality of Presidential action can ordinarily be obtained in a suit seeking to enjoin the officers who attempt to enforce the President's directive.'" *Chamber of Commerce v. Reich*, 74 F.3d 1322, 1328 (D.C. Cir. 1996) (alteration accepted) (quoting *Franklin v. Massachusetts*, 505 U.S. 788, 815 (1992) (Scalia, J., concurring in part and concurring in the judgment)). Here, that includes *all agencies*, since EO 14230 specifically directs "[t]he Attorney

11

General, the Director of National Intelligence, and all other relevant heads of executive departments and agencies," 90 Fed. Reg. at 11781 (EO 14230 § 2(a)); "[t]he heads of all agencies," *id.* at 11781-72 (EO 14230 §§ 2(b), 3(b), 5(a)); "Government contracting agencies," *id.* at 11781 (EO 14230 § 3(a)); "all agencies," *id.* at 11782 (EO 14230 § 3(b)(ii)); and "agency officials," *id.* (EO 14230 § 5(b)), to carry out this Executive Order's directives.  Moreover, the list of agencies and agency officials plaintiff seeks to add as additional defendants was compiled in consultation with the government to identify the "agencies and officers responsible for compliance with plaintiff's requested permanent injunction."  Pl.'s Notice at 1-2; Manning Decl. ¶¶ 4-8.  The government has not offered any suggestion to the contrary, and in fact, the government's hypothetical contempt scenario, *see* Mots. Hr'g Tr. at 79:19-80:7, confirms this conclusion by acknowledging that the additional agencies identified by plaintiff are charged by EO 14230 with implementing at least some of its provisions.  Moreover, "[e]ven if the [executive officer] were acting at the behest of the President, this 'does not leave the courts without power to review the legality [of the action], for courts have power to compel subordinate executive officials to disobey illegal Presidential commands.'"  *Reich*, 74 F.3d at 1328 (third alteration in original) (quoting *Soucie v. David*, 448 F.2d 1067, 1072 n.12 (D.C. Cir. 1971)).

Second, while the government asserts standing as the sole reason to deny plaintiff's motion to amend the complaint, *see* Gov't's Opp'n, the government's pending motion to dismiss the Complaint does not raise standing challenges as to all nine claims asserted, but only as to some of claims against some sections of the Executive Order, *see* Gov't's Mem. in Supp. of MTD & for Expedited J. at 19-21, 24, 30, ECF No. 43.  Thus, even were these standing challenges successful, not all of plaintiff's claims against EO 14230 would fall on this ground against all named and proposed defendants.  Consequently, to the extent the government's opposition intended to

challenge plaintiff's motion to amend on futility grounds, this argument fails. The merits of the government's standing arguments, meanwhile, will be addressed in the forthcoming opinion on the parties' pending dispositive motions.

Third, EO 14230's Section 6(b) instructs that "[t]his order shall be implemented consistent with applicable law," EO 14230 § 6(b), 90 Fed. Reg. at 11782, which appears to bar implementation by a federal agency of any section of this Executive Order found to be unconstitutional and thereby inherently not consistent with "applicable law," regardless of whether an agency is subject to any permanent injunction that may be issued in this case. Here, however, the government has already reacted to the TRO Order by using its compliance to further promulgate derogatory information about what it believes to be "'dishonest and dangerous' conduct of Perkins Coie LLP, as set forth in Executive Order 14230," March 20 Guidance Mem., despite this finding from Section 1 being explicitly enjoined, TRO Order at 1. Given that the government has further raised the prospect of an agency not expressly named as a defendant in this lawsuit being under no legal obligation to comply with any permanent injunction order that may issue, Mots. Hr'g Tr. at 79:19-80:7, plaintiff's motion to amend will ensure clarity as to the Executive branch agencies expected to comply and mitigate the risk of further litigation over enforcement of this Court's final judgment in this case.

Accordingly, plaintiff's motion to amend its Complaint to add as named defendants the Executive Branch departments, agencies, and entities, as well as the identified officers acting in their official capacities, listed in Appendix A is proper under Federal Rule of Civil Procedure 15(a)(2), and plaintiff's motion is therefore granted.

## III. CONCLUSION AND ORDER

For the reasons stated above, plaintiff's oral motion to amend the Complaint is granted. Given the government's concession that granting plaintiff's motion moots its motion for reconsideration, Mots. Hr'g Tr. at 81:12-13, the government's motion for reconsideration is denied as moot.

Accordingly, it is hereby—

**ORDERED** that plaintiff's oral motion to amend the Complaint to name as defendants the Executive branch agencies, departments, and entities and individuals listed in Appendix A to its Notice of Amended Proposed Order, ECF No. 167-1, is **GRANTED**; it is further

**ORDERED** that, by April 28, 2025, plaintiff file an amended complaint with the additional defendants; it is further

**ORDERED** that, by April 29, 2025, plaintiff promptly issue summons to the newly added defendants; and it is further

**ORDERED** that the government's motion for reconsideration, ECF No. 44, is **DENIED** as **MOOT**.

**SO ORDERED.**

Date: April 25, 2025

_____
BERYL A. HOWELL
United States District Judge