IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

---

PERKINS COIE LLP,

      Plaintiff,

v.                                           Civil Action No. 1:25-cv-00716 (BAH)

U.S. DEPARTMENT OF JUSTICE, *et al.*,

      Defendants.

---

**DEFENDANTS' MOTION TO CLARIFY THE COURT'S ORDER**

Defendants move to clarify this Court's Order (ECF 184) addressing Plaintiff Perkins Coie LLP's Motion for Summary Judgment and Declaratory and Permanent Injunctive Relief (ECF 182) and Defendants' Renewed Motion to Dismiss and for Expedited Judgment (183). Specifically, Defendants request the Court clarify the scope of the Court's Order as applied to Section 4 of President Trump's March 6, 2025, Executive Order 14230, titled "Addressing Risks from Perkins Coie LLP," 90 Fed. Reg. 11781-82 (Mar. 6, 2025) ("Order" or "EO").

While Section A of the Court's Order broadly enjoins Defendants "from implementing or enforcing Executive Order 14230 in any way," Section H of the Order contains a more focused injunction addressing Plaintiff's as applied challenge to Section 4 of the EO. ECF 184, Section A, page 2; Section H, pages 3-4. Defendants submit that the broad injunctive language found in the Order[1] is broader than the relief sought by Plaintiff. The Court's Opinion, ECF 185, was

---

[1] Broad language that may impact Section 4 of the EO is also found at Sections C, D, and I of the Order.

1

similarly focused on Plaintiff's as applied challenge to Section 4. The Defendants' reading of the Order is that Section H is the sole provision affecting Section 4 of the EO, but in an abundance of caution the Defendants move this Court to clarify that the Order only runs to the benefit of the Plaintiff and does not impact any review of potential violations of Title VII within the legal profession.

Section 4 of the EO directs the Attorney General and Equal Opportunity Employment Commission ("EEOC") to review whether "large law firms" comply with federal civil rights and employment laws. *Id.* § 2. Section 4 of the EO states in pertinent part that the Chair of the EEOC "shall review the practices of representative large, influential, or industry leading law firms for consistency with Title VII of the Civil Rights Act of 1964," and that "[t]he Attorney General, in coordination with the Chair of the Equal Employment Opportunity Commission and in consultation with State Attorneys General as appropriate, shall investigate the practices of large law firms as described in subsection (a) of this section." EO 14230, § 4. Section H of the Order states in pertinent part that the Department of Justice and EEOC are to "cease any investigation of Perkins Coie LLP made pursuant to Section 4 of Executive Order 14230, and to withdraw any requests for information from Perkins Coie LLP or other investigative steps made pursuant to Sections 1 or 4 of Executive Order 14230." ECF 184 at 3-4.

Defendants respectfully request the Court clarify that only Section H's narrowed provision governs Section 4's directions regarding a general review of law firm practices.

Plaintiff's claims against Section 4 were centered on an as applied basis, not a facial challenge to the Section's review of the legal profession. *See, e.g.,* Complaint (ECF 1) at ¶151 ("Section 4(a) of the Order unconstitutionally retaliates **against Perkins Coie** for First Amendment protected speech supporting and promoting diversity, equity, and inclusion in the

2

legal profession and orders the Chair of the Equal Employment Opportunity Commission to investigate 'representative large, influential or industry leading law firms'—like Perkins Coie—to determine if discriminatory hiring and promotion practices exist.") (emphasis added); ¶148 ("The Order's threated investigation and enforcement action by the EEOC and the Department of Justice *against Perkins Coie* because it embraces programs and policies that espouse a belief in 'diversity, equity, and inclusion' makes it a violation of the firm's First Amendment right of free expression.") (emphasis added); ¶153 ("The threatened investigations *into Perkin Coie's* hiring, retention, promotion, and training practices constitute a 'retaliatory action.'") (emphasis added).

The Opinion accompanying the Court's Order reflects this focus on Section 4's application to Plaintiff, rather than the legal profession at large. *See, e.g.,* ECF 185 at 48 (the Court interpreted Section 4(a) as "targeting only one law firm plaintiff"). The Court ultimately found that Plaintiff had standing to "challenge . . . threats of investigation" on a theory of "unconstitutional retaliation and viewpoint discrimination." *Id.* Court ultimately found "this investigation *of plaintiff* to be a product of the retaliation ordered by EO 14230 rather than any legitimate investigative activity." *Id.* (emphasis added). The Court did not address whether Section 4 constituted unlawful viewpoint discrimination against other parties, nor did it address whether Plaintiff had or even could assert claims on behalf of other parties reviewed pursuant to Section 4. If the provisions of the Order affecting Section 4 are read in harmony Section H (the specific direction regarding EEOC review of Plaintiff), then the Order corresponds with both the Plaintiff's as applied concerns and the analysis of the Court in its Opinion.

Defendants respectfully submit that clarification of the Court's Order of May 2, 2025 (ECF No. 184) is needed to remove any ambiguity that the Order's injunctive relief as to Section 4 of Executive Order 14230 does not impact actions undertaken by the EEOC and Department of

3

Justice regarding entities other than the Plaintiff. Accordingly, for the avoidance of any doubt, the Defendants respectfully move this Court to clarify its Order as follows:

> The injunctive relief as to Section 4 of Executive Order 14230 in the Court's Order of May 2, 2025 (ECF No. 184) runs only in favor of the Plaintiff, Perkins Coie LLP (including its affiliates, predecessors, successors, assigns, directors, officers, partners, employees, and agents).[2]

Dated: May 20, 2025
       Washington, D.C.

Respectfully submitted,

CHAD MIZELLE
Acting Associate Attorney General


/s/ *Richard Lawson*
RICHARD LAWSON
Deputy Associate Attorney General
950 Pennsylvania Avenue, NW
Washington, DC 20530
Telephone: (202) 445-8042

*Counsel for Defendants*

---

[2] Rather than entry of an amended order, Defendants believe a minute order with this clarification would be sufficient.

4

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7(m)

Pursuant to D.D.C. Local Civil Rule 7(m), I hereby certify that I discussed the foregoing Motion with counsel for Plaintiff who takes no position on the relief sought.

/s/ *Richard Lawson*
RICHARD LAWSON
Deputy Associate Attorney General
950 Pennsylvania Avenue, NW
Washington, DC 20530
Telephone: (202) 445-8042

*Counsel for Defendants*